# 24-2370

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club,

      Plaintiffs-Appellants,

              v.

Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg,

      Defendants-Appellees.

On Appeal From The United States District Court For the Southern District of New York

## Appendix for the Plaintiffs-Appellants

Anthony N. Iannarelli Jr.
74 Lafayette Avenue
Suite 202 # 116
Suffern, New York
212-431-4031
anilaw2@gmail.com
Attorney for Plaintiffs-Appellants

1

## Plaintiffs-Appellants' Appendix pp. 2-3

Page(s)

Plaintiffs-Appellant's Notice of Appeal............................................. 4

Notice for Permission to file Interlocutory appeal ......................................... 5

District Order Adopting Report and Recommendation
 that Plaintiff-Appellant Appeals from..........................................................6-8

 Report and Recommendation of Magistrate Judge......................................9-37

District Court Docket Sheet ..................................................................38 -56

Plaintiff-Appellant's Initial Complaint .....................................................57 -75

Defendant-Respondent Eric M. Eisenberg's Motion ...............................76 -77
        to Dismiss Plaintiffs-Appellants' Complaint

Plaintiffs-Appellants' Response in Opposition to Defendant .........................78
        Eisenberg's Motion to Dismiss

Declaration  of Mohamed John Akhtar, 12-31-2023 ...................................79-85

Declaration of Sarah Hayes 12-31-2023 ....................................................86-91

Declaration of Anthony N. Iannarelli Jr., 12-27-23.................................... 92-104

Defendants-Appellees  Eric Adams, Mayor City of New York ............... 105-106
Rohit T. Aggarwala, New York City Department of Environmental Protections'
Motion to Dismiss

Plaintiff/Appellants' Response in Opposition to ....................................107-108
Defendants-Appellees  Eric Adams, Mayor City of New York, Rohit T.
Aggarwala, New York City Department of Environmental Protections' Motion
to Dismiss

Note: Page numbers are consecutively written on lower right hand corner of each page.
By clicking on the handwritten page number, the reader will be brought to the exact page.

Declaration of Anthony N. Iannarelli Jr, 4/18/2024 ......................109-116

Noise Complaint ................................................................................117

Declaration of Mohamed John Aktar, 4/16/2024..........................118-126

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mohamed John Akhar and LA Buca Restaurant, Inc. ,
d/b/a Swing 46 Supper Club,
    Plaintiffs,

               v.                        **Notice of Appeal**

Eric Adams, Mayor of the City of New York,        23-cv-06585
Rohit T. Aggarwala, New York City Department of
Environmental Protection, Eric I. Eisenberg, and John
and Jane Does One through Thirty.

      Plaintiffs in the above captioned case appeal to the United States Court of

Appeals for the Second Circuit from the Order (docket No. 85) by District Court

Judge Jessica G.L. Clarke, entered on 08/19/2024, adopting the Report and

Recommendation of Magistrate Judge Valerie Figueredo, granting the Motion filed

by defendants Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala,

New York City Department of Environmental Protection, dismissing Counts I and

IV of plaintiffs' complaint **with prejudice**;

      And granting the Motion filed by defendant Eric M. Eisenberg, dismissing

Counts II, III, and V, **without prejudice**.

                             Anthony N. Iannarelli Jr.
                             Attorney for Plaintiffs

United States District Court
Southern District of New York

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a              **Notice for Permission**
Swing 46 Jazz and Supper Club,             **to file Interlocutory Appeal**
     Plaintiffs,

          -against-

Eric Adams, Mayor of the City of New York,          23-cv-06585-JGLC-VF
Rohit T. Aggarwala, New York City
Department of Environmental Protection,
 Eric M. Eisenberg, and John and Jane
Does One through Thirty,
     Defendants.

     Notice is given that the following parties, plaintiffs Mohamed John Akhtar
and La Buca Restaurant, Inc. d/b/aSwing 46 Jazz and Supper Club, Plaintiffs,
in the above-named case seek leave to **Appeal** to the United States Court of Appeals
for the Second Circuit
     from the _ judgment **xx** Order, Docket #: 85, by District Court Judge
Jessie G.L. Clarke, entered on **08/19/2024**, (see page adopting Report and
Recommendation of Magistrate Judge Valerie Figueredo,

     granting the Motion filed by defendants Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New York City Department of Environmental
Protection, dismissing Counts I and IV of plaintiffs' complaint **with prejudice**;

     and granting Motion of defendant Eric M. Eisenberg, dismissing Counts II,
III, and V, **without prejudice**.

Dated: 09/03/2024

                                        ✓Anthony N. Iannarelli Jr.
                                         Attorney for Plaintiffs

Plaintiffs' attorney:
Iannarelli, Anthony N. (Jr.).      phone: 212-431-1031
74 Lafayette Avenue.               email: anilaw2@gmail.com
Suite 202 # 116
Suffern, NY 10901

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC.,

               Plaintiffs,

         -against-

ERIC ADAMS, Mayor of the City of New
York, ROHIT T. AGGARWALA, NEW
YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, ERIC I.
EISENBERG and JOHN AND JANE DOES
ONE THROUGH THIRTY,

               Defendants.

23-CV-6585 (JGLC) (VF)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

    This case is referred to Magistrate Judge Figueredo for general pretrial purposes and

dispositive motions requiring a report and recommendation. ECF No. 40. Defendants Eric

Adams, Rohit T. Aggarwala, and the New York City Department Of Environmental Protection

(collectively, the "City Defendants") and Defendant Eisenberg both filed motions to dismiss.

ECF Nos. 24 and 41. On June 5, 2024, Judge Figueredo recommended that both motions be

granted and that Plaintiffs be granted leave to amend Counts II, III, and V of the Complaint. ECF

No. 72 ("R&R") at 20. The Court hereby ADOPTS the R&R in its entirety.

    A district court reviewing a magistrate judge's report and recommendation may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). Within fourteen days after the magistrate judge has issued

their report and recommendation, "any party may serve and file written objections to such

proposed findings and recommendations." *Id*.; *see also* Fed. R. Civ. P. 72(b)(2). A district court

reviews *de novo* the portions of the report and recommendation to which objection is made. 28

6

U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). For portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020) (internal citation omitted). "To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the court will review the report and recommendation strictly for clear error." *Giallanzo v. City of New York*, 630 F. Supp. 3d 439, 450 (S.D.N.Y. 2022). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (cleaned up).

Plaintiffs' scant objection (ECF No. 76) to the R&R is conclusory and general, and both mischaracterizes and fails to substantively engage with the reasoning of the R&R. The Court is satisfied that R&R is well-reasoned and committed no clear error.

Defendant Eisenberg asks that the Complaint be dismissed with prejudice due to problematic behavior by Plaintiffs and their counsel. ECF Nos. 74 and 84. The Court has previously admonished Plaintiffs for violation of the Court's Individual Rules and deadlines. ECF No. 39. Plaintiffs are warned that further disregard for the Court's Individual Rules and deadlines may result in sanctions, including dismissal with prejudice. However, the R&R appropriately weighed the factors a court should consider when determining if Plaintiffs should be granted leave to replead at this juncture. Plaintiffs shall have **one opportunity** to amend with respect to Counts II, III, and V of the Complaint.

Thus, the R&R is ADOPTED in its entirety. Counts I and IV of the Complaint are DISMISSED with prejudice. Counts II, III, and V are DISMISSED without prejudice. The deadline for Plaintiffs to file a second amended complaint in compliance with this Order is **September 16, 2024**.

The Clerk of Court is directed to terminate ECF Nos. 24, 41 and 82.

Dated: August 19, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- - -X
MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                  Plaintiffs,                  23-CV-06585 (JGLC) (VF)

        -against-                      **REPORT AND
RECOMMENDATION**

ROHIT AGGARWALA et al.,

                  Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE JESSICA G. L. CLARKE, United States District Judge**

On July 28, 2023, Plaintiffs Mohamed John Akhtar and La Buca Restaurant, Inc., doing

business as Swing 46 Jazz and Supper Club ("Swing 46"), commenced this action against Eric

Adams, the Mayor of the City of New York, Rohit T. Aggarwala, the Commissioner of the New

York City Department of Environmental Protection ("DEP"), the DEP, Eric I. Eisenberg, and

John and Jane Does 1-30. See ECF No. 1. Pending before the Court are two motions to dismiss,

one filed by Eisenberg (see ECF No. 28 at 1), and one filed by Defendants Eric Adams, Rohit T.

Aggarwala, and DEP (collectively, the "City Defendants"). See ECF No. 42 at 1.[1] For the

reasons set forth below, I respectfully recommend that Eisenberg's motion be **GRANTED**. I also

recommend that the City Defendants' motion be **GRANTED**. I further recommend that

Plaintiffs be granted leave to amend Counts II, III, and V of the complaint.

---

[1] Eisenberg filed two Memorandums of Law in Support of his Motion to Dismiss. See
ECF Nos. 25, 28. The memorandums are identical. The memorandum of law cited herein is the
one filed at ECF No. 28.

## BACKGROUND

1. Factual Background

Plaintiff Mohamed John Akhtar owns Swing 46, a restaurant in Manhattan that also offers "live singing and music." ECF No. 1 at ¶¶ 2-3, 14. "Recently," Plaintiffs have received "at least a half dozen" summonses for alleged noise complaints including a complaint made by Eisenberg. Id. ¶¶ 15, 17. As a result of the summonses, Plaintiffs "face crippling fines," which are "ultimately converted to legal judgments." Id. ¶¶ 17-18. One of the summonses is in default. Id. ¶¶ 17, 24.

On May 12, 2023, Plaintiffs made a "formal demand" to DEP, seeking "any evidence that would support the charges" in the summonses. Id. ¶ 20. The City Defendants refused to disclose "what devises are used to measure sound" and what "training is provided" for use of those devices by the "civilian policing force" issuing the noise summonses. Id. ¶ 16. Plaintiffs have not indicated whether they appeared before the Environmental Control Board ("ECB") or completed any hearings before the New York City Office of Administrative Trials and Hearings to challenge the noise summonses they received. See id. ¶¶ 20-22. Plaintiffs allege that Aggarwala, in his capacity as the Commissioner of DEP, "made admissions that he is aware of the financial motivation to issue complaints by civilians for financial gain," but has not taken corrective action to stop the "fraud." Id. ¶ 23. Plaintiffs also allege that they have been damaged by Defendants' "scheme to fraudulently issue noise complaints risking the viability of the business." Id. ¶ 24. Akhtar claims that he suffered "severe distress, affecting his health and [wellbeing]" resulting from the fear of losing his business as a result of the summonses. Id. ¶ 26.

Plaintiffs assert five causes of action arising from the receipt of the summonses for noise complaints. Count 1 alleges a violation of 42 U.S.C. § 1983, based on Defendants "acting in a blatantly unconstitutional and unlawful effort to deprive plaintiff of his civil rights by not

providing one scintilla of evidence that will be used to prosecute their case against him." ECF No. 1 at ¶ 32. Count II asserts a claim for "Constitutional Violations," alleging that the City Defendants denied Plaintiffs their due process and equal protection rights. Id. ¶¶ 36, 37. Count III alleges that the City Defendants violated Plaintiffs' First Amendment rights. Id. ¶¶ 38-45. Count IV alleges that the City Defendants and Eisenberg have inflicted severe emotional distress upon Akhtar, either intentionally, recklessly, or negligently. Id. ¶ 47. Finally, Count V asserts a state-law claim for fraud against the City Defendants and Eisenberg. Id. ¶ 49.

 2.  Statutory Background

 The Citizen's Complaint Program, codified in New York City Administrative Code ("Administrative Code") § 24-261, provides a procedure by which members of the public ("Citizen Reporters") may report various violations of the New York City Noise Control Code, which is codified in Chapter 2 of Title 24 of the Administrative Code. See N.Y.C. Admin. Code § 24-201. Citizen Reporters may serve complaints to DEP for violations of the Noise Control Code and can provide DEP with evidence of such violations. N.Y.C. Admin. Code § 24-261(a). After 30 days, a Citizen Reporter may serve upon the alleged violator a notice of violation (a "summons") if the DEP failed to serve its own notice of violation and the DEP did not serve the Citizen Reporter with written notice that it had determined that the complaint was "frivolous or duplicitous." Id. § 24-261(b).

 The Noise Control Code prohibits a person from operating "any sound reproduction device, for commercial or business advertising purposes or for the purpose of attracting attention to any performance, show, sale or display of merchandise, in connection with any commercial or business enterprise."[2] N.Y.C. Admin. Code § 24-244(b). The code's penalty schedule, set forth

---

[2] Plaintiff has not identified a specific section of the Noise Control Code that was cited in the summonses Swing 46 received. It seems that the most applicable provision is § 24-2

in Chapter 47 of Title 15 of the Rules of the City of New York ("R.C.N.Y."), outlines the

penalties for violations of the Noise Control Code. The penalty schedule provides that the first

violation of Administrative Code § 24-244(b) is $440, then $880 for a second violation, and

$1,320 for a third violation. 15 R.C.N.Y. § 47-02. The Citizen's Complaint Program authorizes

an award to Citizen Reporters for a successful prosecution of a reported violation of the Noise

Control Code, and the award is a statutorily set share of any penalties collected from the violator

following the successful prosecution.[3] N.Y.C. Admin. Code § 24-261(d), (e).

Summonses issued for violations of the Noise Control Code are adjudicated by the

Environmental Control Board ("ECB"). See N.Y.C. Charter §§ 1049-a(c)(1)(d), 1049-a(d)(1)(a).

ECB is a subpart of the New York City Office of Administrative Trials and Hearings ("OATH"),

which is responsible for conducting administrative adjudicatory hearings. See id. §§ 1048(1),

1049-a.

Before a hearing with the ECB, a party is entitled to limited pre-hearing discovery and

may seek the names of witnesses and documents intended to be submitted as evidence via a

written request at least five business days prior to the scheduled hearing date. 48 R.C.N.Y. § 6-

07(a). All other applications or motions for discovery must be made to the Hearing Officer at the

commencement of the hearing and the Hearing Officer may order such further discovery as they

given the discussion in the complaint about the establishment and its speakers. See ECF No. 1 at
¶ 9.

---

[3] At the time the complaint was filed, an award to a Citizen Reporter was capped at 25%
of the proceeds collected when the DEP brought a complaint after receiving a complaint from a
Citizen Reporter, or 50% of the proceeds collected when the proceeding was brought by the
Citizen Reporter themselves. N.Y.C. Admin. Code § 24-261(d). Effective January 6, 2024, the
award is now $5, when the proceeding is brought by the DEP, or $10, when the proceeding is
brought by the Citizen Reporter. N.Y.C. Admin. Code § 24-261(e). Notwithstanding the amount
of civil penalties outlined in N.Y.C. Admin. Code § 24-261(d) and (e), the maximum amount of
a civil penalty is $50. 2024 N.Y.C. Local Law No. 16 § 2.

deem appropriate. Id. § 6-07(b). If a party fails to properly respond to a lawful discovery order or request, or wrongfully refuses to answer questions or produce documents, "the Hearing Officer may take whatever action he or she deems appropriate including but not limited to preclusion of evidence or witnesses." Id. § 6-07(c). A decision rendered by ECB after a hearing may be administratively appealed under 48 R.C.N.Y. § 6-19, and a final determination after an administrative appeal may be challenged in a proceeding in state court pursuant to Article 78 of the CPLR. Id.

The failure of a party named in a summons to appear for their hearing date in front of the ECB may result in a default decision being entered against them. See N.Y.C. Charter § 1049-a(d)(1)(d)(i). However, a party may seek a stay of a default and request a hearing before a judgment based on the default is entered. Id. § 1049-a(d)(1)(h). A respondent in default may move to vacate the default and receive a new hearing under 48 R.C.N.Y. § 6-21(a)-(c), but the default may not be administratively appealed. See 48 R.C.N.Y. § 6-19(a)(2). A denial of a request for a new hearing after default may only be challenged in a proceeding under Article 78 of the CPLR. 48 R.C.N.Y. § 6-21(j). The default penalties issued when a summons recipient fails to appear for a scheduled hearing before the ECB are $1,750 for the first violation, $3,500 for a second violation, and $5,250 for a third violation. Id.

    3.  Procedural Background

Plaintiffs commenced the instant action on July 28, 2023. See ECF No. 1. On October 27, 2023, the Honorable Jessica G.L. Clarke issued an Order to Show Cause directing Plaintiffs to submit a letter to the Court showing good cause as to why they had failed to serve the summons and compliant on Defendants within the 90-day period prescribed by Federal Rule of Civil Procedure 4(m). See ECF No. 5. Subsequently, Plaintiffs filed certificates of service for

Eisenberg on November 14, 2023, and November 15, 2023, indicating service on Eisenberg at his residence and his place of business.[4] See ECF Nos. 20, 23.

On November 27, 2023, Eisenberg moved to dismiss the complaint. See ECF No. 28 at 1. Plaintiffs filed their reply in opposition to the motion on January 2, 2024. See ECF No. 34. Eisenberg filed a reply brief on April 22, 2024. See ECF No. 68.

On January 26, 2024, the City Defendants separately moved to dismiss the complaint. See ECF No. 42 at 1, 18. Plaintiffs filed their reply in opposition to the motion on April 18, 2024. See ECF No. 67. The City Defendants filed their reply brief on May 1, 2024. See ECF No. 71.

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint seeking relief "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This Rule does not countenance pleadings that are conclusory; it requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Where the well-pleaded facts in a complaint "do not permit the court to infer more than the mere possibility of misconduct," because the complaint has only "alleged—but it has not 'show[n]—that 'the pleader is entitled to relief,'" the complaint must be dismissed. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."

---

[4] Plaintiffs also filed certificates of service for the City Defendants. See ECF Nos. 13-14, 21-22.

14

Twombly, 550 U.S. at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In considering a motion to dismiss, a district court must "accept[ ] all factual claims in the complaint as true, and draw[ ] all reasonable inferences in the plaintiff's favor." Lotes Co., Ltd. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 403 (2d Cir. 2014) (quoting Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010)) (internal quotation marks omitted).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Similarly, "[b]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations and will not defeat" a motion to dismiss. N.J. Carpenters Vacation Fund v. Royal Bank of Scot. Grp., PLC, 720 F. Supp. 2d 254, 261 (S.D.N.Y. 2010) (quoting Garber v. Legg Mason, Inc., 537 F. Supp. 2d 597, 610 (S.D.N.Y. 2008)). "[R]ather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, i.e., enough to make the claim plausible." Arista Recs., LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 555) (internal quotation marks, alteration, and citation omitted).

## DISCUSSION

### A. Lack Of Personal Jurisdiction

Eisenberg seeks to dismiss the claims against him on the grounds that the Court lacks personal jurisdiction because Plaintiffs did not properly serve him with the summons and complaint. See ECF No. 28 at 8. For the reasons discussed below, Eisenberg is correct and dismissal for lack of personal jurisdiction is appropriate.

Federal Rule of Civil Procedure 4(a) provides that a summons must "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Additionally, Rule 4(e) provides the standards for serving a summons and complaint on an individual located within the United States. See Fed. R. Civ. P. 4(e). Under Rule 4(e), service can be effectuated by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," by delivering a copy of the summons and compliant "to the individual personally," or through service consistent with the state law requirements for service "in the state where the district court is located or where service is made."[5] Fed. R. Civ. P. 4(e)(1)-(2). New York law allows for service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business." N.Y. C.P.L.R. § 308(2).

Plaintiffs attempted to serve Eisenberg at both his residence and his place of business.[6] See ECF Nos. 20, 23. First, Plaintiffs' counsel attempted to serve Eisenberg twice at his place of

---

[5] Service can also be made by delivering copies of the summons and complaint to the individual personally or by delivering copies to an agent authorized by appointment or by law. See Fed. R. Civ. P. 4(e)(2)(A), (C). Eisenberg attests that he has never appointed anyone at the 405 Lexington Avenue address or any residential apartment building as his agent for service of process. See ECF No. 69 at ¶¶ 5-6.

[6] Both summonses were directed to "Eric I. Eisenberg." ECF No. 19. Eisenberg's correct middle initial is "M" and Plaintiffs acknowledge this error. See ECF No. 34 at 9. Plaintiffs describe the wrong name provided on the summonses as "a ministerial error that can be easily cured" via an amended complaint. Id. The Second Circuit has excused such errors, including the mislabeling of the proper defendant, where the plaintiff made clear who the intended defendant was, despite inaccuracies in the summons. See Datskow v. Teledyne, Inc., Continental Prods. Div., 899 F.2d 1298, 1301 (2d Cir. 1990) (waiving ministerial error in service of process where plaintiff addressed the summons to "Teledyne, Inc." rather than "Teledyne Industries, Inc.," the corporate defendant's proper name). As such, this ministerial error can be corrected by Plaintiffs if leave to amend the complaint is granted.

16

business, at 405 Lexington Avenue, 48th Floor, in Manhattan.[7] See ECF No. 23 at ¶¶ 5-9. On the first attempt, Plaintiffs' counsel was told by an employee in the building's lobby that no one was present at the identified office, and he was not allowed to access the elevator to proceed to the 48th Floor. See ECF No. 34 at 7. Plaintiffs' counsel returned the next evening and a different employee in the building's lobby told counsel that he could not go up to the 48th floor. Id. at 7-8. Plaintiffs' counsel left the summons and complaint with the employee in the lobby after telling the employee his purpose for leaving the papers. Id.

Under New York law, service at a defendant's place of business is sufficient if it is executed properly. See Fed. R. Civ. P. 4(e)(1), (2)(B); N.Y. C.P.L.R. § 308(2). Here, however, it was not executed properly. Eisenberg argues that leaving the summons and complaint with an individual in the building's lobby, rather than with an individual inside Eisenberg's office on the 48th Floor, is insufficient. See ECF No. 28 at 11. Whether Eisenberg is correct that the summons and complaint had to be delivered to his office on the 48th floor need not be decided, because Plaintiffs did not also provide proof of mailing. See ECF No. 22.

Under CPLR § 308(2), when a plaintiff serves an individual at their place of business, the plaintiff must also mail the summons to the person at his last known residence, or mail the summons, via first-class mail marked as "privileged and confidential," to the person's actual place of business. The proof of service filed by Plaintiffs does not indicate that Plaintiffs also mailed the summons and complaint, as required under Section 308(2). Accordingly, service on Eisenberg's place of business was deficient. See Opt Out of IEAM, LLC v. Indus. Enters. of Am., Inc., No. 11-CV-8470 (DLC), 2012 WL 6135819, at *3 (S.D.N.Y. Dec. 11, 2012) (finding

---

[7] Although Eisenberg does not explicitly concede that this is the address for his place of business, he does not dispute it. See, e.g., ECF No. 28 at 10-11.

17

that service was not effective where the process server's affidavit stated that "summons and complaint were timely delivered to a 'doorman/secretary' at [defendant's] offices," but did not indicate that it was mailed, and no proof of service was filed with court clerk).

Plaintiffs' counsel also attempted to serve Eisenberg at his residence in an apartment complex located at 454 West 46th Street in Manhattan.[8] See ECF No. 20 at ¶ 5. Plaintiffs' counsel was directed by the building's superintendent to Eisenberg's apartment, but no one was home. See id. ¶ 6. Plaintiffs' counsel spoke with the building's superintendent and explained that he was there to serve a summons and complaint; the superintendent accepted the papers on Eisenberg's behalf. See id. ¶ 7.

Service on a doorman or employee in the lobby of an apartment building is sufficient where there was an attempt by the process server to proceed to the defendant's apartment and that attempt was blocked by the employee in the lobby. See McCormack v. Goldstein, 611 N.Y.S.2d 185, 186 (1st Dep't 1994) (affirming dismissal for insufficient service under § 308(2) where the summons and complaint were delivered to a doorman but the process server was not barred from proceeding to the defendant's apartment); Lombardo v. 333 East 49th P'ship, LP, 2022 WL 624611, at *3 (N.Y. Sup. Ct., Mar. 3, 2022) ("Plaintiff's service of pleadings on [defendant] by delivery to her alleged doorman is insufficient absent an indication that the doorman refused to provide access to [defendant's] apartment."). Here, Plaintiffs' counsel does not allege that the superintendent blocked his access to Eisenberg's apartment. To the contrary, the certificate of service indicates that the superintendent directed counsel to Eisenberg's apartment within the building. See ECF No. 20 at ¶ 6. Moreover, under C.P.L.R. § 308(2), where service is made at a person's dwelling, the summons must also be mailed to the person "at his or

---

[8] Eisenberg does not dispute that his residence is located at this address. See, e.g., ECF No. 28 at 8-10.

her last known residence or by mailing the summons by first class mail to the person to be served

at his or her actual place of business." There is no indication in the certificate of service that the

summons and complaint were also mailed to Eisenberg. See ECF No. 20 at ¶¶ 6-7.

I thus recommend that the claims against Eisenberg be dismissed for lack of personal

jurisdiction given the insufficient service of process. Because I recommend below that leave to

amend the complaint be granted as to certain claims, Plaintiffs can correct the spelling of

Eisenberg's name and perfect service on him should they be afforded an opportunity to file an

amended complaint.[9]

### B. Failure To State A Claim

#### 1. *Plaintiffs' abandonment of his claims by his failure to respond to the City Defendants' arguments for dismissal.*

As an initial manner, Plaintiffs failed to address or respond to the City Defendant's

arguments for dismissal of the Due Process, Equal Protection, First Amendment, infliction of

emotional distress, and fraud claims. It is well settled that a plaintiff will be deemed to have

abandoned a claim where the plaintiff fails to respond to a defendant's argument for dismissal of

that claim. See Hauschild v. United States Marshals Serv., No. 21-CV-7580 (CS), 2023 WL

---

[9] Eisenberg also contends that the complaint should be dismissed for lack of ripeness
because Plaintiffs have not yet exhausted the administrative procedures for challenging a noise
summons or a default. See ECF No. 28 at 4-5. Separately, the City Defendants briefly argue that
Plaintiffs lack standing to seek injunctive relief. See ECF No. 42 at 18. As explained with
regards to Plaintiffs' procedural due process claim (see infra Section B.315), it is not clear from
the allegations in the complaint whether Plaintiffs pursued any of the administrative remedies
available to challenge the issuance of a summons or the entry of a default. Nor is it clear whether
the administrative agency reached a final determination on the noise complaints. For a state
administrative action to be ripe for federal judicial review, the state administrative action must be
final. See Lacewell v. Office of Comptroller of Currency, 999 F.3d 130, 148 (2d Cir. 2021) ("In
the administrative context, the ripeness doctrine . . . protect[s] the agencies from judicial
interference until an administrative decision has been formalized and its effects felt in a concrete
way by the challenging parties."). If Plaintiffs are granted leave to amend, they should include in
their amended complaint factual allegations concerning their pursuit, if any, of the administrative
procedures available for challenging the summonses and the default.

2413934, at *12 (S.D.N.Y. Mar. 8, 2023) (citing Horsting v. St. John's Riverside Hosp., No. 17-CV-3230 (CS), 2018 WL 1918617, at *6 (S.D.N.Y. Apr. 18, 2018)) ("At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); Johnson v. City of N.Y., No. 15-CV-8195 (GHW), 2017 WL 2312924, at *17 (S.D.N.Y. May 26, 2017) ("By failing to address Defendant's arguments in support of dismissing this claim, it is deemed withdrawn or dismissed as abandoned."); Bonilla v. Smithfield Assocs. LLC, No. 09-CV-1549 (DC), 2009 WL 4457304, at *4 (S.D.N.Y. Dec. 4, 2009) (concluding that claims were abandoned where defendants raised three arguments for dismissal and plaintiff responded to only one).

Here, Plaintiffs' memorandum of law in opposition to the City Defendants' motion to dismiss responds to none of the arguments raised by the City Defendants for dismissal of the claims. The memorandum of law includes only a brief, three-paragraph legal argument that does not address any specific contention raised by the City Defendants for dismissal of the claims. See ECF No. 67 at 3. As such, Plaintiffs should be deemed to have abandoned their claims and dismissal of the complaint on this basis alone is appropriate. As discussed below, there are other grounds for dismissal as well.

### 2. Plaintiffs' First Amendment claim

Count III of the complaint alleges that the City Defendants denied Plaintiffs' right to Free Expression under the First Amendment—presumably based on the fact that Swing 46 provides live music and entertainment—although the complaint does not make the basis of the claim clear. See ECF No. 1 at ¶¶ 38-45. The City Defendants concede that music constitutes expression protected by the First Amendment. See ECF No. 42 at 12; see also Genco Importing Inc. v. City of N.Y., 552 F. Supp. 2d 371, 380 (S.D.N.Y. 2008) ("It is common ground that music is a form

of expression protected by the First Amendment."). However, the "First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." Heffron v. Int. Soc. for Krishna Consciousness, Inc., 452 U.S. 640, 647 (1981); see also Olivieri v. Ward, 801 F.2d 602, 605 (2d Cir. 1986), cert. denied, 480 U.S. 917 (1987) ("The First Amendment does not guarantee an absolute right to anyone to express their views any place, at any time, and in any way they want."). For this reason, municipalities may "constitutionally impose reasonable time, place, and manner regulations" on speech and expression so long as the regulation does not discriminate based on the content of the expression, is narrowly tailored, and leaves open ample alternative channels for communication. See Barr v. Am. Assoc. of Pol. Consultants, Inc., 591 U.S. --, 140 S. Ct. 2335, 2346 (2020) (citing Hudgens v. N.L.R.B., 424 U.S. 507, 520 (1976)); see also Genco Importing, 552 F. Supp. 2d at 380.

Noise ordinances, like the one Plaintiffs appear to be challenging here, have repeatedly been upheld as lawful, content neutral, time, and manner regulations. See e.g., Marcavage v. City of N.Y., 918 F. Supp. 2d 266, 270-75 (S.D.N.Y. 2013) (concluding that New York City law that required a license to use a sound application device and restricted the time and place in which such devices could be used was a content neutral regulation permissible under the First Amendment); Costello v. City of Burlington, 632 F.3d 41, 45-47 (2d Cir. 2011) (upholding city noise ordinance against First Amendment challenge where ordinance was content neutral and narrowly tailored); Genco Importing, 552 F. Supp. at 386 (dismissing First Amendment claim brought by owner of a bar alleging that certain City Noise Code prohibitions were unconstitutional).

The complaint fails to state a claim for violation of the First Amendment. As pled, all of Plaintiffs' claims stem from the receipt of several summonses for noise complaints. See ECF No.

1 at ¶ 15. However, Plaintiffs fail to provide any details about the summonses. There are no

allegations concerning the number of summonses received, the dates they were issued, who they

were issued to, or even the specific conduct that allegedly led to the issuance of the summonses.

See ECF No. 1 at ¶¶ 15, 17, 27. Further, there are no allegations in the complaint explaining how

the City Defendants are impeding Plaintiffs' ability to play music at Swing 46. Id. More

problematic, Plaintiffs have failed to identify a specific provision of the Noise Control Code that

they claim violates the First Amendment.[10]

    In short, Plaintiffs have failed to plausibly allege a First Amendment violation based on

the issuance of noise summonses. I thus recommend that this claim be dismissed. "Courts

generally grant leave to amend unless doing so would be futile or would result in prejudice to the

non-pleading party." See IMH Broadway Tower Senior Lender, LLC v. Hertz, 415 F. Supp. 3d

455, 463 (S.D.N.Y. 2019); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d

Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to

replead."). Plaintiffs have not yet had an opportunity to amend their complaint. "Without the

benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to

weigh the practicality and possible means of curing specific deficiencies." Loreley Fin. (Jersey)

No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015). Further, given the lack of

---

[10] It is not clear if Plaintiffs are raising a Free Exercise claim under the First Amendment.
Plaintiffs allege that the City is issuing summonses based on its desire to force specific
establishments out of business due to "the presence of religious zealotry within the ranks of City
Hall." See ECF No. 1 at ¶ 43. However, Swing 46 is not a religious establishment and there is no
allegation that the speech or expression taking place there has any religious purpose. See
Espinoza v. Mont. Dep't of Revenue, 581 U.S. 464, 475 (2020) ("The Free Exercise
Clause . . . protects religious observers against unequal treatment and against laws that impose
special disabilities on the basis of religious status.") (internal citations and quotations omitted).
Other than the conclusory assertion that there is "religious zealotry within the ranks of City
Hall," there are no well-pled factual allegations to support a claim based on a violation of the
Free Exercise clause.

concrete factual details in the complaint, it is not readily apparent that leave to amend would be futile. I thus recommend that Plaintiffs be afforded an opportunity to amend to potentially allege facts to support a viable First Amendment claim.

### 3. Plaintiffs' Due Process claims

Count II of the complaint alleges "Constitutional Violations by Defendants against Plaintiffs." See ECF No. 1 at 11. Plaintiffs claim that the City Defendants' acts or omissions denied them "the right of equal protection under the law, due process, a fair trial, right to a defense, and as with [P]laintiff Akhtar, a right to be free of discrimination." Id. ¶¶ 36-37. As an initial matter, to the extent Plaintiffs contend that they have been denied the "right to a defense" or the right to a fair trial, those are constitutional rights guaranteed only to criminal defendants. See Ramchair v. Conway, 601 F.3d 66, 73 (2d Cir. 2010) (explaining that "the right to a fair trial is guaranteed to state criminal defendant[s]") (internal citation and quotations omitted); United States v. Campbell, 266 F. Supp. 3d 624, 631 (E.D.N.Y. 2017) (attributing the "right to present a defense" to the Sixth Amendment, which only applies to criminal defendants). It is thus not applicable to a civil administrative proceeding.

### a. Plaintiffs' Equal Protection claim

Plaintiffs allege that the City Defendants infringed their equal protection rights. See ECF No. 1 at ¶¶ 36-37. The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated should be treated alike."[11] See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). The Second Circuit has explained that "there are several ways for a plaintiff to plead intentional discrimination that violates the Equal Protection Clause." Elliot v.

---

[11] The Equal Protection Clause extends to corporate entities like Swing 46. See Santa Clara Ctny v. S. Pac. R. Co., 118 U.S. 394, 396 (1886) (stating that the Equal Protection Clause applies to corporations).

City of N.Y., No. 23-CV-352 (AT) (VF), 2024 WL 1119275, at *7 (S.D.N.Y. Mar. 14, 2024) (internal quotations omitted) (citing Brown v. City of Oneonta, 221 F.3d 329, 337 (2d Cir. 2000)). Plaintiffs have not identified which theory of equal protection they rely on in the complaint. However, the complaint alleges that Akhtar is ethnically Bangladeshi and is thus "particularly susceptible to government overreach." See ECF No. 1 at ¶¶ 30-31. I thus interpret Plaintiffs to be raising a selective-enforcement claim. Such a claim requires a plaintiff to show that "they were treated differently than an identifiable, similarly situated group of individuals for malicious reasons, including but not limited to racial prejudice." Doe v. Vill. of Mamaroneck, 462 F. Supp. 2d 520, 543 (S.D.N.Y. 2006) (citing LeClair v. Saunders, 627 F.2d 606 (2d Cir. 1980)). To make out this type of equal protection violation, a plaintiff must identify a "comparator who received more favorable treatment from the defendants." Id. (citing Hu v. City of N.Y., 927 F.3d 81, 91 (2d Cir. 2019)).

Plaintiffs have also failed to allege a plausible Equal Protection Clause violation. First, Plaintiffs have not identified any similarly situated group of individuals or businesses that were treated differently than Akhtar or Swing 46. There are no allegations in the complaint that similar restaurants, bars, or night clubs in Manhattan did not receive noise complaints or summonses despite playing loud music or emitting loud noise. See ECF No. 1 at ¶ 18. In fact, the only mention in the complaint of another business suggests that those businesses also received noise complaints like Swing 46. See id. ¶¶ 18, 27 ("[Some merchants] are under assault with noise complaints to put them out of business . . . ."). The failure of Plaintiffs to plead the existence of a similarly situated comparator who was treated differently is fatal to their Equal Protection claim based on a selective-enforcement theory. See Lepper v. Village of Babylon, No. 18-CV-7011 (JMA) (AYS), 2022 WL 939719, at *19-20 (E.D.N.Y. Mar. 29, 2022) (dismissing claim where

plaintiffs failed to establish that they were treated differently than their provided comparators or that the comparators were similarly situated in all respects, as is required to make a claim of selective enforcement).

Second, to the extent Plaintiffs suggest that Akhtar was treated differently because of his Bangladeshi ethnicity (see ECF No. 1 at ¶ 31), the allegation is conclusory and unsupported by factual allegations. See Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement of relief requires more than labels and conclusions . . . ."). There are no allegations indicating or suggesting that the City Defendants or Eisenberg were even aware of Akhtar's ethnicity. There thus are no factual allegations to support a plausible inference that Akhtar or Swing 46 were treated differently because of ethnic or racial prejudice by Defendants.

Accordingly, Plaintiffs have not plausibly alleged an Equal Protection violation. I thus recommend that this claim be dismissed. Here, too, I recommend permitting Plaintiffs one opportunity to amend. Plaintiffs have not previously amended their allegations and it is not apparent that Plaintiffs could not include additional allegations to plausibly state a claim.

### b.  Plaintiffs' Procedural Due Process claim

Plaintiffs allege that their right to due process was infringed by the City Defendants. ECF No. 1 at ¶ 36. Plaintiffs do not specify whether they are alleging a procedural or substantive due process violation. See id. However, a substantive due process claim is limited to the deprivation of a fundamental right. Goe v. Zucker, 43 F.4th 19, 30 (2d Cir. 2022) ("To determine whether a government regulation infringes a substantive due process right, we first determine whether the asserted right is fundamental.") (internal citation and quotations omitted). Fundamental rights are

those implicit in the concept of "ordered liberty, or deeply rooted in the nation's history and tradition." Id. The complaint does not include any allegations suggesting the infringement of a fundamental right. Further, to the extent Plaintiffs could be said to be raising a violation of a right to work or operate a business, such a right has not been recognized as a fundamental right. See Golden Glow Tanning Salon, Inc. v. City of Columbus, Miss., 52 F.4th 974, 979 (5th Cir. 2022) ("The Supreme Court does not now recognize a fundamental right to work . . . ."). Accordingly, I construe Plaintiffs to be raising only a procedural due process claim.

"[T]he deprivation by state action of a constitutionally protected interest in life, liberty, or property is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." Zinermon v. Burch, 494 U.S. 113, 125 (1990) (citations, emphasis, and internal quotation marks omitted). A procedural due process claim requires the "(1) possession by the plaintiff of a protected liberty or property interest, and (2) deprivation of that interest without constitutionally adequate process." Tooly v. Schwaller, 919 F.3d 165, 173 (2d Cir. 2019) (citation omitted); 689 Eatery Corp. v. City of N.Y., No. 18-CV-3732 (LJL), 2024 WL 519967, at *68 (S.D.N.Y. Feb. 9, 2024) (internal citation and quotations omitted). "The availability of adequate pre-deprivation and post-deprivation remedies under state law will defeat a § 1983 action brought against state actors . . . so long as the claimant had sufficient notice of such remedies." Rackley v. City of N.Y., 186 F. Supp. 2d 466, 481 (S.D.N.Y. 2002) (citing Zinerman, 494 U.S. at 127-28). "Particularly where they are backstopped by full adversarial proceedings in state court, pre-deprivation proceedings 'need not be elaborate' so long as they offer 'notice and an opportunity to respond' to the allegations." Oles v. City of N.Y., No. 21-CV-9393 (LGS), 2022 WL 1808905, at *6 (S.D.N.Y. June 2, 2022) (quoting Rivera-Powell v. N.Y.C. Bd. of Elections, 470 F.3d 458, 467 (2d Cir. 2006) (internal quotations omitted)).

Here, the City Defendants do not dispute that Plaintiffs have a property interest in their finances. See ECF No. 42 at 6-9. However, the City Administrative Code provides ample pre- and post-deprivation procedures following the issuance of a noise summons, and the complaint is silent as to whether Plaintiffs made any use of those procedures for challenging a summons. See ECF No. 1 at ¶ 20. Pre-deprivation administrative procedures were available to Plaintiffs prior to the issuance of a default or final judgment. See supra Statutory Background; see also N.Y.C. Charter §§ 1049-a(c)(1)(d), 1049-a(d)(1)(a); 48 R.C.N.Y. § 6-07(a). Plaintiffs have an opportunity to have a hearing before the ECB and may seek a stay of the entry of default and request a hearing to challenge that default. See N.Y.C. Charter § 1049-1(d)(1)(h). As for discovery, Plaintiffs can submit a written request for discovery five days prior to the scheduled hearing before the ECB. See 48 R.C.N.Y. § 6-07(a). And if a party fails to respond to a proper discovery request, Plaintiffs can raise the issue at the hearing where the Hearing Officer may take "whatever action he or she deems appropriate." Id. at § 6.07(c). Plaintiffs state they made a "formal demand to DEP" for evidence, but they do not allege any facts showing that they availed themselves of the proper procedures for obtaining pre-hearing discovery. See ECF No. 1 at ¶¶ 16, 20; 48 R.C.N.Y. § 6-07(a)-(c).

Further, Plaintiffs do not allege that they attempted to utilize the administrative procedures to vacate a default. See N.Y.C. Charter § 1049-a (d)(1)(h). They do not allege that they submitted a request, by application, for a new hearing after the default. 48 R.C.N.Y. § 6-21(a)-(c). Plaintiffs could also challenge the summonses, including the alleged default decision, in a proceeding in New York Supreme Court pursuant to Article 78 of the CPLR. See 48 R.C.N.Y. § 6-19(g)(2). In short, Plaintiffs have not alleged a violation of their procedural due process rights, because the provisions of the Noise Control Code provide an individual who has

received a noise complaint with notice and a hearing prior to any final administrative action and

with procedures for challenging in state court a final administrative decision on the noise

complaint. See Mordukhaev v. Daus, 457 F. App'x 16, 21 (2d Cir. 2012) (affirming the dismissal

for failure to state a claim where the plaintiff did not avail himself of an Article 78 proceeding

and availability of that proceeding confirmed that state law afforded him adequate process); see

also Nestle Waters N. Am.. Inc. v. City of N.Y., 689 F. App'x 87, 88 (2d Cir. 2017) (stating that

"Article 78 review procedures clearly satisfy the requirements of procedural due process").

I thus recommend that Plaintiffs' procedural due process claim be dismissed. Here, too, it

is not apparent that leave to amend will be futile. I thus recommend that Plaintiffs be afforded

leave to amend.

### 4. *Plaintiffs' Section 1983 claim*

Plaintiffs appear to be raising a stand-alone Section 1983 claim in Count 1 of the

complaint. See ECF No. 1 at ¶¶ 30-34. To the extent Plaintiffs are attempting to assert a violation

of Section 1983, the claim necessarily fails. "Section 1983 does not create any independent

substantive right, but rather is a vehicle to 'redress . . . the deprivation of [federal] rights

established elsewhere.'" Laface v. E. Suffolk Boces, 349 F. Supp. 3d 126, 153 (E.D.N.Y. 2018)

(quoting Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999)); see also Rosa R. v. Connelly, 889

F.2d 435, 440 (2d Cir. 1989) ("It is fundamental . . . that § 1983 creates no independent,

substantive constitutional rights but rather is a vehicle for enforcing such rights.") (citation

omitted).

I recommend that any stand-alone Section 1983 claim be dismissed. See Rosa R., 889

F.2d at 440 (upholding the district court's dismissal of claim alleging that plaintiffs were entitled

to redress under § 1983 because it did not constitute an independent claim or ground for relief).

As to this claim, leave to amend would be futile, and I therefore recommend that dismissal be with prejudice.

### 5. *Plaintiffs' state-law claims*

In addition to their federal claims, Plaintiffs also allege two state-law claims: infliction of emotional distress in Count IV and fraud in Count V. See ECF No. 1 at ¶ 47. As a threshold matter, Plaintiffs' state-law tort claims should be dismissed as to the City Defendants because the complaint fails to allege that they filed a Notice of Claim prior to commencing the action. See N.Y.C. Admin. Code § 7-201(a); N.Y. Gen. Mun. L. § 50-e; Cortlandt v. Westchester Ctny., No. 07-CV-1783 (MDF), 2007 WL 3238674, at *8 (S.D.N.Y. Oct. 31, 2007) (dismissing a claim of fraud against Westchester County, in part, for failure to file notice of claim); Heim v. Dougherty, No. 19-CV-01160 (JLS) (MJR), 2020 WL 5659440, at *7 (W.D.N.Y. Aug. 31, 2020) (dismissing state law claim for negligent infliction of emotional distress for plaintiff's failure to allege that he served notice of claim on defendants).

Plaintiffs do not allege that they filed the required Notice of Claim in their complaint. See ECF No. 1 at ¶¶ 46-50. But even if Plaintiffs did not file a Notice of Claim prior to commencing this action, a state court may forgive the failure and accept a late Notice of Claim. See N.Y. Gen. Mun. Law § 50-e(5) ("[T]he court, in its discretion, may extend the time to serve a notice of claim . . . . An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action . . . ."). As such, the failure to plead whether they filed a Notice of Claim requires dismissal of the two state-law claims, but because Plaintiffs may still be able to file a Notice of Claim (if they have not already done so), it is not apparent that leave to amend would be futile. Consequently, this failure alone should not bar Plaintiffs from being afforded an opportunity to replead their state-law claims.

### a. *Infliction of Emotional Distress*

Akhtar asserts tort-based claims for infliction of emotional distress arising from the acts or omissions of all Defendants in Count IV of the complaint.[12] See ECF No. 1 at ¶ 47. He asserts three different claims against all Defendants: (1) intentional infliction of emotional distress, (2) reckless infliction of emotional distress, and (3) negligent infliction of emotional distress. Id. As against DEP, the claim for intentional infliction of emotional distress must be dismissed because such claims are prohibited against governmental entities. See Shahid v. City of N.Y., 208 A.D.3d 1380, 1380 (2d Dep't 2022) ("[P]ublic policy bars claims sounding in intentional infliction of emotional distress against a governmental entity.") (quoting Lauer v. City of N.Y., 240 A.D.2d 543, 544 (2d Dep't 1997)).

As to the remaining City Defendants and Eisenberg, Plaintiffs also fail to plead the required elements of a claim for intentional infliction of emotional distress. In New York, the tort of intentional infliction of emotional distress has four elements: "(1) extreme and outrageous conduct, (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." See Doe v. Alsaud, 224 F. Supp. 3d 286, 295 (S.D.N.Y. 2016) (internal citations and quotations omitted). To constitute "extreme and outrageous conduct," the conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Tebbenhoff v. Electronic Data Sys. Corp., 244 F. App'x 382, 383 (2d Cir. 2007) (internal

---

[12] Though not specified in the complaint, this claim necessarily must be limited to Akhtar because a corporation cannot suffer emotional distress. See Forest Bay Contr. N.Y., Inc. v. Dir. Door Corp., 271 A.D.2d 484, 484 (2d Dep't 2000) (finding that judgment improperly awarded a corporation damages for emotional distress); see also Perry v. Manocherian, 675 F. Supp. 1417, 1430 (S.D.N.Y. 1987) ("[S]ince this court fails to see how an entity can suffer emotional distress," the infliction of emotional distress claim fails on behalf of the corporate defendants). 2

citations and quotations omitted). "The standard of outrageous conduct is strict, rigorous and difficult to satisfy." Scollar v. City of N.Y., 74 N.Y.S.3d 173, 178 (1st Dep't 2018) (internal quotations omitted). Further, a plaintiff's "conclusory allegations that he suffered emotional distress" are insufficient to state a claim. Specht v. City of N.Y., 15 F.4th 594, 606 (2d Cir. 2021).

The conduct alleged by Akhtar falls far short of the "extreme and outrageous" conduct required to plausibly plead a claim for intentional infliction of emotional distress. At its core, Akhtar complain about the issuance of noise complaint summonses to his business. See ECF No. 1 at ¶¶ 16, 24. This conduct is well outside the realm of conduct that courts in New York have found satisfies the "extreme" and "outrageous" standard for a claim of intentional infliction of emotional distress. See Cowan v. City of Mount Vernon, 95 F. Supp. 3d 624, 657 (S.D.N.Y. 2015) (concluding that instances of sexual battery repeated over a nearly year-long period constituted extreme and outrageous conduct for an IIED claim); Kohlhausen v. SUNY Rockland Cmty. Coll., No. 10-CV-3168, 2011 WL 1404934, at *16 (S.D.N.Y. Feb. 9, 2011) (concluding that allegations of "a longstanding campaign of intimidation and harassment" that included discriminatory conduct, "extremely offensive language," and "several physical threats" were sufficiently extreme and outrageous to adequately state IIED claim), abrogated on other grounds by Leitner v. Westchester Cmty. Coll., 779 F.3d 130 (2d Cir. 2015).

Further, even if Akhtar had plausibly alleged the existence of extreme and outrageous conduct by Defendants, the complaint fails to include non-conclusory allegations that Akhtar suffered severe emotional distress as a result of that conduct. See Tantaros v. Fox News Network, LLC, No. 17-CV-2958 (GBD), 2018 WL 2731268, at *10 (S.D.N.Y. May 18, 2018). Akhtar alleges that the noise complaints are risking the viability of his business and the "risk of

losing his business has caused [him] severe distress, affecting his heath [sic] and well being [sic]." See ECF No. 1 at ¶¶ 24, 26. He further alleges that defendants have inflicted "severe emotional distress resulting in damage and serious harm." Id. ¶ 47. All of these allegations are conclusory.

Akhtar does not include any factual allegations concerning the severity or duration of his emotional distress or mental anguish. He does not explain how the distress has impacted his daily activities. Nor does Akhtar describe how Defendants' conduct has affected his health. Plaintiffs' conclusory allegations of emotional distress do not suffice to plausibly allege the injury prong of a claim of intentional infliction of emotional distress.[13] See Specht, 15 F.4th at 606 (explaining that "conclusory allegations" that plaintiff suffered emotional distress were "insufficient to state a claim"); Medcalf v. Walsh, 938 F. Supp. 2d 478, 490 (S.D.N.Y. 2013) (dismissing IIED claim where the complaint did not make "any non-conclusory allegation that [the plaintiff] suffered severe emotional distress"); Lyman v. City of N.Y., No. 96-CV-2382 (PKL), 1997 WL 473976, at *3 (S.D.N.Y. Aug. 20, 1997) (dismissing IIED claim where plaintiff alleged "in a conclusory manner that as a result of [defendant's] conduct she has suffered 'severe emotional distress . . . and substantial emotional anguish'").

In the alternative, Akhtar also pleads a claim for negligent infliction of emotional distress. See ECF No. 1 at ¶ 47. "To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and

---

[13] To the extent Akhtar also pleads a claim for reckless infliction of emotional distress, such a stand-alone claim does not exist. See Roe v. United States, No. 18-CV-2644 (VSB), 2019 WL 1227940, at *6 (S.D.N.Y. Mar. 15, 2019) (There is no separate and distinct cause of action for reckless infliction of emotional distress in New York but "reckless conduct is encompassed within the tort of intentional infliction of emotional distress.") (quoting James v. Flynn, 19 N.Y.S.3d 618, 620 (3d Dep't 2015)).

(4) circumstances providing some guarantee of genuineness of the harm." <u>Francis v. Kings Park Manor, Inc.</u>, 992 F.3d 67, 81 (2d Cir. 2021) (construing New York law). "To establish the fourth element, the plaintiff generally must plead that the breach endangered his physical safety or caused him to fear for his physical safety." <u>Id.</u> at n.57 (citing <u>Taggert v. Costabile</u>, 14 N.Y.S.3d 388, 396 (2d Dep't 2015)).

Akhtar fails to plausibly allege the existence of a duty owed to him from any Defendant. <u>See Francis</u>, 992 F.3d at 81 (affirming dismissal of negligent infliction of emotional distress where the plaintiff failed to allege that defendant breached a duty owed to plaintiff). To plead a claim for negligence, "[a] plaintiff must establish not only that the defendant owed a general duty of care to society as a whole, but also that the defendant owed a *specific* duty to the particular plaintiff." <u>Vega v. Fox</u>, 457 F. Supp. 2d 172, 183 (S.D.N.Y. 2006) (citations omitted and emphasis added). Courts have found the existence of a duty where there is a special relationship, such as where the defendant is in the "best position to protect against the risk of harm," like master-servant, parent-child, and common carrier-passenger relationships. <u>Hamilton v. Beretta U.S.A. Corp.</u>, 727 N.Y.S.2d 7, 13 (N.Y. 2001); <u>see also Crum & Forster Specialty Co. v. Safety Fire Sprinkler Corp.</u>, 405 F. Supp. 2d 223, (E.D.N.Y. 2005) (stating that contractual relationships may give rise to tort duty in certain circumstances). The complaint contains no allegations from which to plausibly suggest the existence of any duty.

Moreover, although Akhtar alleges that his health and wellbeing were impacted due to the stress caused by the noise complaints (<u>see</u> ECF No. 1 at ¶¶ 24, 26), he has also failed to allege that he feared for his physical safety. <u>See Winslow v. N.Y.-Presbyterian/Weill-Cornell Med. Ctr.</u>, 161 N.Y.S.3d 775, 776 (1st Dep't 2022) (finding that a negligent infliction of emotional distress claim failed where a complaint did not allege that defendant "breached a duty

owed to plaintiff, unreasonably endangering his physical safety or causing him to fear for his

own safety"). What's more, Akhtar does not allege that any Defendant acted negligently,

pleading instead the commission of intentional acts such as harassment, schemes to "fraudulently

collect 'evidence,'" refusal to provide evidence, and the issuance of summonses. See ECF No. 1

at ¶¶ 9, 20, 27, 29, 30. A claim for negligent infliction of emotional distress must fail where "no

allegations of negligence appear in the pleadings." Santana v. Leith, 985 N.Y.S.2d 147, 149 (2d

Dep't 2014) (affirming the lower court's dismissal of a negligent infliction of emotional distress

claim for failure to state a cause of action where the claim was premised on intentional conduct

and not negligence).

     I thus recommend that Akhtar's claims for infliction of emotional distress be dismissed.

Further, given the high bar to plead extreme and outrageous conduct for a claim of intentional

infliction of emotional distress coupled with the nature and circumstances of the conduct here,

Akhtar will be unable to plausibly allege a claim even if permitted an opportunity to amend his

allegations. See e.g., Biberaj v. Pritchard Indus., 859 F. Supp. 2d 549, 557, 565 (S.D.N.Y. 2012)

(determining that supervisors' repeated direction of profanities at employee, including calling her

a "[b]itch, slut, [and] whore," were insufficiently extreme and outrageous to support an IIED

claim); Elmowitz v. Exec. Towers at Lido, LLC, 571 F. Supp. 2d 370, 379 (E.D.N.Y. 2008)

(determining that publicly shouting derogatory remarks and hitting plaintiff multiple times with a

telephone was insufficiently extreme and outrageous for an IIED claim); Kaye v. Trump, 58

A.D.3d 579, 579 (1st Dep't 2009) (determining that rude remarks, commencing baseless

lawsuits, filing criminal complaints towards plaintiff, and frightening plaintiff's daughter did not

constitute extreme and outrageous conduct sufficient to sustain a claim). Additionally, given that

a claim for negligent infliction of emotional distress requires the existence of a duty and

34

allegations that a plaintiff feared for his physical safety, leave to amend this claim would be futile, in light of the conduct alleged in the complaint. I thus recommend that dismissal of Akhtar's claim for intentional, reckless, and negligent infliction of emotional distress be dismissed with prejudice.

### b. Fraud

Plaintiffs also purport to allege a claim of fraud against the City Defendants and Eisenberg. Plaintiffs allege that all Defendants are engaging in "fraudulent conduct" by "issuing, or causing to be issued summonses, and wrongfully prosecuting plaintiffs with the use of fraudulently obtained 'evidence.'" ECF No. 1 at ¶¶ 49-50.

In New York, a claim for fraud requires that a plaintiff demonstrate "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Sullivan v. Gelb, No. 23-CV-5195 (GHW), 2024 WL 1836435, at *13 (S.D.N.Y. Apr. 25, 2024) (citing Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 421 (1996)). A fraud claim under New York law brought in federal court must also satisfy Federal Rule of Civil Procedure 9(b)'s "heightened pleading standard." Duran v. Henkel of Am., Inc., 450 F. Supp. 3d 337, 353 (S.D.N.Y. 2020) (citing Matana v. Merkin, 957 F. Supp. 2d 473, 484 (S.D.N.Y. 2013)). Under Rule 9(b), a party "must state with particularity the circumstances constituting fraud" and "conclusory allegations of fraud may be dismissed under Rule 9(b)." Trinity Bui v. Indus. Enters. of Am., 594 F. Supp. 2d 364, 371 (S.D.N.Y. 2009) (citing Shemtob v. Shearson, Hammill & Co., 448 F.2d 442, 444 (2d Cir. 1971)). To satisfy this heightened pleading standard, a complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3)

state where and when the statements were made, and (4) explain why the statements were fraudulent." <u>United States ex rel. Gelbman v. City of N.Y.</u>, 790 F. App'x 244, 247 (2d Cir. 2019) (quoting <u>United States ex rel. Chorches v. Am. Med. Response, Inc.</u>, 865 F.3d 71, 81 (2d Cir. 2017)) (quotations omitted).

Plaintiffs have failed to plausibly plead a fraud claim, given the heightened pleading standard of Rule 9(b). As a threshold issue, Plaintiffs have not identified any particular statement or omission of material fact by any Defendant. Nor have Plaintiffs alleged who made any such statement or omission, or when or where such statement or omission was made. Additionally, given that Plaintiffs have not identified any specific statement or omission, Plaintiffs have also necessarily failed to explain why any statement or omission by any Defendant was false and pertained to a material fact. Given these insufficiencies, I recommend that the fraud claim also be dismissed. As to this claim, I recommend that Plaintiffs be granted leave to amend as it is not readily apparent that Plaintiffs could not include sufficient factual detail to plausibly allege a claim against Defendants.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Eisenberg's motion to dismiss

be **GRANTED**. I further recommend that the City Defendants' motion to dismiss also be

**GRANTED**. As to Counts I and IV in the complaint, I recommend that the claims be dismissed

with prejudice. And as to Counts II, III, and V, I recommend that those counts be dismissed

without prejudice and that Plaintiffs be granted leave to amend.

DATED:    New York, New York
           June 5, 2024          Respectfully submitted,

VALERIE FIGUEREDO
United States Magistrate Judge

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Jessica G.L. Clarke. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

APPEAL,CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:23-cv-06585-JGLC-VF

Akhtar et al v. Aggarwala et al
Assigned to: Judge Jessica G. L. Clarke
Referred to: Magistrate Judge Valerie Figueredo
Demand: $1,000,000
Cause: 42:1983dp Civil Right Denial of Due Process

Date Filed: 07/28/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**Mohamed John Akhtar**

represented by **Anthony Nicholas Iannarelli , Jr**
Anthony N. Iannarelli, Jr., Esq.
244 Grand Avenue
Englewood, NJ 07631
201-236-1838
Email: anilaw2@gmail.com
*ATTORNEY TO BE NOTICED*

### Plaintiff

**La Buca Restaurant, Inc.**
*doing business as*
Swing 46 Jazz and Supper Club

represented by **Anthony Nicholas Iannarelli , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Eric Adams**
*Mayor of the City of New York*
*TERMINATED: 08/19/2024*

represented by **Genan Faye Zilkha**
New York City Law Department, Office of
the Corporation Coun
NY
100 Church Street
Ste 5-166
New York
New York, NY 10007
212-356-2212
Email: gzilkha@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Kerri Ann Devine**
NYC Law Department
100 Church Street Room 3-212
New York, NY 10007
(212)788-0577
Fax: (212)791-9714

Email: kdevine@law.nyc.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rohit T Aggarwala**
*TERMINATED: 08/19/2024*

represented by **Genan Faye Zilkha**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kerri Ann Devine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**New York City Department of Environmental Protection**
*TERMINATED: 08/19/2024*

represented by **Genan Faye Zilkha**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kerri Ann Devine**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eric I Eisenberg**
*TERMINATED: 08/19/2024*

**Defendant**

**John and Jane Does One through Thirty**

**Defendant**

**Eric M. Eisenberg**

represented by **Eric M. Eisenberg**
1300 S Miami Ave
Unit 1408
Miami, FL 33130
6468016705
Email: ericeis@gmail.com
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 07/28/2023 | 1 | COMPLAINT against Eric Adams, Rohit T Aggarwala, Eric I Eisenberg, John and Jane Does One through Thirty, New York City Department of Environmental Protection. (Filing Fee $ 402.00, Receipt Number ANYSDC-28070082)Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 07/28/2023) |
| 07/28/2023 | 2 | **FILING ERROR - DEFICIENT- SIGNATURE ERROR** - CIVIL COVER SHEET filed..(Iannarelli, Anthony) Modified on 7/31/2023 (vf). (Entered: 07/28/2023) |

| | | |
|---|---|---|
| 07/31/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Anthony Nicholas Iannarelli, Jr. The party information for the following party/parties has been modified: La Buca Restaurant, Inc., Eric Adams. The information for the party/parties has been modified for the following reason/ reasons: party text was omitted; alias party name was omitted. (vf) (Entered: 07/31/2023)** |
| 07/31/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Anthony Nicholas Iannarelli, Jr to RE-FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): Signature Error. Form is not signed. Re-file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. (vf) (Entered: 07/31/2023)** |
| 07/31/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Anthony Nicholas Iannarelli, Jr. The following case opening statistical information was erroneously selected/entered: Jury Demand code n (None); Dollar Demand Blank; County code Albany. The following correction(s) have been made to your case entry: the Jury Demand code has been modified to p (Plaintiff); the Dollar Demand has been modified to 1,000,000; the County code has been modified to New York. (vf) (Entered: 07/31/2023)** |
| 07/31/2023 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jessica G. L. Clarke. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(vf) (Entered: 07/31/2023) |
| 07/31/2023 | | Magistrate Judge Valerie Figueredo is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (vf) (Entered: 07/31/2023) |
| 07/31/2023 | | Case Designated ECF. (vf) (Entered: 07/31/2023) |
| 08/01/2023 | 3 | NOTICE OF INITIAL PRETRIAL CONFERENCE: Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on November 1, 2023 at 11:00 a.m.. The conference will be held remotely by Microsoft Teams. All counsel must familiarize themselves with the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jessica-g-l-clarke. All parties are required to register promptly as filing users on ECF. As further set forth by this Order. Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Courts Individual Rules and Practices to that party personally. SO ORDERED. Initial |

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?125108715693218

| | | |
|---|---|---|
| | | Conference set for 11/1/2023 at 11:00 AM before Judge Jessica G. L. Clarke. (Signed by Judge Jessica G. L. Clarke on 8/1/2023) (tg) (Entered: 08/01/2023) |
| 10/26/2023 | 4 | LETTER addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 10/25/2023 re: Adjournment of Conference. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 10/26/2023) |
| 10/27/2023 | 5 | ORDER TO SHOW CAUSE: The Complaint was filed on July 28, 2023. The docket does not reflect that a summons was issued or that the summons and Complaint were ever served on Defendants. IT IS HEREBY ORDERED that Plaintiff submit a letter to the Court by November 3, 2023 showing good cause as to why Plaintiff has failed to serve the summons and Complaint within the 90 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, or, if Plaintiff believes that Defendants have been served, when and in what manner such service was made. IT IS FURTHER ORDERED that if the Court does not receive any communication from Plaintiff by November 3, 2023 showing good cause why such service was not made within the 90 days, the Court will dismiss the case. Additionally, the initial pretrial conference (currently scheduled for November 1, 2023, see ECF No. 3) is ADJOURNED sine die. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 10/27/2023) (tg) (Entered: 10/27/2023) |
| 10/30/2023 | 6 | ORDER: The Order to Show Cause, see ECF No. 5, is DISCHARGED. Plaintiff's deadline for filing proof of service of summons and complaint is EXTENDED to November 10, 2023. SO ORDERED. ( Service due by 11/10/2023.) (Signed by Judge Jessica G. L. Clarke on 10/30/2023) (tg) (Entered: 10/30/2023) |
| 10/31/2023 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to Rohit T. Aggarwala, New York City Department, re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 10/31/2023) |
| 10/31/2023 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Eric Adams, re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 10/31/2023) |
| 11/01/2023 | 9 | ELECTRONIC SUMMONS ISSUED as to Rohit T Aggarwala, New York City Department of Environmental Protection. (vf) (Entered: 11/01/2023) |
| 11/01/2023 | 10 | ELECTRONIC SUMMONS ISSUED as to Eric Adams. (vf) (Entered: 11/01/2023) |
| 11/01/2023 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to Eric I. Eisenberg, re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/01/2023) |
| 11/01/2023 | 12 | ELECTRONIC SUMMONS ISSUED as to Eric I Eisenberg..(gp) (Entered: 11/01/2023) |
| 11/07/2023 | 13 | CERTIFICATE OF SERVICE. All Plaintiffs. Service was accepted by Identiied as "Felina" who represented she was authorited to accept summons & complaint. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on Rohit T. Aggarwala on 11/06/2023. Service was accepted by Identiied as "Felina" who represented she was authorited to accept summons & complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/07/2023) |

| 11/07/2023 | 14 | CERTIFICATE OF SERVICE. All Plaintiffs. Service was accepted by Identified as "Felina" who represented she was authorized to accept summons & complaint. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on Rohit T. Aggarwala on 11/06/2023. Service was accepted by Identified as "Felina" who represented she was authorized to accept summons & complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/07/2023) |
|---|---|---|
| 11/07/2023 | 15 | **FILING ERROR - PDF ERROR** REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric I. Eisenberg, re: 1 Complaint,. Document filed by Mohamed John Akhtar., REQUEST FOR ISSUANCE OF SUMMONS as to Eric I. Eisenberg, re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 11/7/2023 (gp). (Entered: 11/07/2023) |
| 11/07/2023 | 16 | REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric Adams re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 11/7/2023 (gp). (Entered: 11/07/2023) |
| 11/07/2023 | 17 | REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to E.I. Eiesenberg, re: 1 Complaint,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/07/2023) |
| 11/08/2023 | 18 | ELECTRONIC AMENDED SUMMONS ISSUED as to Eric Adams. (vf) (Entered: 11/08/2023) |
| 11/08/2023 | 19 | ELECTRONIC AMENDED SUMMONS ISSUED as to Eric I Eisenberg. (vf) (Entered: 11/08/2023) |
| 11/14/2023 | 20 | CERTIFICATE OF SERVICE. Eric I Eisenberg served on 11/9/2023, answer due 11/30/2023. Service was accepted by Larry Caputo, Superintendent of Residences. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on Eric Eisenberg on 11/09/2023. Service was accepted by Larry Caputo, Superintendent of Residences. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 11/14/2023) |
| 11/15/2023 | 21 | CERTIFICATE OF SERVICE. Eric Adams served on 11/8/2023, answer due 11/29/2023. Service was accepted by NYPD Officer Badge No. 15677. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of amended summons & complaint served on defendant Eric Adams on 11/08/2023. Service was accepted by NYPD Officer Badge No. 15677. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 11/15/2023) |
| 11/15/2023 | 22 | CERTIFICATE OF SERVICE. Eric Adams served on 11/9/2023, answer due 11/30/2023. Service was accepted by unkown uniformed security guard. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on defendant Eric Adams on 11/09/2023. Service was accepted by unkown uniformed security guard. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 11/15/2023) |
| 11/15/2023 | 23 | CERTIFICATE OF SERVICE. Service was accepted by uniformed concierges at defendant Eisenberg's place of business. Document filed by Mohamed John Akhtar., CERTIFICATE OF SERVICE of summons & complaint served on Eric Eisenberg on 11/09/2023. Service was accepted by uniformed concierges at defendant Eisenberg's |

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?1251087156932

| | | |
|---|---|---|
| | | place of business. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 11/15/2023) |
| 11/27/2023 | 24 | MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. Document filed by Eric Eisenberg. Responses due by 12/11/2023.(Eisenberg, Eric) (Entered: 11/27/2023) |
| 11/27/2023 | 25 | MEMORANDUM OF LAW in Support re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 11/27/2023) |
| 11/27/2023 | 28 | MEMORANDUM OF LAW IN SUPPORT OF ERIC EISENBERG'S MOTION TO DISMISS PURS. TO RULES 12(B)(1), 12(B)(2), 12 (B)4), 12(B)5 & 12(B);(6), re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. Document filed by Eric 1 Eisenberg. (sc) (Entered: 11/30/2023) |
| 11/28/2023 | 26 | NOTICE OF APPEARANCE by Genan Faye Zilkha on behalf of Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 11/28/2023) |
| 11/28/2023 | 27 | FIRST LETTER MOTION for Extension of Time *to respond to the Complaint* addressed to Judge Jessica G. L. Clarke from Genan F. Zilkha dated November 28, 2023. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 11/28/2023) |
| 12/01/2023 | 29 | ORDER: granting 27 Letter Motion for Extension of Time. The deadline for defendants Eric Adams, Rohit T. Aggarwala, and the New York City Department of Environmental Protection to answer, move or otherwise respond to the complaint is hereby EXTENDED to January 26, 2024. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 12/01/2023) (ama) (Entered: 12/01/2023) |
| 12/01/2023 | | Set/Reset Deadlines: Eric Adams answer due 1/26/2024; Rohit T Aggarwala answer due 1/26/2024; New York City Department of Environmental Protection answer due 1/26/2024. (ama) (Entered: 12/01/2023) |
| 12/01/2023 | 30 | NOTICE OF APPEARANCE by Kerri Ann Devine on behalf of Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Devine, Kerri) (Entered: 12/01/2023) |
| 12/08/2023 | 31 | LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*., 25 Memorandum of Law in Support of Motion addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 12/08/2023. Document filed by Mohamed John Akhtar. Return Date set for 12/11/2023 at 12:59 PM. (Attachments: # 1 Errata Dr. Shaari's Note). (Iannarelli, Anthony) (Entered: 12/08/2023) |
| 12/08/2023 | 32 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from Eric Eisenberg dated December 8, 2023 re: 31 LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*., 25 Memorandum of Law in Support of Motion addressed to Judge Jessica G. L. Clarke . Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit A - Correspondence between Eric Eisenberg and Plaintiffs counsel).(Eisenberg, Eric) (Entered: 12/08/2023) |

12/29/24, 10:27 PM

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?1251087156932

| | | |
|---|---|---|
| 12/11/2023 | 33 | ORDER granting 31 Letter Motion for Extension of Time to File Response/Reply re 31 LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6).,* 25 Memorandum of Law in Support of Motion addressed to Judge Jessica G. L. Clarke, 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6).* The Court is in receipt of the parties' letters. ECF Nos. 31-32. The deadline for Plaintiff's opposition to the motion to dismiss (ECF No. 24) is EXTENDED to December 27, 2023. The deadline for Defendant Eisenberg's reply is EXTENDED to January 23, 2024. The Clerk of Court is directed to terminate ECF No. 31. SO ORDERED. Responses due by 12/27/2023 Replies due by 1/23/2024. (Signed by Judge Jessica G. L. Clarke on 12/11/2023) (tg) (Entered: 12/11/2023) |
| 01/02/2024 | 34 | REPLY AFFIDAVIT of Mohammed John Akhtar in Opposition re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)..* Document filed by Mohamed John Akhtar. (Attachments: # 1 Exhibit Declaration by Plaintiff Akhtar, # 2 Exhibit Declaration by wtiness Sarah Hayes, # 3 Exhibit Declaration by counsel Anthony N. Iannarelli Jr.).(Iannarelli, Anthony) (Entered: 01/02/2024) |
| 01/02/2024 | 35 | MOTION to Disqualify Judge ., SECOND MOTION for Extension of Time .( Return Date set for 12/27/2023 at 11:59 PM.) Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 01/02/2024) |
| 01/02/2024 | 36 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from ERIC EISENBERG dated January 2, 2024 re: 35 MOTION to Disqualify Judge .SECOND MOTION for Extension of Time . . Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit A - Correspondence between Parties).(Eisenberg, Eric) (Entered: 01/02/2024) |
| 01/02/2024 | 37 | SECOND LETTER MOTION for Extension of Time to File Response/Reply as to 34 Reply Affidavit in Opposition to Motion, addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 01/02/2024. Document filed by Mohamed John Akhtar. Return Date set for 12/27/2023 at 11:59 PM..(Iannarelli, Anthony) (Entered: 01/02/2024) |
| 01/02/2024 | 38 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from ERIC EISENBERG dated January 2, 2024 re: 37 SECOND LETTER MOTION for Extension of Time to File Response/Reply as to 34 Reply Affidavit in Opposition to Motion, addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 01/02/2024. . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 01/02/2024) |
| 01/09/2024 | 39 | ORDER: terminating 35 Motion to Disqualify Judge; granting 35 Letter Motion for Extension of Time. Plaintiff moves for a nunc pro tunc extension of time to oppose Defendant Eric Eisenberg's motion to dismiss. See ECF Nos. 35 (incorrectly titled "Motion to Disqualify Judge"); ECF No. 37 (correctly docketed letter seeking the same relief). The Court will consider Plaintiff's belated opposition because the motion is case dispositive and there is no prejudice to Defendant in doing so. However, no further extensions requested by counsel for Plaintiff that violate this Court's Individual Rules will be granted. Defendant Eric Eisenberg's deadline to reply in support of his motion is extended until January 30, 2024. The Clerk of Clerk is directed to close ECF Nos. 35 and 37. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 1/09/2024) (ama) (Entered: 01/09/2024) |

| 01/09/2024 | | Set/Reset Deadlines: Replies due by 1/30/2024. (ama) (Entered: 01/09/2024) |
|---|---|---|
| 01/09/2024 | 40 | ORDER OF REFERENCE TO A MAGISTRATE JUDGE: Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement) and Dispositive Motion (i.e., motion requiring a Report and Recommendation). All such Motions. Referred to Magistrate Judge Valerie Figueredo. SO ORDERED. Motions referred to Valerie Figueredo. (Signed by Judge Jessica G. L. Clarke on 1/09/2024) (ama) (Entered: 01/09/2024) |
| 01/26/2024 | 41 | FIRST MOTION to Dismiss *the Complaint*. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 01/26/2024) |
| 01/26/2024 | 42 | MEMORANDUM OF LAW in Support re: 41 FIRST MOTION to Dismiss *the Complaint*. . Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 01/26/2024) |
| 01/26/2024 | 43 | FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated January 26, 2024. Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit 1 - FOIL Documents from OATH, # 2 Exhibit 2 - Correspondence with Mr. Iannarelli).(Eisenberg, Eric) (Entered: 01/26/2024) |
| 01/29/2024 | 44 | INITIAL CASE MANAGEMENT CONFERENCE ORDER: This action is scheduled for an Initial Case Management Conference in accordance with Rule 16(b) of the Federal Rules of Civil Procedure on Monday, March 04, 2024 at 10:00 a.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code 9781335 . Initial Conference set for 3/4/2024 at 10:00 AM before Magistrate Judge Valerie Figueredo. (Signed by Magistrate Judge Valerie Figueredo on 1/29/2024) (rro) (Entered: 01/29/2024) |
| 01/29/2024 | 45 | MEMO ENDORSEMENT granting 43 Motion for Extension of Time to File Response/Reply re 43 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated January. ENDORSEMENT: Application Granted. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 43. Replies due by 2/29/2024. (Signed by Magistrate Judge Valerie Figueredo on 1/29/2024) (rro) (Entered: 01/29/2024) |
| 02/06/2024 | 46 | LETTER MOTION to Stay *discovery pending determination of motions to dismiss* addressed to Magistrate Judge Valerie Figueredo from Kerri Devine and Genan F. Zilkha dated February 6, 2024. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 02/06/2024) |
| 02/07/2024 | 47 | ORDER granting 46 Letter Motion to Stay re: 46 LETTER MOTION to Stay *discovery pending determination of motions to dismiss* addressed to Magistrate Judge Valerie Figueredo from Kerri Devine and Genan F. Zilkha dated February 6, 2024. Application Granted. The motion for a stay of discovery pending resolution of Defendants' motion to dismiss is granted because Defendants have shown good cause |

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?1251087156932

for a stay. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 46. (Signed by Magistrate Judge Valerie Figueredo on 2/7/2024) (rro) (Entered: 02/07/2024)

| 02/15/2024 | 48 | FIRST LETTER MOTION to Stay re: 47 Order on Motion to Stay,, 44 Order for Initial Pretrial Conference,, *Initial Case Management Conference* addressed to Magistrate Judge Valerie Figueredo from Kerri Devine and Genan F. Zilkha dated February 15, 2024. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Zilkha, Genan) (Entered: 02/15/2024) |
|---|---|---|
| 02/19/2024 | 49 | LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/19/2023. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 02/19/2024) |
| 02/19/2024 | 50 | ***SELECTED PARTIES*** LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/19/2024. Document filed by Mohamed John Akhtar, Eric Adams.Motion or Order to File Under Seal: 19 .(Iannarelli, Anthony) (Entered: 02/19/2024) |
| 02/19/2024 | 51 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated February 19, 2024 re: 49 LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/19/2023. . Document filed by Eric Eisenberg.. (Eisenberg, Eric) (Entered: 02/19/2024) |
| 02/21/2024 | 52 | ORDER granting 48 Letter Motion to Stay re: 48 FIRST LETTER MOTION to Stay re: 47 Order on Motion to Stay,, 44 Order for Initial Pretrial Conference,, *Initial Case Management Conference* addressed to Magistrate Judge Valerie Figueredo from Kerri Devine and Genan F. Zilkha dated F. Application Granted. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 48. (Signed by Magistrate Judge Valerie Figueredo on 2/21/2024) (rro) (Entered: 02/21/2024) |
| 02/21/2024 | 53 | LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/21/2024. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 02/21/2024) |
| 02/23/2024 | 54 | ORDER granting 53 Letter Motion for Extension of Time. Application Granted. Plaintiffs' request for an extension is GRANTED. Plaintiffs' counsel has provided good cause for the extension request as detailed in ECF No. 50. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 49, 50, and 53. (Signed by Magistrate Judge Valerie Figueredo on 2/21/2024) (rro) (Entered: 02/23/2024) |
| 02/24/2024 | 55 | SECOND LETTER MOTION for Extension of Time to File Response/Reply *in support of Eric Eisenberg's Motion to Dismiss* addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated February 24, 2024. Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit 1 - Correspondence with Mr. Ianarelli). (Eisenberg, Eric) (Entered: 02/24/2024) |
| 02/26/2024 | 56 | ORDER granting 55 Letter Motion for Extension of Time to File Response/Reply re 55 SECOND LETTER MOTION for Extension of Time to File Response/Reply *in support of Eric Eisenberg's Motion to Dismiss* addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated February 24, 2024. Application Granted. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 55. Replies due by 3/28/2024.. (Signed by Magistrate Judge Valerie Figueredo on 2/26/2024) (rro) |

12/29/24, 10:27 PM

| | | (Entered: 02/26/2024) |
|---|---|---|
| 03/08/2024 | 57 | LETTER MOTION to Seal *(unseal docket item 50)* addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 8, 2024. Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit 1 - Correspondence with Mr. Iannarelli). (Eisenberg, Eric) (Entered: 03/08/2024) |
| 03/11/2024 | 58 | LETTER RESPONSE to Motion addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/11/2024 re: 57 LETTER MOTION to Seal *(unseal docket item 50)* addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 8, 2024. *Opposition to Motion and request for conference.* Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 03/11/2024) |
| 03/11/2024 | 59 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 11, 2024 re: 57 LETTER MOTION to Seal *(unseal docket item 50)* addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 8, 2024. . Document filed by Eric Eisenberg.. (Eisenberg, Eric) (Entered: 03/11/2024) |
| 03/13/2024 | 60 | ORDER: Plaintiffs' counsel is therefore directed to submit any renewed request to seal his letter at ECF No. 50 that makes a sufficient showing under Lugosch by no later than April 5, 2024. The Clerk of Court is respectfully directed to maintain ECF No. 50 under seal for the time being. In filings from both Plaintiffs' counsel and Defendant Eisenberg, there appears to be confusion about the briefing schedule for the pending motion to dismiss. The prior deadline for Plaintiffs' opposition was March 9, 2024. The Court hereby extends that deadline to April 9, 2024. Any replies from Defendants are new due April 16, 2024. Lastly, in his letter at ECF No. 58, Plaintiffs' counsel raises the idea of settling the claims in this case. A pre-settlement conference call to discuss the potential for a settlement conference is scheduled for Tuesday, April 30, 2024 at 10:00 a.m. Counsel for the parties are directed to call Judge Figueredos AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code 9781335 . SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 3/13/2024) ( Responses due by 4/9/2024, Replies due by 4/16/2024., Telephone Conference set for 4/30/2024 at 10:00 AM before Magistrate Judge Valerie Figueredo.) (ks) (Entered: 03/13/2024) |
| 04/05/2024 | 61 | LETTER MOTION to Continue *rescinding sealing of document* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/05/2024. Document filed by Mohamed John Akhtar. (Attachments: # 1 Supplement Letter from medical doctor).(Iannarelli, Anthony) (Entered: 04/05/2024) |
| 04/06/2024 | 62 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated April 6, 2024 re: 61 LETTER MOTION to Continue *rescinding sealing of document* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/05/2024. *(Opposition to Plaintiffs' procedurally improper request for reconsideration of March 13, 2024 order denying in-person settlement conference).* Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 04/06/2024) |
| 04/09/2024 | 63 | LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/09/2024. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: |

| | | |
|---|---|---|
| | | 04/09/2024) |
| 04/10/2024 | 64 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from Eric Eisenberg dated April 10, 2024 re: 63 LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/09/2024. . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 04/10/2024) |
| 04/10/2024 | 65 | LETTER MOTION for Extension of Time to File addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/10/2024. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 04/10/2024) |
| 04/11/2024 | 66 | ORDER granting 57 Letter Motion to Seal; terminating 61 Letter Motion to Continue; granting 63 Letter Motion for Extension of Time to File Response/Reply re 57 LETTER MOTION to Seal *(unseal docket item 50)* addressed to Magistrate Judge Valerie Figueredo from ERIC EISENBERG dated March 8, 2024., 61 LETTER MOTION to Continue *rescinding sealing of document* addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/05/2024., 63 LETTER MOTION for Extension of Time to File Response/Reply addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/09/2024., 65 LETTER MOTION for Extension of Time to File addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 04/10/2024.; terminating 65 Letter Motion for Extension of Time to File. In a separate letter, Plaintiffs' counsel requested another extension of time for Plaintiffs to file their response in opposition to the pending motion to dismiss. See ECF No. 63. The letter states that the City Defendants do not oppose the extension request, but Defendant Eric Eisenberg filed a letter opposing the request. See ECF No. 64. The extension requested by Plaintiffs' counsel is hereby granted. The deadline for Plaintiffs to file their opposition is now April 17, 2024. Any replies from Defendants are now due May 1, 2024. Lastly, in one of his letters, Plaintiffs' counsel also requested the Court amend the scheduled telephonic conference to an in-person meeting to aid settlement discussions. See ECF No. 61. The Court directs the Parties to the Court's previous Order to clarify that this scheduled conference is a pre-settlement conference, which will be an informal call to discuss the Parties' stance on settlement discussions and to schedule the settlement conference, which will occur in person. See ECF No. 60 The pre-settlement conference call to discuss the potential for a settlement conference thereby remains scheduled for Tuesday, April 30, 2024 at 10:00 a.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code 9781335 . The Clerk of Court is respectfully directed to terminate the Motions at ECF Nos. 57, 61, 63, and 65. Additionally, the Clerk of Court is respectfully directed to remove the viewing restrictions on ECF No. 50. (Responses due by 4/17/2024, Replies due by 5/1/2024.) (Signed by Magistrate Judge Valerie Figueredo on 4/11/2024) (rro) (Entered: 04/11/2024) |
| 04/11/2024 | | Set/Reset Hearings: Telephone Conference set for 4/30/2024 at 10:00 AM before Magistrate Judge Valerie Figueredo. (rro) (Entered: 04/11/2024) |
| 04/18/2024 | 67 | REPLY AFFIRMATION of Anthony Iannarelli in Opposition re: 41 FIRST MOTION to Dismiss *the Complaint*.. Document filed by Mohamed John Akhtar. (Attachments: # 1 Exhibit Declaration by Anthony Iannarelli Esq., # 2 Exhibit Declaration of Mohamed John Akhtar).(Iannarelli, Anthony) (Entered: 04/18/2024) |

| 04/22/2024 | 68 | REPLY MEMORANDUM OF LAW in Support re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. . Document filed by Eric Eisenberg.. (Eisenberg, Eric) (Entered: 04/22/2024) |
|---|---|---|
| 04/22/2024 | 69 | REPLY AFFIRMATION of Eric Eisenberg in Support re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*.. Document filed by Eric Eisenberg. (Attachments: # 1 Exhibit 1 - Correspondence between Counsel Iannarelli and OATH, # 2 Exhibit 2 - Document Showing La Buca Rescheduling Non-Noise Summons out of Default, # 3 Exhibit 3 - Summary Document Showing OATH Hearings Division Processing Over 19 Million Summonses, # 4 Exhibit 4 - Cited Lombardo Decision, # 5 Exhibit 5 - OATH Documents re October 11 2022 Neighborhood Summonses, # 6 Exhibit 6 - OATH Documents re Selected Dismissals of 244b Noise Summonses, # 7 Exhibit 7 - OATH Documents Showing Success by La Buca in Fighting (Non-Noise) Summonses at OATH).(Eisenberg, Eric) (Entered: 04/22/2024) |
| 04/30/2024 | | Minute Entry for proceedings held before Magistrate Judge Valerie Figueredo: Status Conference held on 4/30/2024. (sjo) (Entered: 04/30/2024) |
| 04/30/2024 | 70 | ORDER: A settlement conference in this matter is scheduled for Monday, September 23, 2024 at 2:00 p.m., in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. Parties must attend the settlement conference, accompanied by that party's attorney, and corporate parties must send a representative with decision making authority to settle the matter to the conference. Plaintiff is required to make a demand prior to the conference, and Defendant must respond to that demand, prior to the conference. The parties are instructed to prepare pre-conference submissions in accordance with the Judge Figueredo's Standing Order Applicable to Settlement Conferences (located at https://www.nysd.uscourts.gov/hon-valerie-figueredo). Pre-conference submissions must be received by the Court no later than September 16, 2024. Settlement Conference set for 9/23/2024 at 02:00 PM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Valerie Figueredo. (Signed by Magistrate Judge Valerie Figueredo on 4/30/2024) (rro) (Entered: 04/30/2024) |
| 05/01/2024 | 71 | REPLY MEMORANDUM OF LAW in Support re: 41 FIRST MOTION to Dismiss *the Complaint*. . Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Devine, Kerri) (Entered: 05/01/2024) |
| 06/05/2024 | 72 | REPORT AND RECOMMENDATION re: 41 FIRST MOTION to Dismiss *the Complaint*. filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection, 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. filed by Eric Eisenberg Objections to R&R due by 6/20/2024. For the foregoing reasons, I respectfully recommend that Eisenberg's motion to dismiss be GRANTED. I further recommend that the City Defendants' motion to dismiss also be GRANTED. As to Counts I and IV in the complaint, I recommend that the claims be dismissed with prejudice. And as to Counts II, III, and V, I recommend that those counts be dismissed without prejudice and that Plaintiffs be granted leave to amend. (Signed by Magistrate Judge Valerie Figueredo on 6/5/2024) (rro) (Entered: 06/05/2024) |
| 06/20/2024 | 73 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** APPEAL OF MAGISTRATE JUDGE DECISION to District Court from 72 Report and Recommendations,,,. Document filed by Eric Eisenberg. Copies of Appeal of Magistrate Judge Decision to District Court served on Attorney(s) of Record: June 20 |

2024..(Eisenberg, Eric) Modified on 6/21/2024 (tp). (Entered: 06/20/2024)

| | | |
|---|---|---|
| 06/21/2024 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Eric Eisenberg to RE-FILE Document 73 Appeal of Magistrate Judge Decision to District Court. Use the event type Objection to Report and Recommendations found under the event list Other Answers. (tp) (Entered: 06/21/2024) |
| 06/21/2024 | 74 | OBJECTION to 72 Report and Recommendations *(re-filing of June 20, 2024 filing due to court notice as to appropriate ECF event identification) (limited objections as to recommendation that dismissals of certain claims be without prejudice and with leave to amend)* Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 06/21/2024) |
| 06/21/2024 | 75 | RESPONSE to Motion re: 24 MOTION to Dismiss *pursuant to F.R.C.P 12(b)(1), (2), (4), (5) and (6)*. . Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 06/21/2024) |
| 06/21/2024 | 76 | OBJECTION to 72 Report and Recommendations Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 06/21/2024) |
| 06/21/2024 | 77 | LETTER MOTION for Extension of Time to File addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 06/21/2024. Document filed by Mohamed John Akhtar. (Attachments: # 1 Exhibit Letter from medical doctor).(Iannarelli, Anthony) (Entered: 06/21/2024) |
| 06/21/2024 | 78 | MOTION to Serve *Service of Letter Motion and Opposition*. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 06/21/2024) |
| 06/22/2024 | 79 | LETTER RESPONSE in Opposition to Motion addressed to Judge Jessica G. L. Clarke from Eric Eisenberg dated June 22, 2024 re: 77 LETTER MOTION for Extension of Time to File addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 06/21/2024. . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 06/22/2024) |
| 06/24/2024 | 80 | LETTER MOTION for Extension of Time addressed to Judge Jessica G. L. Clarke from Anthony Iannarelli dated 6/24/2024. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 06/24/2024) |
| 06/25/2024 | 81 | ORDER terminating 77 Letter Motion for Extension of Time to File ; terminating 78 Motion to Serve ; terminating 80 Letter Motion for Extension of Time. The Court will consider Plaintiff's belated objection (ECF No. 76) to the R&R (ECF No. 72) in light of counsel's medical circumstances and because the motion to dismiss is case dispositive and there is no prejudice to Defendants in doing so. The Court will also consider the objection to the R&R by pro se Defendant Eric I. Eisenberg, which was also filed on June 21, 2024. See ECF No. 74. The parties are advised that further untimely filings will not be considered and that further extension requests that violate this Courts Individual Rules will not be granted. The Clerk of Clerk is directed to terminate ECF Nos. 77, 78 and 80. SO ORDERED. (Signed by Judge Jessica G. L. Clarke on 6/24/2024) (tg) (Entered: 06/25/2024) |
| 06/25/2024 | 82 | LETTER MOTION to Reopen re: 79 Response in Opposition to Motion, 81 Order on Motion for Extension of Time to File, Order on Motion to Serve,,,,,,,, *(Letter Request for Clarification)* addressed to Judge Jessica G. L. Clarke from Eric Eisenberg dated June 25, 2024. Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: |

| | | |
|---|---|---|
| | | 06/25/2024) |
| 07/02/2024 | 83 | RESPONSE re: 76 Objection to Report and Recommendations . Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection..(Devine, Kerri) (Entered: 07/02/2024) |
| 07/05/2024 | 84 | RESPONSE re: 76 Objection to Report and Recommendations . Document filed by Eric Eisenberg..(Eisenberg, Eric) (Entered: 07/05/2024) |
| 08/19/2024 | 85 | ORDER ADOPTING REPORT AND RECOMMENDATION for 72 Report and Recommendations on 41 Motion to Dismiss filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection, 24 Motion to Dismiss filed by Eric Eisenberg, 82 Motion to Reopen, filed by Eric Eisenberg. Plaintiffs shall have one opportunity to amend with respect to Counts II, III, and V of the Complaint. Thus, the R&R is ADOPTED in its entirety. Counts I and IV of the Complaint are DISMISSED with prejudice. Counts II, III, and V are DISMISSED without prejudice. The deadline for Plaintiffs to file a second amended complaint in compliance with this Order is September 16, 2024. The Clerk of Court is directed to terminate ECF Nos. 24, 41 and 82. SO ORDERED. ( Amended Pleadings due by 9/16/2024.) (Signed by Judge Jessica G. L. Clarke on 8/19/2024) (vfr) (Entered: 08/19/2024) |
| 08/27/2024 | 86 | ORDER RESCHEDULING SETTLEMENT CONFERENCE: A settlement conference in this matter is rescheduled for Monday, September 23, 2024 at 10:00 a.m., in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. Parties must attend the settlement conference, accompanied by that party's attorney, and corporate parties must send a representative with decision making authority to settle the matter to the conference.Plaintiff is required to make a demand prior to the conference, and Defendant must respond to that demand, prior to the conference. The parties are instructed to prepare pre-conference submissions in accordance with the Judge Figueredo's Standing Order Applicable to Settlement Conferences (located at https://www.nysd.uscourts.gov/hon-valerie-figueredo). Pre-conference submissions must be received by the Court no later than September 16, 2024.SO ORDERED. (Settlement Conference set for 9/23/2024 at 10:00 AM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Valerie Figueredo.) (Signed by Magistrate Judge Valerie Figueredo on 8/27/2024) (sgz) (Entered: 08/27/2024) |
| 09/03/2024 | 87 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE OF APPEAL TO THE FEDERAL CIRCUIT. Form 7 and Form 22 are due within 14 days. Document filed by Mohamed John Akhtar. Filing fee $ 605.00, receipt number ANYSDC-29834641..(Iannarelli, Anthony) Modified on 9/3/2024 (tp). Modified on 9/3/2024 (tp). (Entered: 09/03/2024) |
| 09/03/2024 | 88 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from 85 Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Form 7 and Form 22 are due within 14 days. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/3/2024 (tp). (Entered: 09/03/2024) |

| | | |
|---|---|---|
| 09/03/2024 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR.** Notice to Attorney Anthony Iannarelli to RE-FILE Document <u>87</u> Notice of Appeal to the Federal Circuit. Use the event type Notice (Other) found under the event list Notices. (tp) (Entered: 09/03/2024) |
| 09/03/2024 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR.** Notice to Attorney Anthony Iannarelli to RE-FILE Document <u>88</u> Notice of Appeal to the Federal Circuit. Use the event type Affidavit of Service Other found under the event list Service of Process. (tp) (Entered: 09/03/2024) |
| 09/03/2024 | 89 | NOTICE of Proof of Service By Affirmatoin re: <u>85</u> Order Adopting Report and Recommendations, Set Deadlines,,,,,. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 09/03/2024) |
| 09/03/2024 | 90 | AFFIDAVIT OF SERVICE of Proof of Service by Attorney Affirmation served on Eric Adams, Rohit T. Aggarwala, New York City Deparment of Environmental Protection, Eric M. Eisenberg on 09/03/2024. Service was made by Mail. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/03/2024) |
| 09/03/2024 | 91 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** NOTICE OF APPEAL TO THE FEDERAL CIRCUIT from <u>85</u> Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Form 7 and Form 22 are due within 14 days. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/4/2024 (tp). (Entered: 09/03/2024) |
| 09/03/2024 | 92 | NOTICE OF APPEAL from <u>85</u> Order Adopting Report and Recommendations, Set Deadlines,,,. Document filed by Mohamed John Akhtar. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Iannarelli, Anthony) (Entered: 09/03/2024) |
| 09/03/2024 | 93 | AFFIDAVIT OF SERVICE of A Notice of Appeal of Order served on Eric Adams, Rohit T. Aggarwala, New York City Deparment of Environmental Protection, Eric M. Eisenberg on 09/03/2024. Service was made by Mail and electronic filing. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/03/2024) |
| 09/04/2024 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR.** Notice to Attorney Anthony Iannarelli to RE-FILE Document <u>91</u> Notice of Appeal to the Federal Circuit. Use the event type Notice (Other) found under the event list Notices. (tp) (Entered: 09/04/2024) |
| 09/04/2024 | | Appeal Fee Paid electronically via Pay.gov: for <u>92</u> Notice of Appeal. Filing fee $ 605.00. Pay.gov receipt number ANYSDC-29834641, paid on 9/3/2024. (tp) (Entered: 09/04/2024) |
| 09/04/2024 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: <u>92</u> Notice of Appeal. (tp) (Entered: 09/04/2024) |
| 09/04/2024 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for <u>92</u> Notice of Appeal filed by Mohamed John Akhtar were transmitted to the U.S. Court of Appeals. (tp) (Entered: 09/04/2024) |
| 09/04/2024 | 94 | NOTICE of Permission to File Interlocutory Appeal re: <u>85</u> Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Document filed by Mohamed John Akhtar.. (Iannarelli, Anthony) (Entered: 09/04/2024) |

| 09/04/2024 | 95 | NOTICE of Correct typographical errors in Permission fo Interlocutory Appeal re: 85 Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/04/2024) |
| 09/04/2024 | 96 | AFFIDAVIT OF SERVICE of Amended Request to File Interlocutory Aooeal served on Eric Adams, Rohit T. Aggarwala, New York City Deparment of Environmental Protection, Eric M. Eisenberg on 09/04/2024. Service was made by Mail & electronic service. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/04/2024) |
| 09/06/2024 | 97 | LETTER MOTION to Adjourn Conference addressed to Magistrate Judge Valerie Figueredo from Kerri A.Devine dated September 6, 2024. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection.. (Devine, Kerri) (Entered: 09/06/2024) |
| 09/10/2024 | 98 | ORDER ADJOURNING SETTLEMENT CONFERENCE granting 97 Letter Motion to Adjourn Conference In light of the Court's order dismissing Plaintiffs' claims, ECF No. 85, the settlement conference in this matter currently scheduled for September 23, 2024 at 10:00 a.m. is hereby adjourned. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 97. SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 9/10/2024) (jca) (Entered: 09/10/2024) |
| 09/16/2024 | 99 | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR** AMENDED COMPLAINT amending 1 Complaint, against Eric Eisenberg with JURY DEMAND.Document filed by Mohamed John Akhtar. Related document: 1 Complaint,..(Iannarelli, Anthony) Modified on 9/17/2024 (jgo). (Entered: 09/16/2024) |
| 09/16/2024 | 100 | **FILING ERROR - SUMMONS REQUESTED - WRONG EVENT TYPE SELECTED FROM MENU** - REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: 99 Amended Complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/17/2024 (jgo). (Entered: 09/16/2024) |
| 09/16/2024 | 101 | **FILING ERROR - SUMMONS REQUESTED - WRONG EVENT TYPE SELECTED FROM MENU** - REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: 99 Amended Complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/17/2024 (jgo). (Entered: 09/16/2024) |
| 09/17/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Anthony Nicholas Iannarelli, Jr to RE-FILE re: Document No. 99 Amended Complaint,. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; John and Jane Docs One through Thirty were previously terminated and must be added as a new party; all of the filers were not selected for the pleading; all of the wrong parties whom the pleading is against were not selected. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents.. Re-file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (jgo) (Entered: |

| 09/17/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli ,Jr to RE-FILE Document No. 101 Request for Issuance of Amended Summons, 100 Request for Issuance of Amended Summons,. The filing is deficient for the following reason(s): the wrong event type was used to file the request for issuance of summons; all of the filers were not selected for the request for issuance of summons; the summons request was not processed due to deficient pleading. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo) (Entered: 09/17/2024) |
|---|---|---|
| 09/18/2024 | 102 | FILING ERROR SUMMONS NOT LINKED TO CORRESPONDING PLEADING- REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: 99 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 9/19/2024 (pc). (Entered: 09/18/2024) |
| 09/18/2024 | 103 | FILING ERROR SUMMONS NOT LINKED TO CORRESPONDING PLEADING- REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: 99 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 9/19/2024 (pc). (Entered: 09/18/2024) |
| 09/19/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document No. 103 Request for Issuance of Amended Summons, 102 Request for Issuance of Amended Summons,. The filing is deficient for the following reason(s): the wrong event type was used to file the request for issuance of summons; the summons request was not processed due to deficient pleading;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pc) (Entered: 09/19/2024) |
| 10/07/2024 | 104 | AMENDED COMPLAINT amending 99 Amended Complaint, against Eric M. Eisenberg, John and Jane Does One through Thirty with JURY DEMAND.Document filed by La Buca Restaurant, Inc., Mohamed John Akhtar. Related document: 99 Amended Complaint,..(Iannarelli, Anthony) Modified on 10/8/2024 (vf). Modified on 10/10/2024 (gp). (Entered: 10/07/2024) |
| 10/07/2024 | 105 | REQUEST FOR ISSUANCE OF SUMMONS as to Eric M Eisenberg, re: 104 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 10/8/2024 (vf). Modified on 10/10/2024 (gp). (Entered: 10/07/2024) |
| 10/07/2024 | 106 | FILING ERROR - PDF ERROR REQUEST FOR ISSUANCE OF SUMMONS as to Eric M Eisenberg, re: 104 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 10/8/2024 (vf). Modified on 10/10/2024 (gp). Modified on 10/10/2024 (gp). (Entered: 10/07/2024) |
| 10/10/2024 | 107 | ELECTRONIC SUMMONS ISSUED as to Eric M. Eisenberg..(gp) (Entered: 10/10/2024) |

| 10/10/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document No. <u>106</u> Request for Issuance of Summons,. The filing is deficient for the following reason(s): party name on the TO section of the PDF does not match the entire name of the party on the pleading/docket. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (gp) (Entered: 10/11/2024) |
|---|---|---|
| 10/11/2024 | <u>108</u> | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR - REQUEST FOR ISSUANCE OF SUMMONS as to Eric M Eisenberg, re: <u>104</u> Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 10/15/2024 (pc). (Entered: 10/11/2024) |
| 10/15/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document No. <u>108</u> Request for Issuance of Summons,. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; Party name contains a typo;. Re-file the document using the event type Request for Issuance of Amended Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pc) (Entered: 10/15/2024) |
| 10/16/2024 | <u>109</u> | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU AFFIDAVIT OF SERVICE served on Eric M Eisenberg. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: <u>104</u> Amended Complaint. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) Modified on 10/17/2024 (sj). (Entered: 10/16/2024) |
| 10/17/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli, Jr to RE-FILE Document No. <u>109</u> Affidavit of Service Other, Request for Issuance of Amended Summons. The filing is deficient for the following reason(s): the wrong event type was used to file the request for issuance of summons. Re-file the document using the event type Request for Issuance of Amended Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (sj) (Entered: 10/17/2024) |
| 10/29/2024 | <u>110</u> | FILING ERROR - SUMMONS REQUEST PDF ERROR - REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: <u>104</u> Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc... (Iannarelli, Anthony) Modified on 10/30/2024 (jgo). (Entered: 10/29/2024) |
| 10/30/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document No. <u>110</u> Request for Issuance of Amended Summons,. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; do not modify the form;. Re-file the document using the event type Request for Issuance of Amended Summons found under the event list Service of Process - select the correct filer/filers - and attach |

| | | the correct summons form PDF. (jgo) (Entered: 10/30/2024) |
|---|---|---|
| 11/14/2024 | 111 | REQUEST FOR ISSUANCE OF SUMMONS as to Eric M. Eisenberg, re: 104 Amended Complaint,. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 11/14/2024) |
| 11/14/2024 | 112 | ELECTRONIC AMENDED SUMMONS ISSUED as to Eric M. Eisenberg..(gp) (Entered: 11/14/2024) |
| 11/30/2024 | 113 | NOTICE of Removal of Case from State Court. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 11/30/2024) |
| 12/21/2024 | 114 | NOTICE of Amended Removal of State Court Case. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc.. (Attachments: # 1 Exhibit State Court Complaint).(Iannarelli, Anthony) (Entered: 12/21/2024) |
| 12/21/2024 | 115 | CERTIFICATE OF SERVICE of Amended Notice of Removal served on Hon. Peter Sorrentino, Acting Clerk of the Court, NYS Supreme, Civil Term, Genan Faye Zilkha, Kerri Ann Devine, William J. Cortellesa, & Eric M Eisenberg on 12/21/2021. Service was made by Mail & electronic service. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 12/21/2024) |

### PACER Service Center
#### Transaction Receipt
12/29/2024 22:16:26

| PACER Login: | iannarelli | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:23-cv-06585-JGLC-VF |
| Billable Pages: | 16 | Cost: | 1.60 |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,

     Plaintiffs,

        v.

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

     Defendants.

Case No. 23-cv-

Jury Trial: X Yes    No

## VERIFIED CIVIL COMPLAINT AND REQUEST FOR TEMPORARY RESTRAINING ORDER

Plaintiffs Mohamed John Akhtar and Swing 46 Dinner & Dance Club plead as follows:

## I. The Parties

1. Plaintiff Mohamed John Akhtar (hereinafter "plaintiff Akhtar"), is a person and citizen of the United States of American, with a business address of 349 46th Street, Borough of Manhattan, New York 10036, and is within the jurisdiction of the United States District Court for the Southern District of New York.

2. Plaintiff Akhtar is a naturalized United States Citizen from the County of

Bangladesh. As such, he is within a protected class for the purposes of federal civil rights litigation.

3. La Buca Restaurant, Inc., d/b/a as Swing 46 Jazz and Supper Club Dinner (hereinafter " plaintiff Swing 46") is a corporation with a business address of 349 46th Street, Borough of Manhattan, New York 10036. Swing 46 is owned by plaintiff Akhtar and is within the jurisdiction of the United States District Court for the Southern District of New York.

4. Defendant Mayor Eric Adams, (hereinafter "defendant Adams") is a person and Mayor of the City of New York, with a business address of City Hall, New York 10007, and and is within the jurisdiction of the United States District Court for the Southern District of New York. Defendant Adams is ultimately responsible for the operations of departments and agencies of the City of New York, among them defendant New York Department of Environmental Protection. Defendant Adams is also responsible for conduct the employees, agents, servants, and contractors for the City of New York.

5. Defendant Rohit T. Aggarwala, (hereinafter "defendant Aggarwala"), is a person and the Commissioner for the defendant NYCDEP, with a business address of 59-17 Junction Blvd., Flushing, New York 11373, and is responsible for his employees, agents, servants, and contractors. Upon information and belief, defendant Aggarwala conducts governmental business in the Borough of

Manhattan, and is within the jurisdiction of the United States District Court for the Southern District of New York.

6. Defendant New York City Department of Environmental Protection (hereinafter "defendant NYCDEP") is an agency or department of the City of New York, providing governmental services within the Borough of Manhattan, and is within the jurisdiction of the United States District Court for the Southern District of New York. Defendant NYCDEP is responsible for maintaining a safe environment for the citizens and visitors of the City of New York.

7. Defendant Eric I. Eisenberg, (hereinafter "defendant Eisenberg") is, upon information and belief, a resident of the Borough of Manhattan, New York, and is within the jurisdiction of the United States District Court for the Southern District of New York. He currently lists a post office box as a return address and his residential address will be provided as soon as it becomes known to plaintiffs.

8. Upon information and belief, defendant Eisenberg is acting as a for-profit agent or servant for the City of New York and defendants Adams, NYCDEP, and Aggarwalla by issuing summonses for "noise" complaints against plaintiffs and other businesses and merchants in or about what is commonly known as "Restaurant Row" and more specifically plaintiffs address at 46th Street, Manhattan.

9. Defendant Eisenberg has been observed engaging in a scheme to

fraudulently collect "evidence" against "Restaurant Row" merchants by placing a listening device, that according to witnesses appears to be a cell phone, directly against speakers or glass windows of plaintiffs' establishment and then claiming the business is violating a City of New York noise code. Eisenberg then files a complaint with defendant NYCDEP for which, if his complaint is sustained, he fraudulently collects a "bounty," that, upon information and belief, can exceed the sum of two hundred dollars or more per complaint.

10. John & Jane Does One through Thirty are fictitious names for persons, corporations, or other entities whose identities are presently unknown but will be identified as soon as the names become available; or, alternatively, if known, will be identified if facts develop such that there is a legal basis to be named in the complaint herein.

## II.   Jurisdiction and Venue

11. Subject matter jurisdiction exists pursuant Article III of the United States Constitution and the power vested in the federal courts giving authority to address federal constitutional questions, along with federal law such as, but not limited to, the Civil Rights Act of 1964, Title 42 United States Code § 1983, and as amended.

12.  Supplemental jurisdiction exists pursuant to 28 United States Code § 1367 because the additional claims are so related to the the facts herein they form part of the same case or controversy.

13.  Venue is proper in this Court pursuant to 28 United States Code § 1391(b)(1) and (2) because private defendants operate or do business within the Southern District of New York, and a substantial part of defendants' acts or omissions giving rise to plaintiffs' claims occurred in this District.

## Facts of the Case

14.  Plaintiffs provide a forum that, in addition to dining, includes live singing and music. Patrons can have diner and engage in "swing dancing," an art form of dance dating back to the early jazz era. Lately, the dance has been undergoing a revival, drawing both local talent and, most significantly, tourists looking for something uniquely of a New York style.

15.  Recently plaintiffs began receiving summonses over alleged noise complaints issued by private citizens, among them defendant Eisenberg. There is no evidence that members of defendant NYCDEP actually do the testing to determine the level of noise emanating from plaintiffs' establishment.

16. Apparently defendants Adams, NYCDEP and Aggarwala are relying on a civilian "policing force" for issuing noise summonses. Notwithstanding the fact defendants Adams, NYCDEP and Aggarwala have been asked to produce, they

continue refusing to provide any evidence of training that this policing force undergoes before issuing summonses. Nor have they disclosed what devices are used to measure sound, and if a sound measuring device is utilized, what training is provided not only for its actual use, but proper calibration of the instrument. Defendants Adams, NYCDEP and Aggarwala are preventing plaintiffs from putting on a defense by their failure to turn over "discovery" material as had been requested by plaintiffs' counsel.

17. The civilian summonses are submitted to defendant NYCDEP where ultimately a fine may be imposed, and, as in plaintiffs' case, without due process of law. These fines are extreme with a first offense costing over $1,000.00, and for a third office, over $5,000.00. Because plaintiffs have received at least a half dozen of these summonses, with one being in default, they face crippling fines.

18. The fines are then ultimately converted to legal judgments. The speed for which this process is unusual for an agency of the City of New York making the conduct highly suspicious, and opening plausibility a claim, as some merchants have made, that they are under assault with noise complaints to put them out of business to make way for casino gambling.

19. Upon collection of the imposed fine, a portion is given to the civilian making the claim. In other words, defendants are participating in a modern day bounty system. But they are not going after varmints for bounty, but rather,

running merchants into the ground with excessive fines based, as is known in some cases, upon fraudulently obtained "evidence. "

20. On or about May 12, 2023, plaintiffs made a formal demand to defendants NYCDEP, for the production of any evidence that would support the charges brought against plaintiffs. Defendant NYCDEP has refused to comply with the demand. This refusal to provide evidence before hearing or trial, in support of the claims defendants made against plaintiffs, has continued to this date.

21. By correspondence, dated July 1, 2023, to County Counsel, Hon. Sylvia O. Hinds-Radix, with copies to defendants Abrams and Aggarwala, notice was giving in writing over the over the existing problems, as partially stated above, and still no action to abate the situation has been taken. This correspondence was reinforced through phone calls to attorneys for the New York City Office of Corporate Counsel to no avail.

22. Upon being given ample and multiple notices, responsible officials, among them defendants Abrams and Aggarwala, still refuse to take appropriate action to stop the fraud that is damaging, among others, plaintiffs in this action.

23. In a glaring example of bureaucratic indifference, on Wednesday, July 26, 2023, defendant Aggarwala made a public televised appearance in behalf of himself and defendant NYCDEP. He made admissions that he is aware of the

motivation to issue complaints by civilians for financial gain, but he would still not be taking corrective action to stop the fraud from continuing.

24. Plaintiffs' have been damaged by defendants' scheme to fraudulently issue noise complaints risking the viability of the business. The business has been issued numerous summonses, with one having gone into default after being informed, wrongly, the case had been put over to another date.

25. Clearly, defendants Abrams and Aggarwalla, nor defendant NYCDEP as a public entity, have not the slightest interest in self-policing their fine collecting program and bounty system, such that damage to plaintiffs will continue until a responsible party takes the appropriate action to restrain this malfeasance from continuing.

26. The risk of losing his business has caused plaintiff Akhtar severe distress, affecting his heath and well being. Akhtar is an emigre from the Country of Bangladesh and a naturalized United States Citizen. He is fearful that a business he built himself over a period of more than thirty years is at risk because of the acts and/or omissions of these defendants.

27. The issuance of noise summonses by defendants only began recently, and was never a problem for plaintiffs in the past. But the summonses coincided with the recent announcement by the Mayor of the City of New York, defendant Adams, of the potential for casino gambling in the "Restaurant Row" mid-town area.

Plaintiff Akhtar is fearful that defendant Adams is trying to drive him, along with other merchants, out of business to make way for casino gambling.

28. Plaintiffs deny they are making noise that would warrant such harsh punishment. Indeed, while plaintiffs deny they are producing sound that would be actionable, the sound, if any, cannot be distinguishable from the din of sound produced by automobiles, people on the sidewalk, and other establishments.

29. Plaintiffs assert that the issuance of alleged noise complaints are being done fraudulently by individuals, among them defendant Eisenberg, for the purpose of harassment and wrongly attempting to collect money from plaintiff through a fraudulent bounty system sustained by defendants Adams, NYCDEP, and Aggarwala, if not upon their acts, then omissions.

## CAUSES OF ACTION

### Count One
### Title 42 United States Code §1983
### Violations of Plaintiff Mohamed John Akhtar's Civil Rights

30. Notwithstanding the fact that plaintiff Akhtar is an emigre from the County of Bangladesh, he retains the absolute right as a United State Citizen to be free from harassment by governmental entities, along with others, because of his national origin, race, color, and creed.

31. Plaintiff Akhtar, as an ethic Bangladeshi, that occupies a narrow niche

65

within American society. He is, by any account, a minority among minorities. As a result, he is particularly susceptible to government overreach and has ample reason, as this case has shown, to be fearful. He holds legitimate concerns he does not have a means to defend himself against powerful individuals and governmental entities.

32. Plaintiff Akhtar's fears have been partially borne out by defendants NYCDEP and Aggarwala actions, along with defendant Adams' indifference. These defendants are acting in a blatantly unconstitutional and unlawful effort to deprive plaintiff of his civil rights by not providing one scintilla of evidence that will be used to prosecute their case against him.

33. In addition to defendants Abrams, NYCDEP and Aggarwala's noncompliance, and their unconstitutional and unlawful conduct, a default has allowed to be been entered against plaintiff Akhtar for a case that he was wrongly led to believe had been adjourned. In a blatant denial of due process of law, a fine in excess of fifteen hundred dollars was imposed .

34. As a result of defendants' acts or omissions, plaintiffs have been damaged and suffered serious and potentially irreparable harm. Plaintiffs are of the belief that defendants will continue this conduct until held to account in a court-of-law.

Wherefore, plaintiffs seek judgment against defendants restraining them from

preventing plaintiff' right to defend against defendants' complaints, along with compensatory damages, punitive damages where allowed, court costs, attorney's fees, and other just relief.

Count Two

United States Constitutional Violations by<br>Defendants against Plaintiffs

Plaintiffs repeat the allegations in each and every paragraph and line above as if set forth at length herein.

35. Plaintiffs are entitled to constitutional safeguards upon being accused by defendants of an offense that includes severe financial penalties.

36. In accordance with the United State Constitution, plaintiffs are entitled, among other rights, the right of equal protection under the law, due process, a fair trial, right to a defense, and as with plaintiff Akhtar, a right to be free of discrimination.

37. As a result of defendants' Adams, NYCDEP, and Aggarwala's acts or omissions in denial of these rights, plaintiffs have been damaged and suffered serious and potentially irreparable harm, and will continue to suffer harm into the future under present conditions.

Wherefore, plaintiffs ask for judgment against defendants restraining them

from preventing plaintiffs' right to defend against defendants' complaints, along
with compensatory damages, punitive damages where allowed, court costs,
attorney's fees, and other just relief.

Count Three

Denial of Plaintiffs' right to Free Expression by defendants Abrams,
NYCDEP, and Aggarwala under the First Amendment of the United States
Constitution

38. Plaintiffs repeat the allegations in each and every paragraph and line above
as if set forth at length herein.

39. Plaintiffs provide a forum in which the public can "swing dance" to live
music and song. In addition to entertainment, it is also considered a form of art and
expression.

40. In spite of the difficulties any minority would face in developing a business,
though his long time efforts and endeavors, plaintiff Akhtar found a reasonable way
to make a living through developing art forms. Moreover, plaintiffs form of art and
expression are an asset to all residents of New York City and, in particular, the tourist
industry.

41. Participants in plaintiffs' music and dance forum are asked to come into the
premises and offered seating. While plaintiffs deny outdoor noise is occurring, if
sound were to "leak out," by chance upon opening a door to enter, that sound would
be indistinguishable from the everyday street noise.

42. Upon information and belief, the timing of defendants' unscrupulous crackdown on plaintiffs is highly suspicious. There is no logical explanation why defendants' conduct would suddenly occur out of nowhere, particularly where no offense has been committed. Defendants' conduct, upon information and belief, suggests defendants Abrams, NYCDEP, and Aggarwala are attempting to force plaintiff's out of business to make way for casino gambling.

43. Another theory garnered from recent press reports indicates the presence of religious zealotry within the ranks of City Hall. It may be that someone among those ranks is upset that people are dancing in public places, and they may find dancing is upsetting to their religious "sensibilities." But religious zealots' "rights" cannot extinguish plaintiffs' rights to free expression in accordance with the First Amendment of the United States Constitution. Nor can defendant Adams impose any religious beliefs upon citizens, nor establishment, in the City of New York.

44. Whatever the reasoning, and none of it makes any sense, defendants Abrams, NYCDEP, and Aggarwala may not restrain plaintiffs from the right to defend against defendants' very own complaints. But they are doings so by holding back evidence, some of which may be exculpatory, in an unlawful and unconstitutional manner that has damaged plaintiffs.

45. As a result of defendants Adams, NYCDEP, and Aggarwala's acts and/or

omissions, plaintiffs have been damaged and suffered serious harm, and will continue to suffer harm into the future unless restrained otherwise.

Wherefore, plaintiffs ask for judgment against defendants Adams, NYCDEP, and Aggarwala restraining them from preventing plaintiffs the right to defend against defendants' complaints, along with compensatory damages, punitive damages where allowed, court costs, attorney's fees, and other just relief.

## Count Four

### Pendent Jurisdiction
### Intentional, Reckless, and Negligent Infliction of Emotional Distress upon Plaintiff Akhtar by Defendants

46. Plaintiffs repeat the allegations in each and every paragraph and line above as if set forth at length herein.

47. As a result of all defendants' negligent, reckless, and/or intentional wrongful conduct, or acts or omissions, these defendants have inflicted upon plaintiff Akhtar severe emotional distress resulting in damage and serious harm.

Wherefore, plaintiffs ask for judgment against defendants restraining them for further inflicting emotional distress upon plaintiff Akhtar, and for compensatory damages, along with punitive damages where allowed, court costs, attorney's fees, and other just relief.

## Count Five

## Fraud

48. Plaintiffs repeat the allegations in each and every paragraph and line above as if set forth at length herein.

49. All defendants are issuing and punishing plaintiffs by issuing , or causing to be issued summonses, and wrongfully prosecuting plaintiffs with the use of fraudulently obtained "evidence."

50. Defendants continue this fraudulent conduct and plaintiffs have been severely damaged, and will continue to be damaged, by defendants' fraud.

Wherefore, plaintiffs ask for judgment against defendants for restraining them from continuing their fraudulent conduct, for compensatory damages, along with punitive damages where allowed, court costs, attorney's fees, and other just relief.

Dated: July 28, 2023     *Anthony N. Iannarelli Jr.*
                        Anthony N. Iannarelli Jr.
                        Attorney for Plaintiffs

Rule 11 Acknowledgement by Attorney Anthony N. Iannarelli Jr.

Under Federal Rule of Civil Procedure R. 11, and by signing below, I certify to the best of my knowledge, or upon information and belief, the complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or not by frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically identified, will likely have factual support after a reasonable opportunity for investigation or discovery; and (4) the complaint otherwise complies with Rule 11.

Dated: July 28, 2023

/s/ *Anthony N. Iannarelli Jr.*
Anthony N. Iannarelli Jr.
74 Lafayette Avenue
Suite 202 #116
Suffern, NY 10901
212-431-1031
Attorney for Plaintiffs

## Declaration in Verification of Complaint

Anthony N. Iannarelli Jr., an Attorney at Law of New York, declares and affirms to the following:

1. I am the trial attorney retained by plaintiffs Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club, in this complaint;

2. I verify that the Complaint is for, and on behalf of plaintiffs, and was duly prepared by me upon the request of plaintiffs;

3. I verify that the facts stated therein have been assembled by me, and that the allegations therein are true and correct based upon my direct knowledge, or upon information and belief;

4. For any facts that I cannot verify upon my direct knowledge, I can declare and verify they are offered upon my information and belief, and the sources of those facts have been affirmed to me as true and correct by reputable and reliable sources.

5. I declare under the penalty of perjury that the foregoing statements made by me are true and correct to the best of my knowledge.

Dated July 28, 2023          /s/ *Anthony N. Iannarelli Jr*
                             Anthony N. Iannarelli Jr.
                             74 Lafayette Avenue
                             Suite 202 #116
                             Suffern, NY 10901

73

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club,     Plaintiffs,           v. Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty,     Defendants. | Case No. 23-cv-6585 |

## Supplemental Declaration in Verification of Complaint

Mohamed John Akhtar, with an address of 349 46th Street, New York, New York 10036, of full age, declares and affirms to the truth of the statements made below:

1. I am the plaintiff in the above captioned matter and the business owner of plaintiff La Buca Restaurant, Inc., d/b/a Swing 46 Jazz and Supper Club. I verify to the facts stated in the verified complaint herein, dated July 28, 2023, filed against defendants Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty. The complaint was filed upon my request by my attorney, Anthony N. Iannarelli Jr.

2. I verify that the facts and allegations stated therein are true and correct based upon my direct knowledge.

3. For any facts that I cannot verify upon my own direct knowledge, I declare and verify they are offered upon information and belief. The sources of those facts have affirmed to me as being true and correct, and those sources are known to me as reputable and reliable individuals.

I declare under the penalty of perjury that the foregoing statements made by me are truthful, and for any statement knowingly made false I can be subject to punishment.

Dated: November 11, 2023

_____
Mohamed John Akhtar

Witness _____
Anthony N. Iannarelli Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————

| MOHAMED JOHN AKHTAR and LA BUCA | |
| RESTAURANT, INC. d/b/a SWING 46 JAZZ | |
| AND SUPPER CLUB, | |
| Plaintiff | |
| | |
| -against- | 23-CV-6585 (JGLC) (VF) |
| | |
| ERIC ADAMS, Mayor of the City of New | |
| York, ROHIT T. AGGARWALA, New York | |
| City Department of Environmental Protection, | |
| ERIC I. EISENBERG and JOHN AND JANE | |
| DOES ONE THROUGH THIRTY, | |
| | |
| Defendants | |

————————————————————————

## NOTICE OF MOTION AND MOTION OF ERIC EISENBERG TO DISMISS PURSUANT TO RULES 12(B)(1), 12(B)(2), 12(B)(4), 12(B)(5) AND 12(B)(6)

PLEASE TAKE NOTICE that, upon the Plaintiff's pleading and the annexed Memorandum of Law, and all prior proceedings herein, the undersigned Eric Eisenberg, to the extent he may be a Defendant in this action, hereby moves this Court, at 500 Pearl Street, New York, NY 10007-1312, before the Hon. Jessica G. L. Clarke, United States District Judge of the Southern District of New York, at a date and time to be determined by this Court, for an Order pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), dismissing all claims which may be asserted against him, with prejudice in their entirety, and awarding such other relief as the Court may deem just and proper.

Opposition papers shall be filed on or before December 11, 2023.

Reply papers shall be filed within seven days thereafter.

Dated:        Miami, Florida                          Respectfully submitted,
              November 27, 2023

                                                      s/        *Eric Eisenberg*
                                                      ERIC EISENBERG
                                                      1300 S Miami Ave
                                                      Unit 1408
                                                      Miami, FL 33130
                                                      (646) 801-6705
                                                      ericeis@gmail.com

United States District Court for the
Southern District of New York

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,
    Plaintiffs,
          v.
Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,
    Defendants.

Case No. 23-cv-6585

    <u>Plaintiff's Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club, Response in Opposition to Defendant Eric
Eisenbeg Motion to Dismiss Rules 12(B)(I), 12(B)(2), 12(B)(4), 12(B)(5)
and12(B)(6)</u>

Anthony N. Iannarelli Jr.
74 Lafayette Avenue
Suite 202 # 116
Suffern, NY 10901
212-431-1031
Anilaw2@gmail.com

Attorney for Plaintiffs

Exhibit 1. Declaration of Mohamed John Akhtar

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,

    Plaintiffs,

    v.

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

    Defendants.

Case No. 23-cv-6585 (JGLC)(VF)

**Declaration of Mohammed John Akhtar**

I, Mohammed John Akhtar, of full age, declares and affirms, under the penalty of perjury, to the truth of the following:

1. I am a resident of the City of New York and owner/operator of La Buca Restaurant, Inc., d/b/a Swing 46 Jazz and Supper Club (hereinafter "Swing 46").

1. I am making this statement at the request of my attorney in support of my Response in Opposition to Eric M. Eisenberg's (herein after "Eisenberg") Notice of Motion, dated November 27, 2023, to dismiss my complaint.

2. I was made aware by my attorney, Anthony N. Iannarelli Jr., that my response was due on December 27, 2023, and I realize my response is late. I apologize for the lateness, but I was overwhelmed with the holiday rush and several staff members were not able, unexpectedly, to come to work. Swing 46 is both a restaurant and entertainment club, and it is challenging to operate under normal circumstances.

3. I cannot fault my attorney for this delay, he made me aware of the due date in advance, and he called me more than once virtually every day to find out when we could meet to go over the case and the dismissal motion. I also wanted to connect him with witnesses that I thought might be useful in helping oppose the dismissal motion. Unfortunately, they were away for the holidays.

4. I have been a general manager at Swing 46, for over twenty-five years. Before I operated a club, I emigrated from Bangladesh; I am also a Muslim. I am neither ashamed of my national origin, nor religion. I am proud to be a United States citizen and a resident of New York. I am grateful for the opportunities I have benefited from in this community.

5. Swing 46 provides music and entertainment along what is known as "Restaurant Row." I am very pleased to serve both local customers and

tourists. The club also provides work and entertainment for musicians, singers, and dancers.

6. I am sorry to say the club is facing severe economic consequences because of fines imposed by the New York City Department of Environmental Protection (hereinafter "NYCDEP"). The fines result from summonses purported issued over noise complaints. The fines are exorbitant: over $1,500.00 for the first offense, and over $5,000.00 for the third. I believe I may have accumulated over $30,000 in fines, a cost the club cannot afford. A citizen can file noise complaints and share the fine with the NYCDEP. In other words, a bounty system.

7. I have come to lean that an individual by the name of Eric Eisenberg (hereinafter "Eisenberg") has been responsible for most, if not all, of the noise complaints. I believe that he is specifically targeting me. He often prowls the street wearing a mask and his appearance is disturbing to myself and others. He has been told to stay off the property of Swing 46, but he repeatedly returns. (See attached photos of defendant Eisenberg.)

8. I myself, along with others, have seen Eisenberg very quickly walk across Swing 46's patio and place what appears to be a cell phone. When caught by others, Eisenberg claims he is collecting evidence to make noise

https://mail.google.com/mail/u/0

complaints. When I have encountered him, I immediately order him off the property, but he repeatedly returns.

9. After receiving summonses, I have tried to argue against them through the NYCDEP. I have found that if I am lucky enough to get someone by phone, they are absolutely of no help. I have asked that a supervisor return my call, but no one ever did.

10. I came to learn there is a New York City Agency called OATH. It is the Office of Administrative Trials and Hearings. They are just as bad as the NYCDEP and virtually impossible to get someone on the phone. The one time I did get through, I asked for an adjournment so I could get an attorney. They said it would be OK, but then I got a notice of default.

11. There is something very wrong going on. I cannot get an explanation for it, and I can't fight it. I have no idea why people are coming after me the way they have. Every day I am worried about my business and it is beginning to affect my health and wellbeing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 31, 2023

Mohammed John Akbar
Personally and in behalf of Swing 46

https://mail.google.com/mail/u



7/2/23 , 2:14 PM

https://mail.google.com/mail/u



7/2/23, 2:26 PM

Exhibit 2.  Declaration of  Sarah Hayes

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,

      Plaintiffs,

        v.

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

      Defendants.

Case No. 23-cv-6585 (JGLC)(VF)

_____

### Declaration of Sarah Hayes

I, Sarah Hayes, of full age declares and affirms, under the penalty of perjury, to the truth of the following.

1. I am a resident of the City of New York and I have been an entertainer at La Buca Restaurant, Inc., d/b/a Swing 46 Jazz and Supper Club (hereinafter "Swing 46") for the past twenty years. I am aware of the challenges Swing 46 and its owner, Mohamed John Akhtar, are facing.

87

2.  In addition to entertaining as a singer, I help out at the club with various jobs, such as decorating, event planning, promoting, and etc.

3.  Swing 46, located on what is famously known as Restaurant Row, provides a unique blend of music, live musicians, and lessons in swing dance. It is a big draw for tourists, which is an asset for the City of New York. Most significantly, it is a source of employment for many of New York City's best performers.

4.  The entire community of performers, restaurants, and clubs barely made it through the Covid epidemic; many did not. Now there is another epidemic (financial) caused largely by the fraudulent conduct of an individual known as Eric M. Eisenberg (hereinafter "Eisenberg").

5.  I have personal knowledge that Swing 46 is facing severe economic challenges largely due to the misconduct of Eisenberg.

6.  There came a time when swing 46 was hit with a blizzard of noise complaints, enforced by the N.Y.C. Department of Environmental Protection (hereinafter "DEP".) What I came to learn is that DEP has delegated its enforcement responsibilities to private citizens. There is a bounty granted to citizens for summonses issued. This has encouraged Eisenberg, and perhaps for other reasons, to fabricate claims of music he says he can hear outside of Swing 46.

7. For much of 2023, Eisenberg has been seen prowling the streets after dark and I have recorded him falsely collecting "evidence." Eisenberg appears to be using a cell phone in making his cases. I have personally encountered Eisenberg when he has come on the property of Swing 46 and told him repeatedly not to trespass. Yet, he has continued to return where he is not welcome.

8. My understanding is that there is a designated distance where Eisenberg is permitted to collect "evidence" of noise. Instead, Eisenberg walks right up into the entrance way of Swing 46 and sticks his cell phone directly to a music speaker to make his audible music cases. On more than one occasion, when I have encountered Eisenberg trespassing, he has screamed at me, given me the middle finger, and told me to "fuck off." I have video footage of his conduct. I, as well as others, find Eisenberg's conduct to be very disturbing.

9. Eisenberg also has disturbed patrons dining on Swing 46's patio. He once frightened young girls that were dining with their family, yelling at the host and cursing in a loud, offense manner. He is purposely disrupting business and causing problems for everyone. His behavior is inexcusable.

10. The ambiance of music has always been a part of the New York entertainment district. Because of Eisenberg, the heart of the district is being torn apart.

11. The challenges that Swing 46 Jazz's owner, Mohamed John Akhtar, faces because of Eisenberg's misconduct is enormous, burdensome, unsettling and he should be held accountable. The club has gotten into serious dept because of the false claims Eisenberg has filed.

12. Eisenberg, because of his prowling and hanging around the club, gives the appearance that he is specially targeting the business owner, Mohamed John Akhtar, who I know to be a Muslim from the Country of Bangladesh. Regardless of what some people may think of Mr. Akhtar, he is a United States Citizen and productive member of the community.

13. Eisenberg needs to be held accountable for his actions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 31, 2023

Sarah Hayes



*Intellectual Property Law*

# Eric M. Eisenberg Counsel



Eric's practice focuses on intellectual property procurement, counseling, and litigation, including with respect to trademark, patent, copyright, false advertising and unfair competition matters. Eric is experienced with technical areas including the computer, mechanical and consumer product fields.

## IN THE PRESS

- **The Trademark Lawyer Features the Arrival of Lawyers and Other Colleagues from Cooper & Dunham**

- **IPWatchdog Notes Arrival of Cooper & Dunham Lawyers to Amster Rothstein & Ebenstein**

view all »

Direct    212 336 8194
Main     212-336-8000
Fax       212-336-8001

405 Lexington Avenue
48th Floor
New York, NY 10174

**BAR ADMISSIONS**
- New York
- United States Courts of Appeal for the Federal Circuit
- United States District Court for the Southern District of New York
- United States Patent & Trademark Office

**Education**
- Columbia Law School, J.D., 2008 (Columbia Business Law Review, Harlan Fiske Stone Scholar for each year of attendance)
- Dartmouth College, B.A., 2005 (magna cum laude, Computer Science and Philosophy Double Major)

**Professional Associations & Memberships**
- New York Intellectual Property Law Association (NYIPLA)

**Honors & Awards**
- Selected to Super Lawyers Rising Stars, each year from 2014 through 2021 (Intellectual Property, Intellectual Property Litigation)

   Identified as a "Top Rated Intellectual Property Attorney in New York, NY" by Super Lawyers

**Representative Matters**
- Successful prosecution of domestic trademark and patent portfolios before USPTO. Management of foreign prosecution based on international applications
- Successful negotiation of amicable resolution to UDRP Internet domain name proceeding, which was brought against client by major appliance manufacturer, where client retained the disputed domain name
- *Intermetro Industries v. Enovate Medical* (Successfully obtained finding during IPR of unpatentability of all instituted claims of two patents relating to computer desks. Decision affirmed by Federal Circuit)
- *Adama Makhteshim Ltd. v. Finchimica S.p.A.* (During IPR, successfully obtained finding of unpatentability of all claims at issue, relating to a method of pesticide production, by the Patent Trial and Appeal Board. Decision affirmed by Federal Circuit)
- *SCG Characters LLC v. Telebrands Corp. et al* (Successfully obtained dismissal, on motion to dismiss, of lawsuit for patent infringement)

©2007-2023 Amster Rothstein & Ebenstein LLP.  All rights reserved.

Exhibit 3.  Declaration of  Anthony N. Iannarelli Jr.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,

     Plaintiffs,

         v.

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

     Defendants.

Case No. 23-cv-6585 (JGLC)(VF)

---

## Declaration of Anthony N. Iannarelli Jr.

I, Anthony N. Iannarelli Jr., of full age declares and affirms, under the penalty of perjury, to the truth of the following. I make these statements upon my direct knowledge, and if not within my direct knowledge, upon information and belief, gathered from reliable and reputable individuals, that are willing to testify at trial.

1. I am the attorney for plaintiffs Mohamed John Akhtar and La Buca Restaurant Inc. d/b/a Swing 46 Jazz and Supper Club (hereinafter "plaintiff").

2. Plaintiffs are attempting to Respond in Opposition to defendant Eric M. Eisenberg's (herein after "defendant Eisenberg") Notice of Motion, dated November 27, 2023, to dismiss plaintiffs' complaint. The issue is that defendant Eisenberg's moving papers have little, if anything, to do with the facts as alleged in plaintiff's complaint.

3. The gravamen of plaintiff's complaint is that his civil rights, for which he is protected under federal statutory and U.S. Constitutional law, have, and continue to be, violated by defendant Eisenberg, and in complicit with, defendants Eric Adams (hereinafter "defendant Adams"), in his capacity as Mayor of the City of New York; Rohit T. Aggarwala (hereinafter "defendant Aggarwala"), in his capacity as Commissioner of defendant New York City Department of Environmental Protection ("defendant NYCDEP"); and, NYCDEP an agency responsible for the health and welfare of citizens and visitors of the City of New York. See plaintiff's Complaint dated July 28, 2023.

4. In a twist of irony, I am in a very strong position to explain the nexus between the facts and law of the case in opposition to defendant Eisenberg's Motion to Dismiss. There will come a time in which plaintiffs will retain outside experts for testimony at trial, and, as stated, my Declaration herein, along with

Declarations of others, is to address the merits of defendant Eisenberg's pleadings in respect of his dispositive motion.

5.  This case is in the very early stages of litigation. Besides the Complaint and defendant Eisenberg's Motion, there have been no other substantive pleadings. There has not been an exchange of documents, nor examination of parties or witnesses under oath. In other words, there has been no discovery. Since defendants to the lawsuit have continued their offensive conduct up to, and after the filing of plaintiffs' complaint, plaintiffs are in a position to file an amended complaint, or for that matter another complaint. It is presumed defendant Eisenberg's motion is not a contest over the facts for purposes of *res judica.*

6.  In or about March 2023, I was asked by the owner, Mohamed John Aktar (herein after "Akhtar") of La Buca Restaurant Inc., d/b/a Swing 46 Jazz and Supper Club (hereinafter "Swing 46"), to investigate the origin of noise complaints that were issued as summonses, and transmitted to New York City of Department of Environmental (herein after defendant "NYSDEP"). These summonses and complaints were resulting in the imposition of significant fines for which my plaintiffs have suffered. My investigation revealed the bulk of the summonses and noise complaints were originated by civilian

complainants. In other words, someone was making complaints other than employees of NYCDEP.

7. I came to learn there is a bounty system in place in that NYCDEP would share the proceeds of complaints made by unaffiliated, private civilians. Upon information and belief, there was no supervision by NYDEP members. All a private citizen had to do to establish a case was use what appeared to be a cell to record "noise," make a complaint, and ultimately collect a bounty that would be shared. It became a cash machine for NYCDEP and NYC Government in general.

8. There was no real way to fight these complaints. As my client Mohamed John Akhtar (hereinafter "Akhtar") stated to me, he would call the NYCDEP asking for help. He purportedly was told by a NYCDEP staff member that all he could do was "plead guilty and pay the fine." As I will explain further below, my clients are correct, there is no no such thing as defending and/or a fair adjudication of a NYCDEP noise complaint. It is a decided fact of guilt from the beginning. It bests Lewis Carroll's "Alice in Wonderland," where the "Queen of Hearts" decides punishment, which is off with one's head, then, and only then, allows for trial. But with NYCDEP punishment as imposed first, never provides for a trial.

9. Upon appraising the facts of my clients' case, I came to believe this system was ripe for corruption, both among civilian complainants and NYCDEP. Ironically, I am a former New York City Investigator connected with the Department of Sanitation's Office of the Inspector General.

10. I was trained to investigate offenses committed by New York City employees, and look into where there might be the potential for waste or fraud occurring. I was also trained, and actually performed, as an undercover investigator. I came to be familiar with, and use, sensitive electronic surveillance equipment.

11. Based upon my training and experience, and armed with additional facts discussed below, I am of the belief there is the potential, and there is in all probability occurring, fraud in respect to the defendant NYCDEP's system of falsely accusing merchants of violating the New York City noise ordinance. Then collecting, or attempting to collect, large sums of money-in the tens of thousands of dollars—without first a hearing or trial. Shockingly, the civilian complainants would share a portion of the proceeds.

12. I am trained in the field of environmental science and hold a Masters Degree in Environmental Science from Rutgers University. I did some postgraduate work in environmental chemistry at the New Jersey Institute of Technology. I also attended continuing education courses sponsored by the United States

Environmental Protection Agency. I have been trained in the use scientific

testing equipment. And, in another irony, I worked for over a year at the New

York City Department of Environmental Protection.

13. Having been trained in the use of scientific testing equipment, I can say that

within a verifiable degree of scientific certainty, a technician never goes into

the field to obtain environmental samples without having a trained operator

first calibrating the testing equipment and providing a certificate of

calibration. The testing results must be maintained as a business record,

identifying who did the calibration, along with their qualifications.

14. A very good testing analogy would be for testing drunken drivers with a

breathalyzer. Before a citizen can be prosecuted, and ultimately convicted,

the government must have a calibrated breathalyzer, along with a trained

operator. And the certificate of calibration and test results, *inter alia*, must be

turned over to the defense before the case can proceed to trial. I know this

because I happen to have been a prosecutor, at the county level, in two states:

New York and New Jersey.

15. To the best of my knowledge, the citizen enforcers are not trained for the

collection of noise samples, usually taken as a reading in decibels, nor is there

any evidence the "noise recorder" has been calibrated before use in the field.

I know from my direct knowledge that defendant NYCDEP refuses to turn

over any evidence of operator training and equipment calibration they hold for use in prosecuting noise complaints. I know this because I have asked many times, yet NYCDEP, or whoever the custodian is, and they still refuse to turn it over.

16. When I first came on the case, I attempted to reach out to employees of the City of New York to alert them to was occurring and attempt to come a resolution. My attempts were to no avail; either the phones were unanswered, or a message would be left with a supervisor. No one would return my calls.

17. On May 12, 2023, I sent a Notice of Appearance, a Denial by my clients of facts relating to the allegations made against them, Request for Discovery, Motion to Consolidate and Suppress Evidence. These items were all mailed to the Hearings Officer at the Office of Administrative Hearing and Trials (OATH) at 66 John Street, New York 10036. (OATH's web page does not reveal the names of anyone that occupies its office.) I also separately copied the letter to NYCDEP. No one from either office to this day ever responded to my correspondence.

18. On July 1, 2023, I sent a detailed letter to Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the New York City Law Department. In that letter I brought to her attention the problems my clients were encountering, including, and most significantly, my client's inability to defend on the complaints

because NYCDEP refused to turn over discovery, and the lack of cooperation of the purported adjudicative body OATH.

19. The aforementioned letter sent to Corporation Counsel was copied to Eric Adams, Rohit T. Aggarwala, now both defendants herein, and Jocelyn Stauber, Commission of the Department of Investigation. Not one single individual, nor their staff, bothered to reply.

20. I also attempted to make numerous phone calls to the Oath office. On one occasion I finally got through to a woman. I explained that I could not defend on behalf of my client because I had not received any discoverable material related to the complaints. I was left with the impression the cases would be adjourned, but instead they were defaulted, and I never received discovery.

21. OATH does not appear to be an actual entity. If it does exist, it appears to be the proverbial rubber stamp for defendant DEP. There are serious, numerous and blatant constitutional violations occurring that my clients have been subjected, among them the denial due process of law.

22. When considering the totality of circumstances, there is evidence that serious abuses are being perpetrated by all defendants in this case, and among them defendant Eisenberg.

23. My client Mohamed John Akhtar, a minority business owner, appears to be specifically targeted by defendant Eisenberg who resides several blocks away

on West 46th Street. Again, and according to witnesses, defendant had been asked to stay away from the Swing 46 premises on numerous occasions, but he continued to persist by defiantly trespassing.

24. In this action plaintiff Akhtar complains defendants Adams, Aggarwala, and NYCDEP have denied his constitutional and statutory civil rights, along with defendant Eisenberg through his aiding and abetting. Eisenberg has been perpetrating these phony violations on numerous occasions by collecting fake "evidence, and played a crucial role in assisting the other defendants in their unlawful conduct. He is complicit, along with the other defendants, in unlawfully denying my client Akhtar his civil rights.

25. I have read all 25 pages of defendant Einsenberg's Notice of Motion to dismiss plaintiffs' complaint. It reads like an unrelated case. At its core plaintiffs' complaint is a federal civil rights case, but defendant Eisenberg does not address those facts.

26. I do not see how defendant Eisenberg can claim he has been improperly served, because he has been served at his home and place of employment. If that is the case, then plaintiffs can seek alternative methods of service. Defendant Eisenberg holds himself out to be an attorney at law. Yet he continues to evade service of process; this is conduct unbecoming an attorney.

27. Intriguingly, in his moving papers defendant Eisenberg lists his address as 1300 S. Miami Ave., Unit 1408, Miami, FL 33130. I do not know why he would use a State of Florida address, when he has a law office and home address in the State of New York, and where he is registered to vote.

28. Most significantly, Eisenberg was committing his fraudulently conduct as throughout 2023, while he was living in his New York City home and where he had his law practice.

29. Even if defendant Eisenberg were to be successful on any of his arguments, it is of no moment because plaintiffs are still within the statute of limitations, and they can cure any defect by amendment. In any case, it was plaintiffs' intent to amend the complaint before the instant motion became an issue.

30. Eisenberg brings up the issue as to OATH but it is completely tangential to the deprivation of plaintiffs' federal civil and constitutional rights case. My response is that OATH, besides the fact that it does not exist as a functioning body, it does not adjudicate federal civil rights issues--even if it did exist.

31. I do not make these statement lightly. I have been a trial attorney for thirty-five years, and I have been virtually before all the trial courts in the greater metropolitan region. Along with the state trial and appellate courts, the 2nd and 3rd Circuits, the New Jersey Supreme Court, I have never seen anything like how the NYC DEP and OATH purport to adjudicate claims. I

32. In addition to my courtroom experience, I have served as an Attorney
    Investigation for a District Ethics Committee, an adjunct to the New Jersey
    Supreme Court, so I have a pretty good sense of what constitutes ethics for
    the legal profession. I have also lectured on the subject to a national audience.
    There is something very seriously wrong at OATH, but I am not here to reform
    OATH. Nor am I asking this Court to review the fine points of decibel levels.

33. My client Mohamed John Akhtar is an immigrant from a developing county
    and has been a United States Citizen for over thirty years. By every account
    he has been dehumanized by these defendants and they have treated him as if
    he should leave the area. My client is a good citizen, and, I, as an American
    citizen, am embarrassed by the way he has been treated.

34. Defendant Eisenberg's papers are not enumerated, and to cover all bases, the
    general argument of the Failure to State a Claim is inconceivable at this point.
    Plaintiffs' intent is to amend and cure any defects in the complaint, along with
    adding additional causes of action.

35. For defendant Eisenberg to state that plaintiffs have no case suggests he does
    not fully understand the significate of his conduct, nor willing at this point to
    take responsibility for what he has done to my client, Mohamed John Akhtar.



36. I cannot speculate what the motives are for defendant Eisenberg's conduct, that will be determined when the case further commences and discovery begins.

For all of the reasons stated above, and upon all papers submitted, it is respectfully requested that the Motion to dismiss be denied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 27, 2023

Anthony N. Iannarelli Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,

                  Plaintiffs,

**NOTICE OF MOTION TO DISMISS**

           -against-

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

23 CV 6585 (JGLC)

                 Defendants.

----------------------------------------------------------------------- x

      **PLEASE TAKE NOTICE** that upon the accompanying memorandum of law,

defendants Eric Adams, as Mayor of the City of New York, Rohit T. Aggarwala, and the New

York City Department of Environmental Protection (collectively "City Defendants"), will move

this Court before the Honorable Jessica G. L. Clarke, at the United States Courthouse located at

500 Pearl Street, New York, New York, for an order, pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, dismissing the Complaint and for such other and further relief as the

Court may deem just and proper.

Dated:      New York, New York
           January 26, 2024

                      HON. SYLVIA O. HINDS-RADIX
                      Corporation Counsel
                        of the City of New York
                      *Attorney for City Defendants*
                      100 Church Street
                      New York, New York 10007
                      Office: (212) 356-2214

kdevine@law.nyc.gov
GZilkha@law.nyc.gov

By:     *Kerri A. Devine  /S/ Genan Zilkha/S/*
        Kerri A. Devine
        Genan Zilkha
        Assistant Corporation Counsels

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,

     Plaintiffs,

       v.

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

     Defendants.

Case No. 23-cv-6585 (JGLC)(VF)

## Plaintiffs Opposition to Defendants' Motion to Dismiss

Anthony N. Iannarelli Jr.
74 Lafayette Avenue
Suite 202 No. 116
Suffern, New York 10901
212-431-1031
Attorney for Plaintiff

Conclusion

For the reasons stated above, and upon consideration of relevant case law,

defendants' motion should be denied.


Dated: April 17, 2024          /s/ Anthony N. Iannarelli Jr.
                               Anthony N. Iannarelli Jr.
                               Attorney for plaintiffs

EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Mohamed John Akhtar and
La Buca Restaurant, Inc.  d/b/a
Swing 46 Jazz and Supper Club,

Case No.  23-cv-6585 (JGLC)(VF)

     Plaintiffs,

         v.

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

     Defendants.

### Declaration of Anthony N. Iannarelli Jr.

I,  Anthony N. Iannarelli Jr., of full age, declare and affirm under the penalty of perjury, to the truth of the following.  I make these statements upon my direct knowledge, and if not within my direct knowledge, upon information and belief, gathered from reliable and reputable individuals, that are willing to testify at trial.

1.  I am the attorney for plaintiffs Mohamed John Akhtar and La Buca Restaurant, Inc.  d/b/a Swing 46 Jazz and Supper Club (hereinafter "Plaintiffs").

2.  Plaintiffs are Responding in Opposition to defendants Eric Adams, Mayor,

City of New York, Rohit T. Aggarwala, New York City Department of Environmental (herein after "NYC Defendants") Notice of Motion, dated January 26, 2024, to dismiss plaintiffs' Complaint.

3. With specificity, plaintiffs' Verified Complaint, dated July 23, 2024, describes how all defendants in this matter violated plaintiffs' statutory and constitutional rights. The NYC Defendants would have this Court believe that after targeting Mohamed John Akhtar, ostensibly because he is a Muslin and a person of color, and attempting to ruin his business, Swing 46, they should not be held accountable under any theory of statutory nor constitutional law.

4. The facts are straightforward: NYC defendants would utilize defendant Eric Eisenberg, and possibly others, to target plaintiffs for violating a local noise code. The NYC Defendants knew, or should have known, that Eisenberg in collecting what can be loosely referred to as "evidence," was trespassing upon plaintiffs, creating a disturbance among patrons, using a device, that, upon information and belief, was neither calibrated for accurately testing for decibels, nor did it appear Eisenberg was trained for its proper use, along with falsely swearing on noise complaints. As the ultimate goal NYC Defendants intended to share the proceeds, for any fine money collected, with defendant Eisenberg.

5. Attached is a copy of a summons, dated October 11, 2022, written by

defendant Eisenberg In the heading of the summons is a section indicating "ENFORCEMENT AGENCY" followed by a blank line in which the name Eric Eisenberg is typed in bold letters. Presumably, the NYC Defendants will attempt to explain at trial how they came to deputize defendant Eisenberg as an enforcement agent, the type of training they provided, supervision of Eisenberg's work, along with a certification that the equipment used had been calibrated by a trained technician.

6. NYC Defendants will also be able to explain at trial how they came to authorize defendant Eisenberg to commit the offense of trespass while collecting "evidence" for the NYC DEP. They will also have the opportunity to reveal how they procured a search warrant, authorizing an administrative search of plaintiffs' property, when Eisenberg entered, without permission from plaintiffs, while acting as an agent of NYC DEP.

7. New York City defendant will also have the opportunity to explain how NYC Department of Environmental Protection came to accept summonses that included an affirmation, subscribed under the penalty of perjury, containing information they knew, or should have known, were false.

8. This case is in the early stages of litigation, and by all defendants' insistence,

was ripe for corruption.

11. Plaintiffs' will produce at trial an expert witnesses, in field of scientific

equipment was inadequate, and the operators were not trained. Thus, according to the expert witness, there would be no validity to the claims of excessive noise.

12. Plaintiffs will produce experts in the field of internal investigations that will offer expert opinions on how the NYC defendants failed, upon receiving complaints of potentially unlawful conduct, perpetrated by individuals within NYC Department of Environmental Protection, to follow up on those complaints and refer the complaints through the appropriate channels for further review and investigation. The failure of NYC officials, by design or neglect, to appropriately respond to plaintiffs' concerns caused great harm to plaintiffs.

13. When I first took on the case, and before filing the complaint herein, I attempted to reach out to employees of the City of New York to alert them to was occurring and attempt to come to a resolution. My attempts were to no avail; either the phones were unanswered, or a message would be left with a supervisor. And even then, no one would return my calls.

14. The NYC Defendants would have this Court believe the violations of plaintiffs federal constitutional and statutory civil rights should be handled "administratively." No one who is potentially a crime victim should be denied respectful treatment nor have their day in court denied. If a New York City employee were caught stealing taxpayers' funds, the New York City Defendants would not, nor should not, suggest the matter be handled "administratively."

15.  What the plaintiffs have complained of in their Complaint, that they are fighting against an attempt of the unlawful, and potentially criminal, cash grab from the business by unscrupulous individuals employed by, or running, the City of New York. By their own behavior, it is revealing that the NYC Defendants are desperate to get plaintiffs' civil rights claims out of Court.

16.  Upon information and belief, the fines imposed by NYC Defendants upon plaintiffs is in excess of $30,000.00. And that's from one individual, Mohamed John Atkar and his business. From press reports of more victims City wide. The NYC Defendants were desperate to keep this going, no matter what fraud was being committed to keep the government's scheme intact.

17.  New City Defendants want to claim the process has been amended to reduce the bounty for these complaints. Whatever the case may be, it is immaterial to plaintiffs' claims.  Their federal constitutional and civil rights have already been violated and they have been damaged.

18. More specifically addressing the "administrate remedy," on May 12, 2023, I sent a Notice of Appearance, a Denial of the Allegations made against my clients, a Request for Discovery, Motion to Consolidate and Suppress Evidence. These items were all mailed to the Hearings Officer at the Office of Administrative Hearing and Trials (OATH)  at 66 John Street, New York 10036. (OATH's web page at the time did not reveal the names of anyone that occupies its office.)  I also separately copied

the letter to NYC Department of Environmental Protection. No one from either office to this day has ever responded to that correspondence.

19. On July 1, 2023, I sent a detailed letter to Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the New York City Law Department. In that letter I brought to her attention the problems my clients were encountering, including, and most significantly, my client's inability to defend on the complaints because NYC Department of Environmental Protection refused to turn over discovery, and the lack of cooperation of the purported adjudicative body OATH.

20. The aforementioned letter sent to Corporation Counsel was copied to Eric Adams, Rohit T. Aggarwala, now both defendants herein, and Jocelyn Stauber, Commission of the Department of Investigation. Not one single individual, nor their staff, bothered to reply.

21. I also attempted to make numerous phone calls to the Oath office. On one occasion I finally got through to a woman who did not identify herself. I explained that I could not defend on behalf of my client because I had not received any discoverable material related to the complaints. I was told that the cases would be adjourned to comply for the NYC Defendants to comply with plaintiffs' discovery requests. Instead, they defaulted against plaintiffs, and I am left still waiting for the discovery to be turned over.

22. The lack of any response suggests that management within New York City

government were well aware of the fraud that had been occurring. And since large sums of money were involved, the intent was to keep the cash flowing even in the face of violating plaintiffs' civil right.

23. I have read all 19 pages of NYC Defendants' Motion to Dismiss plaintiffs' Complaint. It cites over sixty cases, but does not address the allegations against these defendants, that they, through fraud and other torts, denied plaintiffs' federal constitutional and statutory rights. At best it reads as a Motion for Summary Judgment, but such a motion is considered after discovery for which plaintiffs are entitled as a matter of law.

For all of the reasons stated above, and upon all papers submitted, it is respectfully requested that the Motion to Dismiss be denied in its entirety.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 16, 2024.

_____
Anthony N. Iannarelli Jr.
Attorney for Plaintiffs

116

## 0256000004004015

### SUMMONS • FOR CIVIL PENALTIES ONLY
**RESPONDENT: Please provide to Eric Eisenberg, well prior to the hearing, a list of the names of witnesses who may be called and copies of documents to be submitted into evidence**

## SUMMONS NUMBER: 0216 392 386

ENFORCEMENT AGENCY: ERIC EISENBERG

AGENCY CONTACT INFORMATION: ERICNOISE @ DIVISION-HOTMAIL.COM

LAST NAME OR COMPANY NAME: LA BUCA RESTAURANT, INC. DBA SWING 46

STREET ADDRESS: 349 W 46TH ST          APT. NO:

CITY: NEW YORK    STATE: NY    ZIP: 10036

ID NUMBER:

TYPE OF ID/ISSUED BY:

DATE OF OCCURRENCE: 10 / 11 / 22   TIME OF OCCURRENCE: 7.05PM

PLACE OF OCCURRENCE: 349 W 46TH ST

BOROUGH OF OCCURRENCE: MANHATTAN     CB No.

☐ Alternative Service

HEARING DATE: 12 /11 /23    AT: 9:00AM

OATH / OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS

See reverse side for address

[borough]

Phone: (844)628-4692

FOR HEARING OPTIONS, SEE THE BACK OF THIS PAGE
REFER TO THE SUMMONS NUMBER ABOVE ON ALL CORRESPONDENCE

NYC AD. CODE 24-244(a)(b)  Violation(s): AN 9 6

Section/Rule: 8BD    OATH Code: 3500

Mail-In Penalty: $

Respondent must appear to answer

NCLUDE 0216/01222 – SECOND VIOLATION

☐ Privately Removed    ☐ L 2 family    ☐ Multiple Dwelling    ☐ Commercial

ERIC EISENBERG    EISENBERG    999    ERIC

PO BOX 2452

NEW YORK    NY    10108

0216 392 386

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Sohel Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club, <br><br> Plaintiffs, <br><br> v. <br><br> Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty, <br><br> Defendants. | Case No. 23-cv-6585 (JGLC)(VF) |

**Declaration of Mohammed John Akhtar**

I, Mohammed John Akhtar, of full age, declare and affirms, under the penalty of perjury, to the truth of the following:

1. I am a resident of the City of New York and owner/operator of La Buca Restaurant, Inc., d/b/a Swing 46 Jazz and Supper Club (hereinafter "Swing 46").

2. I make this statement in support of my "Response in Opposition" to defendants Eric Adams, Rohit T. Aggarwala, and New York City Department of Environmental Protection (herein after "NYC Defendants") Notice of Motion, dated January 26, 2024, to dismiss my complaint.

3. I have been the owner and general manager of La Buca Restaurant, Swing 46 for over twenty-five years.

4. Before I operated the club, I emigrated from Bangladesh and became a United States citizen. I am what is commonly referred as a person of color; I am also a Muslim.

5. I am neither ashamed of my national origin, nor my religion. I am proud to be a United States citizen and a resident of New York. I am grateful for the opportunities I have benefited from while living in my community. I, in turn, try to provide the community with a art form that includes singing, jazz music with live musicians, and swing dance, a dying art form. Over the years I have worked very hard at preserving this form of entertainment.

6. Swing 46 is located in what is known as "Restaurant Row." I am very pleased to serve both local customers and tourists with entertainment. The club also provides work for musicians, singers, and dancers, along with staff that are engaged in duties ranging from janitorial to chefs.

7. My business barely survived the Covid pandemic, and I still trying to bring the club back to where it was prior to the outbreak of the disease.

8. In or about late 2021 and early 2022, I began to notice an individual hanging around outside of my club. He would not come into the

club, but just walk back and forth staring at club patrons that were dining on the patio. He had close cropped hair, always wore T-shirts and a mask, and appeared to be 5'6" to about 5'8". With his demeanor and attire he looked strange, out-of-place, and suspicious. I was to learn this was defendant Eric Eisenberg.

9. I was told by the host that one evening defendant Eisenberg entered the front patio and leaned over a table where patrons were dining. He put his cell phone up to an overhead speaker, the patrons complained and Eisenberg told them he was collecting evidence. The patrons told him to get away from their table; in returned Eisenberg was said to scream something nasty to my patrons before eventually walking away.

10. I have had around ten personal encounters with defendant Eisenberg when he has trespassed onto my property. Before this began, I would observe him just hanging around, but never even spoke with him. I then learned he was filing noise complaints against me.

11. I did have live music piped out for the patrons dining on the front patio. But that music could not be heard beyond my patio; that explains why defendant Eisenberg would need to trespass onto the patio to collect whatever he needed for his noise complaints.

12. When I would catch defendant Eisenberg trespassing, I would immediately direct him to leave. He would become very nasty towards me. I was taken aback by his behavior because I did not know this man, and the only encounters I had with him was when he trespassed. I had no idea, at least at that time, why he would be so rude to me. Ultimately, I came to believe he wanted me out of the neighborhood. He has been close to being successful in destroying my business.

13. Swing 46 is facing severe economic consequences because of fines imposed by the New York City Department of Environmental Protection. ("NYCDEP"). These are the fines that resulted from summonses fraudulently issued by defendant Eisenberg. The NYC defendants either knew, or should have know, defendant Eisenberg was making false allegations against me. If NYDEP had sent out actual trained technicians, they would have found the "evidence" Eisenber was collecting had no basis in fact. Upon information and belief, defendant Eisenberg is a lawyer, not a trained technician.

14. If the NYC defendants had listened to my complaints and sent an investigator to interview me, they would have found that as a person of color and a Muslim, I was being unfairly targeted by Eisenberg and DEP's

own internal staff. This could have been easily accomplished by comparing

profiles among other establishments in the Restaurant Row district.

15. The fines are exorbitant: over $1,500.00 for the first offense, and

over $5,000.00 for the third. I believe I may have accumulated over

$30,000 in fines, a cost the club cannot afford. A citizen, such as

Eisenberg, could file noise complaints and share the fine with the the City

defendants. In other words, these defendants arranged a bounty system.

16. I came to learn that defendant Eisenberg has been responsible

for many of the noise complaints made against my business. I have never

received complaints by nearby by residents or businesses. I believe that

defendant Eisenberg is specifically targeting me because of my race and

religion. He often prowls the street wearing a mask and his appearance is

disturbing to myself and others. He has been told to stay off the property of

Swing 46, but he repeatedly returns. (See attached photos of defendant

Eisenberg).

17. Myself, along with others, have seen Eisenberg walk very

quickly across Swing 46's patio and place what appears to be a cell phone

against the glass widow of the club and patio speakers. When caught,

Eisenberg claims he is collecting evidence to make noise complaints.

When I have encountered him, I immediately order him off the property, but he repeatedly returns.

18. After receiving summonses, I have tried to argue against them through the NYC Department of Environmental Protection. I have found that if I am lucky enough to get someone by phone, they are absolutely of no help. I have asked that a supervisor return my call, but no one ever did. I came to learn there is a New York City Agency called OATH. It is the Office of Administrative Trials and Hearings. They are just as bad as the NYCDEP and impossible to get someone on the phone. The one time I did get through, I asked for an adjournment so I could get an attorney. They said it would be OK, but then I got a notice of default.

19. There is something very wrong going on. I cannot get an explanation for it, and I can't fight it. I have no idea why people are coming after me the way they have. Every day I am worried about my business and it is beginning to affect my health and well being.

20. I am one of very few minority business owners that is a person of color; nor do I know of any other Muslims that operate a restaurant in the area. I sincerely believe that because of my race and religious beliefs I have been purposely targeted.



4/17/24, 9:59 PM

I, Mohammed John Akhtar, declare under penalty of perjury under the

laws of the United States of America that the foregoing is true and correct.

Dated: April 16, 2024 _____

Mohammed "John" Sohel Akhtar
Personally and as Owner of of La Buca
Restaurant, Corp. d/b/a Swing 46 Jazz
and Supper Club.

APPEARED BEFORE ME ON 4/16/24
MOHAMMED AKHTAR AND AFFIRMED
THAT THE CONTENTS OF THIS
DOCUMENT ARE TRUE

4/16/24, 4:58 PM