## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-2370

**Caption [use short title]**

**Motion for:** reconsider or vacate reinstatement order (D.I. 80) reject plaintiffs' brief and appendix, correct caption, sanctions or other just relief, and, if necessary, pro hac vice admission

Set forth below precise, complete statement of relief sought:

Reconsideration (that is, denial) of plaintiffs-appellants' motion to reinstate the appeal, or alternatively vacating the order so that the undersigned can submit an opposition; rejection of plaintiffs' improper brief and improperly-prepared appendix; correction of the caption, sanctions or other just relief against plaintiffs or their counsel, and, if necessary, pro hac vice admission

## Akhtar et al. v. Aggarwala et al.

**MOVING PARTY:** Eric M. Eisenberg

**OPPOSING PARTY:** MOHAMED JOHN AKHTAR and LA BUCA | RESTAURANT, INC. d/b/a SWING 46

☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ✔ Appellee/Respondent

**MOVING ATTORNEY:** Eric M. Eisenberg, pro se

**OPPOSING ATTORNEY:** Anthony N. Iannarelli, Jr.

[name of attorney, with firm, address, phone number and e-mail]

1300 S Miami Ave, Unit 1408
Miami, FL 33130
518-573-2714; ericeis@gmail.com

74 Lafayette Avenue, Suite 202 # 116
Suffern, NY 10901
(212) 431-1031; anilaw2@gmail.com

**Court- Judge/ Agency appealed from:** Southern District of New York, Hon. Jessica G.L. Clarke, D.J.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
✔ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed   ✔ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
✔ Yes   ☐ No   ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes ✔ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ✔ No  If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Eric M. Eisenberg   **Date:** 2/12/2025   Service by: ☐ CM/ECF   ✔ Other [Attach proof of service]

(service by email)

Form T-1080 (rev.12-13)

# 24-2370

UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT

_____

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. DBA SWING 46 JAZZ
AND SUPPER CLUB,

                Plaintiffs-Appellants

-against-

ERIC ADAMS, Mayor of the City of New
York, ROHIT T. AGGARWALA, NEW YORK
CITY DEPARTMENT OF ENVIRONMENTAL
PROTECTION, and ERIC M. EISENBERG[1]

                Defendants-Appellees

and

ERIC I. EISENBERG,[2] JANE DOES 1-30, and
JOHN DOES 1-30,

                Defendants

_____

**ERIC M. EISENBERG'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO RECONSIDER OR VACATE THE REINSTATEMENT ORDER (2nd. Cir. D.I. 80), TO REJECT THE PLAINTIFFS' BRIEF AND APPENDIX, TO CORRECT THE CAPTION, AND FOR SANCTIONS OR OTHER JUST RELIEF (AND, IF NECESSARY, FOR *PRO HAC VICE* ADMISSION)**

---

[1] The undersigned does not necessarily agree that he is properly a "Defendant-Appellee," but includes his name in the above caption in the manner most recently specified by the Court (see 2nd Cir. Docket Entry 68) for the Court's convenience.

[2] Per 2nd Cir. Docket Entry 68, Eric I. Eisenberg (who was named in the original Complaint that is the subject of this appeal) is a "Defendant."

1

Initially, I, Eric M. Eisenberg, apologize for any procedural informality of this motion, but believe it to be necessitated by the appearance on the docket of "Eric M. Eisenberg" as a new party on January 28, 2025 (2nd Cir. D.I. 67) without any formal notice of same being provided to me, and in light of various failures of, and misrepresentations with respect to, service by Plaintiff-Appellants. I do not automatically receive notifications of, or copies of, new filings from the ACMS system. In light of these various exceptional circumstances, and in light of the undersigned proceeding *pro se*, to the extent necessary for the undersigned, who is a member in good standing of the bar of the State of New York, and who is admitted to the federal courts of the Southern District of New York and the Federal Circuit Court of Appeals, to make submissions in the above-captioned appeal, the undersigned respectfully requests admission in this appeal *pro hac vice*.

By this motion, the undersigned is moving for reconsideration of the order (2nd Cir. D.I. 80, Feb. 7, 2025) granting reinstatement of the appeal, or in the alternative for vacating this order so that the undersigned may file an opposition to the motion for reinstatement (2nd Cir. D.I. 78, Feb. 5, 2025). The undersigned further moves for rejection of the plaintiffs' brief, which contains a caption inconsistent with prior orders, and appendix, which was prepared in violation of F.R.A.P. 30(b)(1). To the extent necessary, the undersigned further moves for correction of the caption, and for sanctions against plaintiffs-appellants and/or their counsel, and other just relief as the court may deem appropriate.

**Background on Parties for Ease of Understanding**

The original complaint, whose dismissal (with prejudice as to certain counts and without prejudice as to other counts) is the subject of this appeal, named parties as follows.

> Mohamed John Akhtar and
> La Buca Restaurant, Inc. d/b/a
> Swing 46 Jazz and Supper Club,
>
>   Plaintiffs,
>    v.
>
> Eric Adams, Mayor of the City of
> New York, Rohit T. Aggarwala, New
> York City Department of
> Environmental Protection, Eric I.
> Eisenberg, and John and Jane
> Does One through Thirty,
>
>   Defendants.

(S.D.N.Y., 1:23-cv-06585, D.I. 1, July 28, 2023).

  Plaintiffs never attempted to modify the parties named in the complaint until a First Amended Complaint was filed in the court below, subsequent to the filing of the instant appeal, with parties identified as follows:

3

> Mohamed John Akhtar and
> La Buca Restaurant, Inc. d/b/a
> Swing 46 Jazz and Supper Club,
>
> Plaintiffs,
> v.
>
> Eric M. Eisenberg, and John and
> Jane Does One through Thirty,
>
> Defendants.

(S.D.N.Y. D.I. 104, October 7, 2024). Eric I. Eisenberg (that is, Eric Ira Eisenberg of West 54th or 55th Street in Manhattan) and Eric M. Eisenberg (the undersigned) are different individuals.

When this appeal was initially filed, the docket for some reason incorrectly listed Eric M. Eisenberg (the undersigned) as an attorney for Eric I. Eisenberg (who appeared on the docket as a party). The undersigned, Eric M. Eisenberg, emailed a letter to the Second Circuit, copying counsel, indicating that he did not, and never had, represented Eric I. Eisenberg, and asking that the attorney-client association between the two persons be removed from the docket. (*See* 2nd Cir. D.I. 9). The undersigned was then terminated by the Second Circuit. (2nd Cir. Docket Entry 10, Sept. 23, 2024). The undersigned, immediately thereafter, was no longer identified as a party or attorney on the docket (until January 28, 2025 when the Second Circuit re-added him, *See* 2nd Cir. D.I. 67 and 68) and ceased receiving automated notifications from the Second Circuit via

4

ACMS. Eisenberg Declaration, ¶ 2. The undersigned, even continuing on and after my January 28, 2025 addition to this Appeal, has not been receiving automated notifications from the Second Circuit of filings. Eisenberg Declaration, ¶ 3.

**Irregularities in Filings by Plaintiffs' Counsel, and Failures of Service**

Despite termination of the undersigned on September 23, 2024, counsel for Plaintiffs (hereinafter, "Iannarelli") proceeded thereafter to file multiple documents indicating that the undersigned was a party, in many cases indicating service or notification of the undersigned despite the undersigned not receiving any such service or notification from Iannarelli.

A few of examples of this are listed below, along with relevant actions by the Second Circuit:[3]

1. On September 30, 2024, Iannarelli indicated, when electronically filing, "Service date 9/30/2024 by ACMS" of documents labeled "FORM C" that repeatedly indicated Eric M. Eisenberg as a party to the appeal. (See 2nd Cir. Docket Entries 18-1 and 18-2). While the attorney for appellee is, on the first page of 18-1, listed as Eric I. Eisenberg, contact information for the undersigned, Eric M. Eisenberg, is provided in association therewith. However, I of course did not receive service of this document via ACMS.

---

[3] The undersigned notes that his access to filings in this case is limited by the fact that numerous of plaintiffs' improper filings have been removed from the public docket without him ever having been served a copy.

5

2. On November 20, 2024, Iannarelli explicitly indicated "Copy Via ACMS" on "Mr. Eric M. Eisenberg, Esq. Attorney *Pro Se*". (*See* 2nd Cir. Docket Entry 44.1). However, I of course did not receive service of this document via ACMS.

3. Similarly, on January 2, 2025, Iannarelli explicitly indicated "Copy Via ACMF" on "Mr. Eric M. Eisenberg, Esq. Attorney *Pro Se*" on his letter motion for extension of time. (*See* 2nd Cir. Docket Entry 49.2). However, I of course did not receive service of this document via ACMF/ACMS.

4. On January 23, 2025, Iannarelli filed, as Second Circuit Docket Entry 58.1,[4] a four-page motion to reinstate, inclusive of a one page doctor's letter and two page affirmation of himself. On the cover page of this four-page motion, Iannarelli indicated "movant [has not] notified opposing counsel (required by Local Rule 27.1) . . . **but will attempt by email and electronically filing**." (emphasis added) On the same cover page, I was indicated as an opposing attorney. I, of course, did not receive service via electronic filing, and, notably, I did not afterwards receive any email from Iannarelli as to this filing – even though Iannarelli has my email address and has written to me on multiple other occasions. Eisenberg Declaration, ¶ 4. Accompanying this motion were a "BRIEF" (D.I. 59) and "BRIEF & SPECIAL APPENDIX" (D.I. 60) which were indicated as "Service date 1/23/2025 by ACMS", which I also did not receive via ACMS and did not receive via email from Iannarelli. Eisenberg Declaration, ¶ 4.

---

[4] I managed to retrieve a copy of this filing, at my own cost, from the online system before it was removed.

6

5. On January 27, 2025, Iannarelli filed, as Second Circuit Docket Entry 63.1,[5] another four-page motion to reinstate, inclusive of a one page doctor's letter and two page affirmation of himself. On the cover page of this four-page motion, Iannarelli hand-wrote in "Eric M. Eisenberg Attorney Pro Se" and again indicated "movant [has not] notified opposing counsel (required by Local Rule 27.1) . . . **but will attempt by email and electronically filing**." (emphasis added) I, again, did not receive service via electronic filing, and, again notably, I did not afterwards receive any email from Iannarelli as to this filing. Eisenberg Declaration, ¶ 5. Accompanying this motion were a "BRIEF" (D.I. 64) and "BRIEF & SPECIAL APPENDIX" (D.I. 65) which were indicated as "Service date 1/27/2025 by ACMS", which I also did not receive via ACMS and did not receive via email from Iannarelli. Eisenberg Declaration, ¶ 5.

6. Although not a document filed by Iannarelli, Second Circuit Docket Entries 67 and 68, of January 28, 2025, added the undersigned as a party ("Defendant-Appellee") to the appeal, and changed Eric I. Eisenberg to a "defendant". I did not receive any formal notification from the Second Circuit regarding this addition of myself as a party to this appeal. Eisenberg Declaration, ¶ 6.

7. On January 30, 2025, Iannarelli filed an appendix and brief as Second Circuit Docket Entries 71 and 72, indicating "Service date 01/30/2025 by ACMS". Again, I did not receive any service via ACMS.

8. On February 3, 2025, Iannarelli filed two briefs and two appendices, as Second Circuit Docket Entries 73 through 76. All indicated "Service date 02/03/2025 by ACMS." On information and

---

[5] I again managed to retrieve a copy of this filing, at my own cost, from the online system before it was removed.

7

belief, all indicated "Eric M. Eisenberg" within the caption, but, incorrectly, failed to list "Eric I. Eisenberg." Again, I did not receive any service by ACMS.

9. On February 5, 2025, Iannarelli filed a motion to reinstate the appeal, with accompanying certificate of service, as Second Circuit Docket Entry 78. The motion is based on, inter alia, a new affirmation of Iannarelli, also dated February 5, 2025. The cover page indicates Eric M. Eisenberg *Pro Se* as the sole "OPPOSING PARTY" and sole "OPPOSING ATTORNEY", and further states "Has movant notified opposing counsel (required by Local Rule 27.1) **Yes**" (answer to question emphasized). However, in my opinion shockingly, **I was not, prior to the time of filing, contacted by Iannarelli regarding this filing.** Eisenberg Declaration, ¶ 7. **Nor was I asked by Iannarelli whether I would oppose the motion**. Eisenberg Declaration, ¶ 7.

10. Although not a document filed by Iannarelli, on February 7, 2025, at 1:59 P.M., the Second Circuit filed an order (Second Circuit Docket Entry 80) granting the February 5, 2025 Motion, prior to any service of the motion being received by the undersigned. Eisenberg Declaration, ¶ 8.

**Vacating or Reconsidering Order Reinstating the Appeal**

As generally outlined above, I was added to the appeal on January 28, 2025, without formal notice, and the February 5, 2025 motion to reinstate was granted on February 7, 2025 prior to me receiving any service of same – interfering with me opposing this motion. The failure of proper, timely service is particularly problematic where Iannarelli has repeatedly, during the course of this Appeal, misrepresented or misstated service me or and failed to notify me as to the proceedings despite his representations that he had so-notified me. Had I been given a reasonable

8

opportunity to submit an opposition to the February 5, 2025 motion, which was the only version of the motion not promptly rejected by the Second Circuit, I would have done so. At a minimum, under the circumstances, the reinstatement should be vacated and I should be given an opportunity to file an opposition to it.

However, the undersigned submits that it would be more appropriate to reconsider and reverse the grant of reinstatement. Initially, the repeated irregularities as to notice and service by Iannarelli, described above, should be taken into account. Second, the motion for reinstatement, (D.I. 78) as with the last minute motion for extension of time, (D.I. 49, filed at 6:20 p.m. on the January 2, 2025 brief filing deadline) relied on a medical issue, that is, problems with one of Iannarelli's eyes, known to Iannarelli for approximately a year, well prior to the filing of this appeal, which had been the subject of extension requests going back at least as early as February 19, **2024**. S.D.N.Y. D.I. 50 (Feb. 19, 2024) (requesting extension based on eye problem). Such reasons, raised well after (in this case about a year after) they were known to counsel, and well prior to counsel choosing the brief filing deadline, are insufficient to justify reinstatement. *RLI Insurance Co. v. JDJ Marine, Inc.*, 716 F.3d 41 (2d Cir. 2013) (denying motion to reinstate where counsel's last-minute extension request and reinstatement request were based on disruptions stemming from the October 8, 2012 Hurricane Sandy storm, prior to appellant's selection of a brief filing date on November 13, 2012).

Also justifying denial of reinstatement is the meritless nature of the appeal. *See RLI Insurance*, 716 F.3d 41, 44-45 (finding meritless nature of appeal provided an alternate basis for denying reinstatement). The meritless nature of this appeal is demonstrated, *inter alia*, by Plaintiffs-Appellants' untimely and plainly insufficient objections to the Magistrate Judge's Report and Recommendation that is the subject of this appeal. The Report and Recommendation

9

(S.D.N.Y. D.I. 72) was issued June 5, 2024, explicitly indicating that objections were due June 20, 2024 (June 19, 2024 was Juneteenth). Plaintiffs' objections (S.D.N.Y. D.I. 76) were untimely filed, on June 21, 2024, and they were "scant . . . conclusory and general, and both mischaracterizes and fails to substantively engage with the reasoning of the R & R." (S.D.N.Y. D.I. 85) (August 19, 2024 Order adopting R & R). Each of the untimeliness and the insufficiency of Plaintiffs-Appellants' objections dooms the appeal. *See Park v. State Farm Mutual Automobile Insurance Company et al.,* No. 23-7230 (2d Cir. Nov. 20, 2024) (Summary Order); *Stevens v. Duquette,* No. 22-1471 (2d Cir. February 21, 2024) (Summary Order).

The meritless nature of this appeal is further solidified by Plaintiffs-Appellants' Brief's statement of appellate jurisdiction, (2nd Cir. D.I. 73 at pp. 5-6) which admits that this is an interlocutory appeal filed without any grant of permission, and that an amended complaint was filed by Plaintiffs-Appellants on October 7, 2024. This amended complaint continues to pend before the district court. Clearly, no appellate jurisdiction for this un-permitted interlocutory appeal exists.

The initial filing of the Plaintiffs-Appellants' Brief and Appendix was also untimely under the reinstatement rule at Local Rule 27.1(i), with the motion for reinstatement and accompanying brief and appendix being due January 17, 2025 (fourteen days from the January 3, 2025 order of dismissal), but no version of the brief or appendix being filed until January 23, 2025 (2nd Cir. D.I. 59, 60). This further justifies denial of reinstatement.

**Continued Incorrectness of the Caption**

The caption, as determined according to Second Circuit Docket Entries 67 and 68, includes parties as set out in the caption at the top of this letter. On information and belief, none

10

of the briefs or appendices filed match this caption. That is, none include both Eric M. Eisenberg ("defendant-appellee") and Eric I. Eisenberg ("defendant"). This error persists even though Plaintiffs were specifically notified, on January 28, 2025, at Second Circuit Docket Entry 70, that they needed to correct the caption. Accordingly, per Second Circuit Docket Entry 70, the briefs and appendices should be stricken.

Moreover, the undersigned believes the caption should be further modified by making the undersigned, Eric M. Eisenberg, at most an "appellee," not a "defendant-appellee," as the original complaint (D.I. 1 of the S.D.N.Y. action below) that is the subject of this appeal listed only Eric I. Eisenberg, not Eric M. Eisenberg – and this complaint was not amended until after the filing of the instant appeal.

### **The appendix was improperly prepared**

Contrary to FRAP 30(b)(1), Iannarelli did not contact the undersigned, nor did he contact counsel for the city defendants, to either reach an agreement as to the contents of the appendix, or, failing that, to "serve on the appellee a designation of the parts of the record the appellant intends to include in the appendix and a statement of the issues the appellant intends to present for review," so as to allow a counter-designation by appellees. Eisenberg Declaration, ¶ 9 and Exhibit 1.

As a result of this failure, the undersigned believes that each of the various appendices filed likely fails to include highly relevant material, by way of example only, plaintiffs' untimely, and plainly inadequate, objections (D.I. 75 in S.D.N.Y. action below) to the magistrate judge's report and recommendation, which document alone may well preclude appellate review. *See Park v. State Farm Mutual Automobile Insurance Company et al.,* No. 23-7230 (2d Cir. Nov.

20, 2024) (Summary Order); *Stevens v. Duquette,* No. 22-1471 (2d Cir. February 21, 2024) (Summary Order), *both cited supra*.

This improper preparation justifies striking the appendix.

**Sanctions or Other Just Relief**

The undersigned believes that Plaintiffs-Appellants and its attorney's conduct, as described and discussed herein, may justify sanctions or other just relief as determined by the Court, and requests consideration as to same.

**Conclusion**

The Court's prompt consideration as to the relief requested herein would be greatly appreciated.

Dated :  
February 12, 2025

Respectfully submitted,

/s/     *Eric M. Eisenberg*  
Eric M. Eisenberg  
(*Pro Se*)  
1300 S Miami Avenue  
Unit 1408  
Miami, FL 33130  
ericeis@gmail.com

Encl. Declaration of Eric M. Eisenberg

12

## Certificate of Service

The undersigned hereby affirms, under penalty of perjury, that the foregoing memorandum of law, with cover sheet and enclosed Declaration of Eric M. Eisenberg in support, and accompanying Exhibit 1, was served on February 12, 2025 by electronic mail on counsel of record as follows:

Anthony Nicholas Ianarelli, Jr. - anilaw2@gmail.com (Plaintiffs' Counsel)

David Alan Rosinus, Jr. - nycfedapp@law.nyc.gov; arosinus@law.nyc.gov
Genan Zilkha - gzilkha@law.nyc.gov
Kerri Devine - kdevine@law.nyc.gov
(counsel for city defendants)

Dated :
February 12, 2025

Respectfully submitted,

/s/     *Eric M. Eisenberg*
Eric M. Eisenberg
(*Pro Se*)
1300 S Miami Avenue
Unit 1408
Miami, FL 33130
ericeis@gmail.com

# 24-2370

UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT

_____

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. DBA SWING 46 JAZZ
AND SUPPER CLUB,

      Plaintiffs-Appellants

-against-

ERIC ADAMS, Mayor of the City of New
York, ROHIT T. AGGARWALA, NEW YORK
CITY DEPARTMENT OF ENVIRONMENTAL
PROTECTION, and ERIC M. EISENBERG[1]

      Defendants-Appellees

and

ERIC I. EISENBERG,[2] JANE DOES 1-30, and
JOHN DOES 1-30,

      Defendants
_____

**DECLARATION OF ERIC M. EISENBERG IN SUPPORT OF HIS MOTION TO
RECONSIDER OR VACATE THE REINSTATEMENT ORDER (2nd. Cir. D.I. 80), TO
REJECT THE PLAINTIFFS' BRIEF AND APPENDIX, TO CORRECT THE CAPTION,
AND FOR SANCTIONS OR OTHER JUST RELIEF (AND, IF NECESSARY, FOR *PRO
HAC VICE* ADMISSION)**

---

1 The undersigned does not necessarily agree that he is properly a "Defendant-Appellee," but includes his name in the above caption in the manner most recently specified by the Court (see 2nd Cir. Docket Entry 68) for the Court's convenience.

2 Per 2nd Cir. Docket Entry 68, Eric I. Eisenberg (who was named in the original Complaint that is the subject of this appeal) is a "Defendant."

1

1. I, Eric M. Eisenberg, affirm, including but not limited to pursuant to CPLR 2106, this 12th day of February, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the statements herein are true and correct, and I understand that this document may be filed in an action or proceeding in a court of law.

2. The undersigned ceased receiving automated notifications from the Second Circuit via ACMS, subsequent to Second Circuit docket entry 10, when he was terminated as an attorney for Eric I. Eisenberg in the above-identified appeal.

3. The undersigned, even continuing on and after my January 28, 2025 addition to this Appeal, has not been receiving automated notifications from the Second Circuit of filings.

4. I did not, subsequent to Iannarelli's January 23, 2025 filing of Second Circuit Docket Entry 58.1, receive any email from Iannarelli as to this filing – even though Iannarelli has my email address and has written to me on multiple other occasions, nor did I receive by email from Iannarelii the accompanying "BRIEF" (D.I. 59) and "BRIEF & SPECIAL APPENDIX" (D.I. 60).

5. I did not, for Iannarelli's January 27, 2025 filing of Second Circuit Docket Entry 63.1, receive any email from Iannarelli as to this filing – even though Iannarelli has my email address and has written to me on multiple other occasions, nor did I receive by email from Iannarelii the accompanying "BRIEF" (D.I. 64) and "BRIEF & SPECIAL APPENDIX" (D.I. 65).

6. I did not receive any formal notification from the Second Circuit regarding the January 28, 2025 addition of myself as a party to this appeal.

7. I was not, prior to the time of filing of Second Circuit Docket Entry 78 on February 5, 2025, contacted by Iannarelli regarding this filing, or asked by Iannarelli whether I would oppose this motion.

8. I did not receive any service of the reinstatement motion at Second Circuit Docket Entry 78 prior to its grant, at Second Circuit Docket Entry 80, on February 7, 2025, at 1:59 P.M.

9. Iannarelli did not contact the undersigned, nor, based on my review of the complete email chain enclosed as Exhibit 1 hereto, did he contact counsel for the city defendants, regarding preparation of the appendix.

Dated :
February 12, 2025

Respectfully submitted,

/s/      *Eric M. Eisenberg*
Eric M. Eisenberg
(*Pro Se*)
1300 S Miami Avenue
Unit 1408
Miami, FL 33130
ericeis@gmail.com

3

# Exhibit 1



Eric Eisenberg <ericeis@gmail.com>

## Second Circuit Appeal 24-2370 - Communications and Correspondence Regarding Preparation of Appendix
1 message

**Eric Eisenberg** <ericeis@gmail.com>  Thu, Feb 6, 2025 at 7:15 PM
To: Anthony Iannarelli <anilaw2@gmail.com>, Genan Zilkha <gzilkha@law.nyc.gov>, "Devine, Kerri A. (Law)" <kdevine@law.nyc.gov>, arosinus@law.nyc.gov, gzilkha@gmail.com

Dear Counsel Iannarelli, Zilkha, Devine, and Rosinus,

I have some concerns about the completeness of plaintiffs' appendix in Second Circuit Appeal 24-2370 (Akhtar et al. v Aggarwala et al.).

Please, by no later than **Monday, February 10, 2025**, confirm whether there have been any prior communications or correspondence between counsel for plaintiffs and counsel for the city defendants regarding the preparation of the appendix. If possible, please also identify those communications and forward copies of any correspondence to me.

In the absence of any substantive response by Monday, February 10, 2025, I will assume that there have been no prior communications or correspondence between counsel for plaintiffs and counsel for the city defendants regarding the preparation of the appendix.

Thank you kindly for your prompt attention to this matter.

Respectfully yours,
Eric M. Eisenberg