# 24-2370

UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT

_____

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. DBA SWING 46 JAZZ
AND SUPPER CLUB,

                  Plaintiffs-Appellants

-against-

ERIC ADAMS, Mayor of the City of New
York, ROHIT T. AGGARWALA, NEW YORK
CITY DEPARTMENT OF ENVIRONMENTAL
PROTECTION, and ERIC M. EISENBERG[1]

                  Defendants-Appellees

and

ERIC I. EISENBERG,[2] JANE DOES 1-30, and
JOHN DOES 1-30,

                  Defendants
_____

**ERIC M. EISENBERG'S SCHEDULING NOTIFICATION PURSUANT TO SECOND CIRCUIT LOCAL RULE 31.2**

---

[1] The undersigned does not necessarily agree that he is properly a "Defendant-Appellee," but includes his name in the above caption in the manner most recently specified by the Court (see 2nd Cir. Docket Entry 68) for the Court's convenience.

[2] Per 2nd Cir. Docket Entry 68, Eric I. Eisenberg (who was named in the original Complaint that is the subject of this appeal) is a "Defendant."

1

At the outset, the undersigned, Eric M. Eisenberg (*pro se*), notes that he submitted a motion, on February 12, 2025, (D.I. 82) (hereinafter, "the Undersigned's Motion") which is currently pending, seeking the following relief:

- *pro hac vice* admission (to the extent necessary);
- reconsideration of the order (2nd Cir. D.I. 80, Feb. 7, 2025) granting reinstatement of the appeal, or in the alternative for vacating this order so that the undersigned may file an opposition to the motion for reinstatement (2nd Cir. D.I. 78, Feb. 5, 2025);
- rejection of the plaintiffs' brief, which contains a caption inconsistent with prior orders;
- rejection of the plaintiffs' appendix, which was prepared in violation of F.R.A.P. 30(b)(1);
- correction of the caption (to the extent necessary); and
- sanctions against plaintiffs-appellants and/or their counsel, and other just relief as the court may deem appropriate.

As explained in more detail in the Undersigned's Motion, "Eric M. Eisenberg" appeared on the docket as a new party on January 28, 2025 (2nd Cir. D.I. 67) without any formal notice of same being provided to me, and there were various failures of, and misrepresentations with respect to, service by Plaintiffs-Appellants. As also explained in the Undersigned's Motion, I do not automatically receive notifications of, or copies of, new filings from the Second Circuit's ACMS system.

Given these unique circumstances and posture, **the undersigned hereby notifies the clerk, pursuant to Second Circuit Local Rule 31.2, that he requests the following deadline for his brief: 90 days following the latest of: (1) an order disposing of the Undersigned's Motion; (2) any order disposing of the reinstatement issue subsequent to further briefing**

**ordered by this Court in response to the Undersigned's Motion; and (3) Plaintiffs' filing of any corrected and/or properly prepared brief and/or appendix – to the extent required by the Court in response to the Undersigned's Motion**.

Such a deadline is necessary in order to avoid extreme hardship to the undersigned and potential confusion to the Court. If the deadline were earlier than the above-described events, then the undersigned, who is *pro se*, could well be unnecessarily forced to prepare a brief (i) despite the appeal ultimately not being reinstated; (ii) in response to a version of Plaintiffs' brief which may be determined to be in need of correction, ultimately necessitating a second round of briefing by the undersigned as well; (iii) relying on an Appendix prepared by Plaintiffs in violation of F.R.A.P. 30(b)(1), with neither the undersigned nor the city defendants-appellees being provided any opportunity to participate in the preparation of same, also potentially necessitating a second round of briefing; (iv) without the benefit of further clarification from the Court as to the proper caption; and (v) without the benefit of service of all documents filed by Plaintiffs on him.

The undersigned notes that, should the Undersigned's Motion be denied in all relevant substantive respects, then the deadline for the undersigned's brief will become immediately calculable (90 days following the date of that order).

Dated (and executed in):  Respectfully submitted,

/s/     *Eric M. Eisenberg*
February 21, 2025 (Miami, Florida)  Eric M. Eisenberg
(*Pro Se*)
1300 S Miami Avenue
Unit 1408
Miami, FL 33130
ericeis@gmail.com

3

**Certificate of Service**

The undersigned hereby affirms, under penalty of perjury, that the foregoing Scheduling Notification, was served on February 21, 2025 by electronic mail on counsel of record as follows:

Anthony Nicholas Ianarelli, Jr. - anilaw2@gmail.com (Plaintiffs' Counsel)

David Alan Rosinus, Jr. - nycfedapp@law.nyc.gov; arosinus@law.nyc.gov
Genan Zilkha - gzilkha@law.nyc.gov
Kerri Devine - kdevine@law.nyc.gov
(counsel for city defendants)

The undersigned further anticipates, based on past practice, that the document, upon my submission of it to the Court by email today, will promptly be electronically filed by the Court on ACMS.

Dated (and executed in):             Respectfully submitted,
February 21, 2025 (Miami, Florida)

                                                   /s/ *Eric M. Eisenberg*
                                                   Eric M. Eisenberg
                                                   (*Pro Se*)
                                                   1300 S Miami Avenue
                                                   Unit 1408
                                                   Miami, FL 33130
                                                   ericeis@gmail.com