# 24-2370

### UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

_____

|
MOHAMED JOHN AKHTAR and LA BUCA | 
RESTAURANT, INC. DBA SWING 46 JAZZ |
AND SUPPER CLUB, |

Plaintiffs-Appellants

|
-against- |
|
ERIC ADAMS, Mayor of the City of New |
York, ROHIT T. AGGARWALA, NEW YORK |
CITY DEPARTMENT OF ENVIRONMENTAL |
PROTECTION, and ERIC M. EISENBERG[1] |
|

Defendants-Appellees

|
and |
|
ERIC I. EISENBERG,[2] JANE DOES 1-30, and |
JOHN DOES 1-30, |
|

Defendants

_____

### ERIC M. EISENBERG'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS-APPELLANTS' FEBRUARY 21, 2025 MOTION FOR EXTENSION OF TIME (2nd Cir. D.I. 86)

_____

[1] The undersigned does not necessarily agree that he is properly a "Defendant-Appellee," but includes his name in the above caption in the manner most recently specified by the Court (see 2nd Cir. Docket Entry 68) for the Court's convenience.

[2] Per 2nd Cir. Docket Entry 68, Eric I. Eisenberg (who was named in the original Complaint that is the subject of this appeal) is a "Defendant."

1

The undersigned, Eric M. Eisenberg,[3] submits this memorandum in opposition to Plaintiffs-Appellants' February 21, 2025 motion for extension of time (D.I. 86) (hereinafter, "Plaintiffs' Motion") to oppose the undersigned's motion (D.I. 82) served and sent to the Court on February 12, 2025. Two main reasons justify denial of Plaintiffs' Motion: (1) Plaintiffs' Motion, amongst other procedural issues, fails to properly comply with Second Circuit Local Rule 27.1(b), and is false and/or misleading as to prior communications with the undersigned; and (2) Plaintiffs have failed to demonstrate "good cause" for an extension.

**Prior Email Communications Regarding Plaintiffs' Extension Motion**

At 1:46 P.M. on February 20, 2025, Plaintiffs' counsel wrote to the undersigned requesting consent for an extension "to **02/27/25** to respond" to the undersigned's motion. Enclosed Eisenberg Decl., ¶ 2, Exh. 1 (emphasis added). The sole reasons and explanation offered by Plaintiffs' counsel for this extension were "I [attorney Iannarelli] have not had the time for review" and "conflicts in scheduling." *Id*.

Fourteen minutes later, I provided my position to Plaintiffs' Counsel as follows:

On Thu, Feb 20, 2025 at 2:00 PM Eric Eisenberg <ericeis@gmail.com> wrote:
Dear Mr. Iannarelli,

So that I can assess your request, can you please explain the nature of your conflicts and the reasons why you have not had time for review? Particularly in the absence of this information, and in light of the confusion already caused by your past service failures, I am not yet able to consent to your request for extension of time.

Also, so that I can be informed as to the status of this case, can you please confirm whether there are documents you have filed in this Second Circuit appeal - and which documents those may be - that you have not yet emailed to me nor sent to my current location in Miami?

Best,
Eric Eisenberg
Ericeis@gmail.com
1300 S Miami Ave
Unit 1408
Miami, FL 33130

*Id*.

---

[3] The undersigned, as mentioned for Example at Second Circuit D.I. 82.1, Page 3 of 12, is an attorney.

The following day, Plaintiffs' counsel replied by email, without providing a response as to any of my inquiries, asking that I "answer yes or no." *Id*.[4] Four hours after this email, Plaintiffs' Motion was filed. (2nd Cir. D.I. 86, filed 1:00 P.M on February 21, 2025).

**<u>Plaintiffs' Motion is Non-Compliant with Second Circuit Local Rule 27.1(b) and is false and/or Misleading as to Prior Communications with the Undersigned</u>**

Second Circuit Local Rule 27.1(b) requires motions to state, *inter alia*, "(1) that the movant has notified opposing counsel, or why the movant was unable to do so; [and] (2) opposing counsel's position on the relief requested [. . .]."

First, under this Local Rule, a movant is not permitted to notify its adversary as to specific relief, and then move for different, inconsistent relief. Doing so makes it impossible for the motion to state "opposing counsel's position on the relief requested." However, Plaintiffs notified me as to an extension "to **<u>02/27/25</u>** to respond" and then moved for an extension to February 28, 2025. *Compare* Enclosed Eisenberg Decl., ¶ 2, Exh. 1 and Second Circuit D.I. 86.1 at Pages 1 and 3.

Moreover, Plaintiffs notified the undersigned only vaguely of the basis for an extension, ("I [attorney Iannarelli] have not had the time for review" and "conflicts in scheduling.") ignored my request for additional detail/clarification, (*See* Enclosed Eisenberg Decl., ¶ 2, Exh. 1) and then moved based on another basis. In particular, Plaintiffs' counsel now differently states the reasons for relief, in connection with Plaintiffs' Motion, as "I need to ask for a medical accommodation" (D.I. 86.1, Page 2 of 6, ¶ 2), and "I must ask for additional time because of my

---

[4] On the same date, Plaintiffs' counsel, in response to an unrelated email by which the undersigned served a Local Rule 31.2 Scheduling Notification on counsel of record, berated the undersigned over this service email and again demanded I respond "Yes or no." Enclosed Eisenberg Decl., ¶ 3, Exh. 2.

visual impairment, along with conflicts due to previously scheduled events before other courts" (D.I. 86.1, Pages 2-3 of 6, ¶ 3).

In sum, Plaintiffs are moving for an extension to a different date than identified to the undersigned, based on medical/visual and court event reasons not identified to the undersigned in Plaintiffs' counsel's prior correspondence to the undersigned concerning this extension motion. Thus, when Plaintiffs' counsel states "I would like to have a response to the Motion or before Friday, February 28, 2025. [] I have communicated to defendant-appellee Eric M. Eisenberg via email for his position on **this request** [. . .]," (D.I. 86.1, Page 3 of 6, ¶¶ 6-7) (emphasis added) he is making a false and/or misleading submission to the Court. Moreso, Plaintiffs' counsel makes such misrepresentation while stating the affirmation is truthful "under the penalty of perjury" and further stating "I affirm to the truth of the foregoing and aware (*sic*.) that I may be subject to punishment for any statement intentionally made false." (D.I. 86.1, Pages 2 and 3 of 6).

Moreover, even with respect to the different relief identified in Plaintiffs' counsel's prior correspondence to the undersigned (an extension "to 02/27/25 to respond"), on the different basis identified ("I [attorney Iannarelli] have not had the time for review" and "conflicts in scheduling"), Plaintiffs have failed to state in their motion my actual "position on the relief requested," contrary to Second Circuit Local Rule 27.1(b). As per the portion of the email conversation excerpted above, my expressed position was, at a minimum, "Particularly in the absence of this information [as to the nature of Plaintiffs' counsel's conflicts and the reasons why he had not had time for review], and in light of the confusion already caused by [Plaintiffs' counsel's] past service failures, I am not yet able to consent to [the] request for extension of time." (Enclosed Eisenberg Decl., ¶ 2, Exh. 1). Plaintiffs' Motion's failure to state or even attempt to summarize this position, or to include a copy of our correspondence with Plaintiffs'

4

Motion, was inconsistent with Second Circuit Local Rule 27.1(b)'s requirement that the motion state "opposing counsel's position on the relief requested." Compounding this failure is the seemingly false or misleading statement on the cover page of Plaintiffs' Motion, made despite my February 20, 2025 email to Plaintiffs' counsel, that "I [Plaintiffs' counsel] have asked via email but still have not received an answer [. . .]." Compare D.I. 86.1 at Page 1 of 6 and Enclosed Eisenberg Decl., ¶ 2, Exh. 1.

Plaintiffs' Motion's non-compliance extends to other issues with the moving papers, for example: (1) a failure to indicate Plaintiffs' counsel's, or the undersigned's, phone number or e-mail on the cover sheet, (2) inconsistencies on the cover sheet as to whether or not Plaintiffs' Motion is intended to be an Emergency Motion, and (3) inconsistency between the cover sheet, the supporting affirmation, and the ACMS docket description, as to whether the request is on behalf of (i) Plaintiff's counsel (see affidavit, *passim*, at D.I. 86-1, Pages 2-3 of 6); (ii) Plaintiff "Akhtat" (*sic.*: Akhtar) only (see cover sheet, at D.I. 86-1, Page 1 of 6, referring to "Plaintiff-appellant Akhtat to file a Response"), or (iii) both Plaintiffs (see ACMS docket description at D.I. 86). It is prejudicial to the undersigned to have to respond under the confusion caused by Plaintiffs' counsel's non-compliance and/or imprecision.

### Plaintiffs Fail to Demonstrate "Good Cause" for an Extension

Beyond the non-compliance and irregularities identified above, Plaintiffs' Motion also fails to demonstrate "good cause," which is one prerequisite to a discretionary extension of time by this Court. F.R.A.P. 26(b).

As to the issue with Iannarelli's left eye, this problem has been known to Iannarelli for over a year, well prior to the filing of this appeal, and has been the subject of extension requests

in the District Court below going back at least as early as February 19, **2024** – more than a year ago. S.D.N.Y., 1:23-cv-06585, D.I. 50 (Feb. 19, 2024) (requesting, based on Plaintiffs' counsel's eye problem and treatment thereof by his opthalmologist, a 30-day extension to oppose a motion filed by the city defendants).  In addition to using his left eye problem as an excuse with respect to, *inter alia*, the instant February 2025 opposition deadline and the February 2024 opposition deadline, Plaintiff's counsel used the exact same January 3, 2025 doctor's letter supporting Plaintiffs' current motion as an excuse with respect to missing the January 2, 2025 deadline Plaintiffs themselves set for filing their appeal brief. (D.I. 78.1)[5] To the extent that a visual issue with one of Plaintiffs' counsel's eyes, or an approximately monthly medical appointment to address same, is a meaningful medical problem interfering with Plaintiffs' counsel's ability to meet court deadlines - which the undersigned disputes - Plaintiffs' counsel has had more than enough time to seek co-counsel to assist him or, failing that, to withdraw from the representation. Plaintiffs' counsel's continuing to serve, for over a year, as sole counsel despite knowing of a physical or mental infirmity that has continually precluded him from meeting court deadlines, if true, is not "good cause," but rather an ethics violation. *See* New York Rules of Professional Conduct (as amended through June 10, 2022), Rule 1.16(b) ("Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when [. . .] the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.")

Additionally, with respect to Plaintiffs' counsel's longstanding left eye issue, Plaintiffs' Motion offers no actual explanation as to how this vision issue may have interfered with him filing a timely opposition. *See e.g.* D.I. 86.1 at pages 3-4 of 6, ¶ 3 (stating only "I must ask for additional time because of my visual impairment, along with other conflicts due to previously

---

[5] The undersigned was not provided a meaningful opportunity to file an opposition to that filing, and the resulting order is subject to a pending motion to reconsider and/or vacate.

scheduled events before other courts" and referring to a doctor's letter, D.I. 86.1 at page 6 of 6, which likewise fails to explain why any particular deadline cannot be met). Similarly, Plaintiffs' counsel's reference to "other conflicts due to previously scheduled events before other courts" is, despite my February 20, 2025 email request for more detail, wholly vague, failing to provide any information whatsoever regarding the nature or timing of the "conflicts" or of the "previously scheduled events," or how specifically they interfered with preparing a timely opposition. Plaintiffs' insistent choice of withholding all meaningful detail precludes a meaningful response from the undersigned, and cannot amount to "good cause" for an extension.

**Conclusion**

For at least the above reasons, denial of Plaintiffs-Appellants' February 21, 2025 motion for extension of time is respectfully requested.

Dated (and executed at):                          Respectfully submitted,
February 23, 2025 (Miami, Florida)

                                                  /s/     *Eric M. Eisenberg*
                                                  Eric M. Eisenberg
                                                  (*Pro Se*)
                                                  1300 S Miami Avenue
                                                  Unit 1408
                                                  Miami, FL 33130
                                                  (646) 801-6705
                                                  ericeis@gmail.com

Encl. Declaration of Eric M. Eisenberg

**Certificate of Service**

The undersigned hereby affirms, under penalty of perjury, that the foregoing memorandum of law, with cover sheet and enclosed Declaration of Eric M. Eisenberg in support, and accompanying Exhibits 1 and 2, was served on February 23, 2025 by electronic mail on counsel of record as follows:

Anthony Nicholas Ianarelli, Jr. - anilaw2@gmail.com (Plaintiffs' Counsel)

David Alan Rosinus, Jr. - nycfedapp@law.nyc.gov; arosinus@law.nyc.gov
Genan Zilkha - gzilkha@law.nyc.gov
Kerri Devine - kdevine@law.nyc.gov
(counsel for city defendants)

The undersigned understands, based on past practice, that these materials, which are being emailed to the Court today, should be promptly placed on ACMS by the Court.

Dated (and executed at):                                    Respectfully submitted,
February 23, 2025 (Miami, Florida)

                                                           /s/      *Eric M. Eisenberg*
                                                           Eric M. Eisenberg
                                                           (*Pro Se*)
                                                           1300 S Miami Avenue
                                                           Unit 1408
                                                           Miami, FL 33130
                                                           (646) 801-6705
                                                           ericeis@gmail.com

# 24-2370

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

---

|   |   |
|---|---|
| MOHAMED JOHN AKHTAR and LA BUCA RESTAURANT, INC. DBA SWING 46 JAZZ AND SUPPER CLUB, | |
|                 Plaintiffs-Appellants | |
| -against- | |
| ERIC ADAMS, Mayor of the City of New York, ROHIT T. AGGARWALA, NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, and ERIC M. EISENBERG[1] | |
|             Defendants-Appellees | |
| and | |
| ERIC I. EISENBERG,[2] JANE DOES 1-30, and JOHN DOES 1-30, | |
|           Defendants | |

---

**DECLARATION OF ERIC M. EISENBERG IN OPPOSITION TO PLAINTIFFS-APPELLANTS' FEBRUARY 21, 2025 MOTION FOR EXTENSION OF TIME (2nd Cir. D.I. 86)**

---

[1] The undersigned does not necessarily agree that he is properly a "Defendant-Appellee," but includes his name in the above caption in the manner most recently specified by the Court (see 2nd Cir. Docket Entry 68) for the Court's convenience.

[2] Per 2nd Cir. Docket Entry 68, Eric I. Eisenberg (who was named in the original Complaint that is the subject of this appeal) is a "Defendant."

1

1.      I, Eric M. Eisenberg, affirm, including but not limited to pursuant to CPLR 2106, this 23rd day of February, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the statements herein are true and correct, and I understand that this document may be filed in an action or proceeding in a court of law.

2.      Attached hereto as Exhibit 1 is a true and correct printout of an email conversation chain between the undersigned and counsel for Plaintiffs in this action, with the three emails therein being dated "Feb 20, 2025" or "Feb 21, 2025."

3.      Attached hereto as Exhibit 2 is a true and correct printout of an email conversation chain between, *inter alia*, the undersigned and counsel for Plaintiffs in this action, with the three emails therein being dated "Feb 21, 2025."

Dated  (and executed in):                                      Respectfully submitted,
February 23, 2025 (Miami, Florida)

                                                                              /s/      *Eric M. Eisenberg*
                                                                              Eric M. Eisenberg
                                                                              (*Pro Se*)
                                                                              1300 S Miami Avenue
                                                                              Unit 1408
                                                                              Miami, FL 33130
                                                                              (646) 801-6705
                                                                              ericeis@gmail.com

# Exhibit 1

 Gmail

**Eric Eisenberg <ericeis@gmail.com>**

---

## Akhtar et al. v. Adams et al. U.S. Court of Appeals 2nd Cir. 24-2370

**Anthony Iannarelli** <anilaw2@gmail.com>                                        Fri, Feb 21, 2025 at 8:57 AM
To: Eric Eisenberg <ericeis@gmail.com>

Dear Mr. Eisenberg,   Kindly answer yes or no will you consent to an extension of time to respond to your motion?  I am awaiting an answer to solely that questions, and while waiting for your answer I am behind another day. Please respond. Thank you.  Anthony Iannarelli

> On Thu, Feb 20, 2025 at 2:00 PM Eric Eisenberg <ericeis@gmail.com> wrote:
>
> Dear Mr. Iannarelli,
>
> So that I can assess your request, can you please explain the nature of your conflicts and the reasons why you have not had time for review? Particularly in the absence of this information, and in light of the confusion already caused by your past service failures, I am not yet able to consent to your request for extension of time.
>
> Also, so that I can be informed as to the status of this case, can you please confirm whether there are documents you have filed in this Second Circuit appeal - and which documents those may be - that you have not yet emailed to me nor sent to my current location in Miami?
>
> Best,
> Eric Eisenberg
> Ericeis@gmail.com
> 1300 S Miami Ave
> Unit 1408
> Miami, FL 33130
>
>> On Thu, Feb 20, 2025 at 1:46 PM Anthony Iannarelli <anilaw2@gmail.com> wrote:
>>
>> Dear Mr. Eisenberg, I have become aware of a motion it appears you filed with the Court on or about 02/13/2025.  I have not had the time for review, and because of conflicts in scheduling I must ask for your consent for a week, that is,  to 02/27/25 to respond.  Would you be kind enough to consent to my request?
>>
>> Thank you, Anthony Iannarelli
>>
>> --
>> Anthony N. Iannarelli Jr.
>> Attorney at Law
>> 201-236-1838
>> anilaw2@gmail.com

--
Anthony N. Iannarelli Jr.
Attorney at Law
201-236-1838
anilaw2@gmail.com

# Exhibit 2

 Gmail

Eric Eisenberg <ericeis@gmail.com>

## Scheduling Notification re Civil Appeal 24-2370 (Akhtar et al. v. Aggarwala et al.)

**Eric Eisenberg** <ericeis@gmail.com>                                      Fri, Feb 21, 2025 at 9:36 AM
To: Anthony Iannarelli <anilaw2@gmail.com>
Cc: Genan Zilkha <gzilkha@law.nyc.gov>, "Devine, Kerri A. (Law)" <kdevine@law.nyc.gov>, arosinus@law.nyc.gov, nycfedapp@law.nyc.gov

Dear Mr. Iannarelli,

This is just abusive behavior by you at this point. Your apology would be appreciated.

Sincerely,
Eric M. Eisenberg

On Fri, Feb 21, 2025 at 9:32 AM Anthony Iannarelli <anilaw2@gmail.com> wrote:
That was not my question. Yes or no to consent for adjournment? A.I.

On Fri, Feb 21, 2025 at 9:29 AM Eric Eisenberg <ericeis@gmail.com> wrote:
Counsel,

Pursuant to the Court's order of February 7, 2025, please find attached my Scheduling Notification, which I intend to file with the Second Circuit by email momentarily.

It would be greatly appreciated if the city defendants would provide me with a copy of their own scheduling notification, which I believe is likely also due today, as well.

Best regards,
Eric M. Eisenberg

--
Anthony N. Iannarelli Jr.
Attorney at Law
201-236-1838
anilaw2@gmail.com