UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 24-2370      Caption [use short title]

Motion for: Withdraw Appeal without prejudice

Set forth below precise, complete statement of relief sought:

To withdraw plaintiffs-appellants' appeal without

prejudice consistent with the Court's Order March

4, 2025

**Mohamed John Akhtar, et al**
**Plaintiffs – Appellants,**

**v.**

**Eric Adams, et al. ,**

**Eric M. Eisenberg,**

        **Defendants-appellants.**

MOVING PARTY: Mohamed John Akhtar, et al.     OPPOSING PARTY: Eric M. Eisenberg, Esq. pro se

   ☐ Plaintiff        ☐ Defendant

   ☑ Appellant/Petitioner    ☐ Appellee/Respondent

MOVING ATTORNEY: Anthony N. Iannarelli Jr.     OPPOSING ATTORNEY: Eric M. Eisenberg, Esq. pro se

[name of attorney, with firm, address, phone number and e-mail]

Anthony N. Iannarelli Jr.             454 West 46th Street, Unit 1ES, New York, NY

74 Lafayette Avenue, Suite 202. # 116      1300 S. Miami Avenue, Unit 1408

Suffern, N.Y. 10901               Miami, FL 33103

Court- Judge/ Agency appealed from: Hon. Jessica Clarke, U.S. Judge, U.S. Dist. Court

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
   ☑ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
   ☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
   ☐ Yes ☐ No ☑ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:

Has this request for relief been made below?   ☐ Yes ☑ No
Has this relief been previously sought in this court? ☐ Yes ☑ No
Requested return date and explanation of emergency:
_____
_____
_____
_____

Is oral argument on motion requested?    ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No If yes, enter date:_____

Signature of Moving Attorney:

_____ Date: 03/06/2025 Service by: ☑ CM/ECF ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

| | |
|---|---|
| **Mohamed John Akhtar, La Buca Restaurant, Inc., DBA Swing 46 Jazz and Supper Club,**<br><br>    **Plaintiffs - Appellants,**<br><br>  **v.**<br><br>**Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric M. Eisenberg,**<br><br>    **Defendants - Appellees,**<br><br>**Jane Does 1-30, John Does 1-30,**<br><br>    **Defendants.** | Case No. 24–2370<br><br><br><br>Affirmation of Service |

Anthony N. Iannarelli Jr., of full age and the attorney for plaintiff–appellants herein, affirms under the penalty of perjury to the following:

1. On March 6, 2025, I electronically filed through ACMS to the United States Court of Appeals for the Second Circuit, at the Thurgood Marshall United States Courthouse in New York, N.Y ,plaintiffs–appellants' Motion to withdraw their appeal without prejudice.

2.  On March 6, 2025, I served plaintiff-appellants' same Motion papers to defedant-appellee Eric M. Eisenberg via email @  ericeis@gmail.com and ericnoise@hotmail.com,   and

3. On March 6, 2025, I served the same Motion papers on Counsel for New York City government defendants, via the Court's ACMS, to;

> David Alan Rosinus, Jr., Esq.
> Assistant Corporation Counsel
> New York City Law Department
> Appeals Division
> 100 Church Street
> New York, NY 10007

I affirm to the truth of the forgoing and am aware that I can be subject to punishment for any statement knowingly made false.

Dated:  March 6, 2025

Anthony N. Iannarelli Jr.
Attorney for Plaintiff-Appellants

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

| | |
|---|---|
| Mohamed John Akhtar, La Buca Restaurant, Inc.,  DBA Swing 46 Jazz and Supper Club, | Case No.  24-2370 |
| Plaintiffs – Appellants, | |
| v. | **Motion to Withdraw Plaintiffs-Appellants' Appeal Without Prejudice** |
| Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric M. Eisenberg, | |
| Defendants – Appellees, | |
| Jane Does 1-30, John Does 1-30, | |
| Defendants. | |

Anthony N. Iannarelli Jr.
Attorney for Plaintiffs-appellants
74 Lafayette Avenue
Suite 202 # 116
Suffern, New York 10901
212-431-1031
anilaw2@gmail. com

## Relief Sought

Plaintiffs-appellants, consistent with an Order of this Court dated March 4, 2025, move to withdraw their appeal without prejudice to file a new appeal after final judgment is entered.

## Grounds for Relief

Since the filing of the Notice of Appeal, plaintiff have obtained evidence, that had not been available previously, that will allow them to make justiciable arguments before the district court concerning service of the summons and amended complaint upon defendant-appellant.  The original complaint, filed in July 2023, had been dismissed before discovery was conducted, upon a dispositive motion brought by defendant-appellant. Granted leave to amend the complaint, plaintiffs-appellants have not been able, despite due diligence, to serve the summons and amended complaint upon defendant-appellee.  There was a concern, which is no longer an issues, that the statue of limitations for purposes of further amendments, would expire before defendant-appellant could be served.

Plaintiffs-appellants are now in a position to argue in the district court that either the defendant appellate had been previously served successfully, or, now that the actual legal residency has been determined,

defendant appellant can be served through alternative service methods within the State of New York.

The events surrounding the circumstances for the relief sought have been stated, and clarified, in an accompanying Affirmation, dated March 6, 2025, by counsel for plaintiff-appellants Anthony N. Iannarelli Jr. That affirmation is included along with the motion herein.

## Authority for the Relief Sought

The authority for the relief sought is the aforementioned Order of this Court, dated March 4, 2025, and is attached herein.

Dated: March 6, 2025

Anthony N. Iannarelli Jr.
Attorney for Plaintiffs-Appellants

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-five.

Before:      William J. Nardini,
                      *Circuit Judge.*

---

Mohamed John Akhtar, La Buca Restaurant, Inc., DBA Swing 46 Jazz and Supper Club,

   Plaintiffs - Appellants,

 v.

Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric M. Eisenberg,

   Defendants - Appellees,

Jane Does 1-30, John Does 1-30,

   Defendants.

**ORDER**

Docket No. 24-2370

---

Appellee Eric M. Eisenberg has moved to reconsider or vacate the order reinstating this appeal, which was previously dismissed on a briefing default. Upon closer examination, it is unclear whether this Court has jurisdiction over this appeal. It appears that Appellants challenge a district court order entered on August 19, 2024, which dismissed two counts with prejudice and the remaining counts without prejudice. It further appears that Appellants were given a deadline of September 16, 2024, to file any second amended complaint. Appellants appear to have file a second amended complaint after that deadline, and the docket does not indicate whether the district court has yet acted to accept or dismiss that complaint.

Accordingly, no later than Friday, March 7, 2025, the Appellants are directed to either (a) withdraw the appeal without prejudice to filing a new appeal after final judgment is entered, or (b) explain why jurisdiction exists under this Court's case law, specifically the Court's case law holding that dismissal of a complaint with leave to amend is not a final decision under 28 U.S.C. § 1291 and not immediately appealable. *Salmon v. Blesser*, 802 F.3d 249, 252 n.2 (2d Cir. 2015);

*Slayton v. Am. Express Co.*, 460 F.3d 215, 224 & n.7 (2d Cir. 2006); *Festa v. Local 3 Int'l Bhd. of Elec. Workers*, 905 F.2d 35, 36-37 (2d Cir. 1990) (per curiam); *Blanco v. United States*, 775 F.2d 53, 56 (2d Cir. 1985); *see, e.g.*, *Dees v. Knox*, No. 24-1574, 2025 WL 485019, at *1 (2d Cir. Feb. 13, 2025) (summary order); *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (summary order).

For the Court:
Catherine O'Hagan Wolfe,
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

Mohamed John Akhtar, La Buca Restaurant, Inc.,  DBA Swing 46 Jazz and Supper Club,

       Plaintiffs – Appellants,

  v.

Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric M. Eisenberg,

       Defendants – Appellees,

Jane Does 1-30, John Does 1-30,

       Defendants.

Case No.  24-2370

Affirmation of Anthony N. Iannarelli Jr , Attorney for Plaintiffs-Appellants, in support of their application to withdraw their appeal without prejudice.

## Affirmation in Support of Motion

Anthony N. Iannarelli Jr., of full age and the attorney for plaintiff-appellants herein, affirms under the penalty of perjury to the following:

1.   Consistent with the Court's Order, dated March 4, 2025, plaintiff-

1

appellants now move to withdraw their interlocutory appeal without prejudice. This applies only to defendant-appellee Eric M. Eisenberg (hereinafter defendant-appellee Eisenberg), and does not include the "New York City" defendants-appellees.   Plaintiffs-appellants have sought defendant-appellee Eisenberg's position on this Motion, and it is anticipated there will be opposition.

2.    Plaintiffs-appellants are of the belief that not only was their appeal meritorious, but it was also warranted to adequately protect the record. Further, there has been some recent changed circumstances, that will be discussed below, that will allow for resolutions of issues at the district court without the need of appellate intervention.

3.    The case has been stalled, discovery has been stayed, and it is now drawing near the two-year mark for plaintiff-appellant's filing of their complaint in July 2023. There was a concern that statute of limitations, or, other theories of collateral estoppel, might unfairly preclude plaintiffs' ability to further amend and expand their pleadings.

4.    Although diligent efforts have been made, the immediate issue is plaintiffs-appellants have not been able to serve defendant-appellee Eric M. Eisenberg.  As will be explained further below, this delay cannot be attributed to plaintiffs-appellants.

2

5.  Plaintiffs-appellants also reasonably believe, and as will also be described below, it was defendant-appellee Eric M. Eisenberg's conduct which created unwarranted difficulties in moving clients' case forward. Namely, his attempts at obstructing service upon himself, and then being untruthful to both the Court and plaintiff-appellants over the location of where he actually legally resides

6.  I first want to address that part of the Court's Odrer that suggests plaintiff-appellants did not timely file their Amended Complaint on September 16, 2024 as the district court had directed. I believe it was defendant-appellee Eisenberg that first made that claim to this Court. I have produced the first page of the amended complaint, and it indicates a filing for the Amended Complaint as September 16, 2024. I have also included the docket entries that also indicates September 16, 2025 as the filing date. Both documents are attached as Exhibit A.

7.  I became visually impaired upon sudden onset of a retinal disorder; this occurred after the commencement of the case.   Exhibit B. I do not like talking about my personal medical affairs publicly, but when I brought this to the attention of the district court, and asked to have it kept under seal, it was vigorously opposed.

8.  What followed were a string of personal attacks upon my

3

character that have continued to this day, and in virtually every pleading before this Court.  I do not want my privacy rights to become a distraction, rather, I want to keep the case moving forward.  Thus, I must make disclosures that  I would rather keep private.

9.    To seek a sanction over the date of when the amended  complaint was filed in the district court, in this case the denial of allowing plaintiffs-appellants to withdraw their appeal without prejudice, is insensitive and highly inappropriate.  Given what has happened in the past, and now having learned from past experience, I have to make an abundantly clear record.  But I make this revelation of the instant matter before the Court; this does not constitute a general waiver of my privacy rights.

10.       I am still undergoing regular and painful treatment every four weeks. I cannot adequately describe with words the emotional toll endured by just the thought of losing one's sight.  And I experience the emotional drain before, during, and after every treatment. They require an injection directly through my eyeball into the retina.

11.       While I wish it would end there, it does not.  Because the condition is related to age and genetics, and I must live with the fact that my other eye can be prone to the same aliment. In addition to  the actual visual disorder, and because optic nerves from each eye converge into one

4

strand of nerve tissue, I experience "mixed signals" upon the visual information reaching my brain.

12.     Where I have the greatest difficulty is correctly identifying some numbers and letters. There are occasions where a letter my not register at all,  digits may actually transmit as completely different  number. I am sure I have made mistakes, but I have suffered the indignity of being accused of intentionally misleading to the Court.  I now have support that assists me in reading and editing document, and my distance visual is largely unaffected.

13.     Eventually I sought a reasonable accommodation from the district court and was allowed, on occasion,  additional time to perform certain tasks. I only ask for the accommodation when I really need it.

14.     The last thing I want from anyone is sympathy, but I do not like the idea my disability being used to advance specious allegations of misconduct, accusing me of disobeying court rules and orders, and continually asking for the Court to impose sanctions to be imposed upon me. I have made mistakes, but I have done nothing to merit such treatment.  I do expect, and indeed have a right, to a reasonable accommodation, which the district court made by providing additional time when needed.

15.     I am going through this  because of allegations that I disobeyed the district court's order to file the Amended Complaint by September 16, 2025. This takes us back to Exhibit 1 of the docket sheet. Note the entry for September 17, 2024.  There was a request to make corrections, among others, I was asked for the addition of John and Jane Does in the Amended Complaint. There is another notation for when I was having trouble finding the correct EM/ECF dropdown menus for filing, and to use a different menu option.  This is not a lack of diligence, rather it is a reasonable accommodation in real time.  And no party was prejudiced by the accommodation granted,

16.     When the Amended Complaint was ultimately filed, without the need for further adjustment, it was referenced back to EM/ECF # 99—the original September 16, 2024 filing date. Indeed, the district court allowed the case to proceed with the directive to serve the summons and complaint upon defendant-appellee Eisenberg.

17.     When defendant-appellee Eisenberg could not be successfully served, on February 6, 2025 the district court directed that an attempt be made to serve defendant-appellee Eisenberg no later than March 10, 2025 at the Miami, Florida address. Exhibit C  at EM/ECF # 121.  That address,  Unit

6

1408, 1300 S Miami Avenue Miami, FL 33130, was the address defendant-appellant Eisenberg demanded that documents be sent.

18.      It took a painstaking investigation, but, with confidence the plaintiffs-appellants can now argue before the district court, clearly and convincingly, that defendant-appellant Eisenberg has, and continues to be, a resident in the City and State of New York. He cannot be found and served at the Florida address he has provided to the Court.  Surely, defendant-appellee Eisenberg might visit that location, but that is not his legal address.

19.      As it turned out, and in spite of due diligence, defendant-appellee Eisenberg could not be served at that Miami, Florida address.  Rather it has been determined that defendant-appellee is residing at his official residential address in New York City. And again, the significance of this is because defendant-appellant Eisenberg might "run out the clock" on plaintiffs-appellants' case because of the inability to complete service. That time is potentially drawing near, and that is why plaintiffs had a need to cover every possible legal contingency, including the service of the Notice of Appeal herein.

20.      The evidence now available to plaintiffs-appellants, that had not been available previously, constitutes the changed circumstance plaintiffs-appellants which can be argued before the district court. Additionally, and

7

as recently as yesterday, March 5, 2025, I leaned from the process
server representative, Guaranteed Subpoena, Inc., that five attempts were
made to serve defendant-appellant Eisenberg at his chosen Florida address
located at of Unit 1408, 1300 S Miami Avenue Miami, FL 33130.  All five
attempts were unsuccessful.

21.    It is noteworthy that defendant-appellee Eisenberg resides within
a "gated community" located at 454 West 46th Street, Manhattan. It is cost
prohibited, with one estimate of over a hundred dollars per hour, to have a
process server sit at the gate awaiting the possibility that defendant-appellee
Eisenberg may by chance pass through.   A professional process server went
to that location on three occasions, but was not able to serve defendant-
appellee Eisenberg.  An affidavit of due diligence has been filed with the
district court.

22.    As an Attorney at Law, defendant-appellee Eisenberg is
currently utilizing a post office box for his New York law office address.  And
while this may not comport with the rules for maintaining an office as an
attorney in New York, it has made it impossible to complete service in the
absence of an actual office.

23.    Going back to December 2023, defendant-appellee

8

Eisenberg had an actual office at located 405 Lexington Avenue, 48th Floor, New York, NY 10074. I made two attempt to serve at that address. The location has a ground floor lobby where concierges stand behind a large desk-like countertop. To enter any of the offices, you must be authorized by the conciergerie. I went and identified myself as an attorney and was there on official business. The conciergerie indicated he needed to first call the office before I could be admitted. While he appeared to have a brief phone conversation, he announced that "no one was in the office" and I would have to come back.

24.     I returned the following evening, and went through the same conciergerie's vetting process. This time when I announced my presence, I noted I was treated with what I sensed to be dismissiveness.  Again, a phone call was made, but this time I was told, in substance, since I was not an authorized individual, I would not be granted access.  I took note of the concierge's table and it gave the appearance that the concierge's role was more than to admit or deny guests.  Rather, it suggested that the concierges were also to provide services for tenants, such as collecting documents to be held for tenants.  I left the summons and complaint to be provided to defendant-appellee Eisenberg when next seen.

25.     The service of the summons and complaint was successfully

9

challenged and ultimately the complaint was dismissed with leave to refile.
But, based upon my training and experience, I was of the belief this was a
case, to say the least, of proactive avoidance of service of process. I also
suspected, correctly, there would be serious difficulty in completing service
of process upon defendant-appellee.

26.     With that said, the facts of the case and procedural history of this
case may be fodder or a case of first impression. If one is fortunate enough
to reside in a gated community, and with an unwillingness to play by rules, a
defendant could indefinitely, and perhaps permanently, remain outside the
reach of a court of law.   With these set of facts, any similarly situated plaintiff
might face insurmountable limits to prosecute a meritorious claim. And
plaintiffs-appellants believe their claims to be meritorious.

27.     These are significant issues because as society becomes more
economically stratified, this issue is likely to repeat itself often enough.
These issues might not yet be ripe for appellate review in this case, because
the evidence the plaintiffs-appellants now have on hand, that, again, was not
available to them previously, but it will allow them to make justiciable and
valid arguments in the district court. .

28.     In any event, the focus returns to the district court because

plaintiffs-appellants have a valid argument defendant-appellee Eisenberg

actual legal residency is in New York, and not in Florida. Plaintiffs-appellees

will have to petition the district court for a determination of what alternatives

are available for service, or, most significantly, whether plaintiffs-appellants

have met the criteria for adequate service already performed in New York.

   29.   While defendant-appellee may visit Florida, he also has been

observed in New York City by plaintiff-appellant Akhtar.  And with the

recently discovered evidence, plaintiffs-appellants are now of the belief

they can show, clearly and convincingly, that defendant-appellee Eisenberg

resides in New York, and not in Florida.  That evidence is detailed in the

following Exhibits:

     D.) defendant-appellee Eisenberg is currently registered to vote in

     New York with a State of New York  residential address of 454 West 46

     Street 1Es, New York;

     E.) a current voter registration for defendant-appellee Eisenberg with

the Board of Elections for the City of New York in the Borough of

Manhattan;

     F.) earlier this year I have personally went to a residential location at

454 West 46th Street, New York and observed and photographed a

residents' directory revealing  the name Eric Eisenberg;

11

G.) at the time I utilized the residents' directory to call his dwelling with the name of Eric Eisenberg appearing on the screen, and that was followed by verbal confirmation with the residential superintendent that an Eric Eisenberg currently resides at 454 W. 46th Street, Unit 1ES;

H. ) by entry beyond a locked gate with permission of superintendent, who also accompanied me, I have gone to defendant-appellee Eisenberg's residential door (to attempt service of summons and amended complaint) and observed a priority mail package, that I recognized I had shipped via U.S. Mail several days earlier, containing plaintiff-appellants' brief and appendix displaying defendant-appellee's Eisenberg address with my return address;

I.) a professional listing with an "Eric M. Eisenberg Counsel" with an address of 405 Lexington Avenue, 48th Floor, New York, NY; h.) a 2022 New York State Supreme Court Complaint stating in ¶1 an Eric Eisenberg "was and still is a resident of the County, City and State of New York, and a review of the docket did not reveal a change of address;

J.) a New York State Unified Court System filing listing a post office box address for an Eric Mitchell Eisenberg within New York County;

K.)  witnesses observing Eric M. Eisenberg in in the vicinity of plaintiffs-appellants address business at 349 W 46th St, New York, NY, and being photographed, on October 9, 2024,  and identified by a witness as Eric M. Eisenberg, while  trespassing on the property;

L.)   Defendant-appellant has been observed by plaintiff-appellant Akhtar in the vicinity of his business, Swing 46,  in October 2024, see ¶¶ 3 & 4 of Declaration of John Akhtar, dated February 14, 2025. It is one thing for defendant-appellant to represent to the Court that he needs to have documents sent to an address in Florida, yet it is quite remarkable that he is showing up at plaintiffs-appellant's Akhtar's New York business where he has been asked to stay away.  And this occurs during the pendency of a complaint in federal court where defendant-appellee is alleged to have engaged in acts of harassment against plaintiff-appellant Akhtar.

M.) there is a valid basis for the belief that Eric M. Eisenberg has only a mailing address for personal convenience at 1300 S. Miami Avenue, Unit 1408, Miami, because of a "2024 Real Estate Property Taxes" record that refers to a Christinia Yu, listing an address of 454 West 46th Street, Apt. 1ES, New York, NY 10036, oddly enough the same residential address of defendant-appellant Eisenberg's dwelling;

13

N.) a property information search that revealed a listing for an address at 1300 S. Miami Avenue, Unit 1408,  Miami, Florida with a notation indicating the lack of homestead tax-- meaning the address is not used as a primary residence by anyone.

O.)  a voter registration search for the entire State of Florida reveals no one by the name of Eric M. Eisenberg as a registered voter;

P.) The cover page of a New York State Supreme Court case that lists in ¶ 1 that an "…Eric Eisenberg was, and still is a resident of the County, City and State of New York."

30.   Defendant-appellee Eisenberg represented be should not be allowed an advantage through his unwillingness to play by the rules.  His conduct placed plaintiffs-appellants at a distinct disadvantage through no fault of their own. Plaintiffs-appellants had a sense of what might be occurring, but at the time of the filing of the interlocutory appeal, they lacked most of the evidence as described above. In light of that unlevel playing field, it was a strategy to cover every venue so they could not later be accused of the lack of due diligence.   The clock was ticking, and here was a need to get this information before a court.

31.   While not detailed above because it has not been adjudicated in the district court, plaintiffs-appellants are of the belief the defendant-

14

appellant had been adequately served at least once in New York.  Now armed with the evidence as described above, plaintiffs-appellants are in position to ask the district court to revisit the issue of actual service of the Summons and Amended Complaint upon defendant-appellee Eisenberg.

32.  It is anticipated the foregoing issues will be vehemently opposed, but what is unfortunate, based upon past experience, my character will be under attack once again.   I do not understand why, but defendant-appellee Eisenberg has litigated his case by attacking me personally, alleging I have engaged in fraudulent conduct before the Court, and that I should be subject to sanctions. He has made some vile comments to me that I would rather not repeat in a public forum. I am not asking for the Court's intervention because of these allegations, I only ask that my clients be given the fair opportunity to have their claims heard in district court.

33.  Another way to put this is to admit it is hurtful to be attacked the way I have.  I have a long history of public service, served as a judicial law clerk,  an assistant district attorney and assistant prosecutor, spent four years as an attorney investigator for a judicial ethic's committee, and appeared numerous times in the regional trial and appellate courts,  and I have never been accused of anything remotely similar to what I have been accused of while appearing as counsel in this case. I am not the

15

complainant in the case. I rely on what my clients tell me, and reject anything that would have the slightest appearance of untruthfulness; and I go where the facts lead me.

34.  it is noteworthy that a briefing and scheduling Order has not been entered, and oral argument was not set. Defendant-appellee Eisenberg was not obligated to file a brief. In balancing the equities, and because plaintiffs-appellants come before the Court with "clean hands," it would be truly unfair to have the appeal stricken with prejudice.

35.  For the reasonable stated above, along with the pleadings on the record in this case, I respectfully request that plaintiffs-appellants be permitted to withdraw their appeal, without prejudice, such that the issues may be argued in district court.

I declare under penalty of perjury to the truth to the foregoing. I am aware that I can be subject to punishment for any statement knowingly made false.

Dated:   March 6, 2025

_____

Anthony N. Iannarelli Jr.
Attorney for Plaintiffs-appellants
74 Lafayette Avenue
Suite 202 # 116
Suffern, New York 10901
212-431-1031

16

anilaw2@gmail. com

Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club, <br><br> Plaintiffs, <br> v. <br><br> Eric M. Eisenberg, and John and Jane Does One through Thirty, <br><br> Defendants. | Case No. 23-cv-6585 (JGLC)(VF) <br><br> Jury Trial: X Yes    No <br> Plaintiffs' First Amended Complaint |

Plaintiffs  Mohamed John Akhtar and Swing 46 Dinner & Dance Club plead as follows:

## I. The Parties

1.   Plaintiff  Mohamed John Akhtar (hereinafter "plaintiff Akhtar"), is a person  and citizen of the United States of American, with a business address of 349 46th Street, Borough of Manhattan, New York, NY 10036, and is within the jurisdiction of the United States District Court for the Southern District of New York.

2.  Plaintiff Akhtar is a naturalized United States Citizen from the Country of Bangladesh. As such, he is within a protected class for the purposes of federal civil right's litigation.

3.  La Buca Restaurant, Inc., d/b/a as Swing 46 Jazz and Supper Club Dinner

1

| 09/04/2024 | 95 | NOTICE of Correct typographical errors in Permission fo Interlocutory Appeal re: 85 Order Adopting Report and Recommendations, Set Deadlines,,,,,,. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/04/2024) |
|---|---|---|
| 09/04/2024 | 96 | AFFIDAVIT OF SERVICE of Amended Request to File Interlocutory Aooeal served on Eric Adams, Rohit T. Aggarwala, New York City Deparment of Environmental Protection, Eric M. Eisenberg on 09/04/2024. Service was made by Mail & electronic service. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) (Entered: 09/04/2024) |
| 09/06/2024 | 97 | LETTER MOTION to Adjourn Conference addressed to Magistrate Judge Valerie Figueredo from Kerri A.Devine dated September 6, 2024. Document filed by Eric Adams, Rohit T Aggarwala, New York City Department of Environmental Protection.. (Devine, Kerri) (Entered: 09/06/2024) |
| 09/10/2024 | 98 | ORDER ADJOURNING SETTLEMENT CONFERENCE granting 97 Letter Motion to Adjourn Conference In light of the Court's order dismissing Plaintiffs' claims, ECF No. 85, the settlement conference in this matter currently scheduled for September 23, 2024 at 10:00 a.m. is hereby adjourned. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 97. SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 9/10/2024) (jca) (Entered: 09/10/2024) |
| 09/16/2024 | 99 | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR** AMENDED COMPLAINT amending 1 Complaint, against Eric Eisenberg with JURY DEMAND.Document filed by Mohamed John Akhtar. Related document: 1 Complaint,..(Iannarelli, Anthony) Modified on 9/17/2024 (jgo). (Entered: 09/16/2024) |
| 09/16/2024 | 100 | **FILING ERROR - SUMMONS REQUESTED - WRONG EVENT TYPE SELECTED FROM MENU -** REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: 99 Amended Complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/17/2024 (jgo). (Entered: 09/16/2024) |
| 09/16/2024 | 101 | **FILING ERROR - SUMMONS REQUESTED - WRONG EVENT TYPE SELECTED FROM MENU -** REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Eric M Eisenberg, re: 99 Amended Complaint. Document filed by Mohamed John Akhtar..(Iannarelli, Anthony) Modified on 9/17/2024 (jgo). (Entered: 09/16/2024) |
| 09/17/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Anthony Nicholas Iannarelli, Jr to RE-FILE re: Document No. 99 Amended Complaint,. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; John and Jane Does One through Thirty were previously terminated and must be added as a new party; all of the filers were not selected for the pleading; all of the wrong parties whom the pleading is against were not selected. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents.. Re-file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (jgo) (Entered: |

Exhibit  B



*Formerly Retina Associates of NJ*

www.njretina.com

Richard M. Klein, MD
Michael J. Harris, MD
Stuart W. Noorily, MD
Christopher M. Seery, MD
Steven A. Madreperla, MD, PhD
Leonard Feiner, MD, PhD
David Y. Kim, MD
Vinod B. Voleti, MD

January 3, 2025

To Whom It May Concern:

I have been treating Anthony Iannarelli Jr. for macular degeneration over the past year.  He may experience long-term limitations in the vision of his left eye. He has scheduled retinal appointments every 4 weeks for necessary treatment.

 Any consideration that can be offered to alleviate his functional challenges at work would be greatly appreciated.  If he requires time extensions for his tasks, please make the necessary accommodations.

Please contact me if you have any questions.

Thank you,

Tamara Lenis, MD

628 Cedar Lane
Teaneck, NJ 07666
T: 201-837-7300
F: 201-836-6426

1044 Route 23 North
Wayne, NJ 07470
T: 973-633-9898
F: 973-633-3892

5 Franklin Avenue, Suite G5
Belleville, NJ 07109
T: 973-450-5100
F: 973-450-9494

2952 Vauxhall Road
Vauxhall, NJ 07088
T: 908-349-8155
F: 908-349-8134

3196 Kennedy Boulevard
Union City, NJ 07087
T: 201-867-2999
F: 201-867-4440

200 S. Broad Street
Ridgewood, NJ 07450
T: 201-445-6622
F: 201-445-0262

182 South Street, Suite 5
Morristown, NJ 07960
T: 973-630-7700
F: 973-605-5807

Exhibit  C

| | | ECF Participation, # 2 Exhibit 2 - Ndugga Service on Bloomberg).(Eisenberg, Eric) (Entered: 02/05/2025) |
|---|---|---|
| 02/06/2025 | 121 | AMENDED ORDER: This Order amends the Order at ECF No. 119, which indicated that Defendant Eric M. Eisenberg was properly served via ECF. Eisenberg's objection at ECF No. 120 correctly points out that for an automatic notice of electronic filing via ECF to constitute service, Plaintiffs must have properly served the original complaint on Defendant. Here, however, the original complaint was dismissed for lack of personal jurisdiction, because Plaintiffs failed to properly effectuate service on Eisenberg. See ECF No. 72; ECF No. 85. Although Plaintiffs have attempted to serve Eisenberg several times, Plaintiffs do not appear to have attempted service at Eisenberg's Miami, Florida address (see ECF No. 117), which is listed on the docket. Plaintiffs' request for an extension of time to serve Eisenberg is GRANTED. Plaintiffs are directed to effect service on Eisenberg by March 10, 2025. If Plaintiffs are unable to effectuate service by March 10, Plaintiffs should submit a letter to the Court, explaining their attempts at effectuating service on Eisenberg at the Miami address. ( Service due by 3/10/2025.) (Signed by Magistrate Judge Valerie Figueredo on 2/6/2025) (rro) (Entered: 02/07/2025) |
| 02/07/2025 | 122 | Objection re: 121 Order,,,,, Set Deadlines/Hearings,,,, *with respect to grant of procedurally improper and falsified-in-part motion for extension of time*. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 02/07/2025) |
| 02/12/2025 | 123 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** SUMMONS RETURNED EXECUTED Summons and Amended Complaint, served. Service was accepted by n/a. Service was made by n/a. Document filed by La Buca Restaurant, Inc., Mohamed John Akhtar. (Attachments: # 1 Affidavit Unsuccessful Service).(Iannarelli, Anthony) Modified on 2/13/2025 (lb). (Entered: 02/12/2025) |
| 02/13/2025 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR.** Notice to Attorney Anthony Nicholas Iannarelli to RE-FILE Document 123 Summons Returned Executed,. Use the event type Summons Returned Unexecuted found under the event list Service of Process. (lb) (Entered: 02/13/2025) |
| 02/14/2025 | 124 | SUMMONS RETURNED UNEXECUTED as to Eric M. Eisenberg. Attempted Service of Summons and Amended Complaint,. Service was attempted on January 16, 17, & 18, 2025. Document filed by La Buca Restaurant, Inc., Mohamed John Akhtar. (Attachments: # 1 Affidavit Unsuccessful Service).(Iannarelli, Anthony) (Entered: 02/14/2025) |
| 02/18/2025 | 125 | FIRST RESPONSE re: 121 Order, Set Deadlines/Hearings,,,,,,,, . Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 02/18/2025) |
| 02/18/2025 | 126 | Objection re: 122 Objection (non-motion) *Plaintiffs-No objecction to magistrate's*. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony) (Entered: 02/18/2025) |
| 02/18/2025 | 127 | LETTER MOTION for Leave to File Paper Responding to False or Misleading Factual Assertions in Plaintiff's Filings at D.I. 125 / 126 addressed to Judge Jessica G. L. Clarke from Eric M. Eisenberg dated February 18, 2025. Document filed by Eric M. Eisenberg..(Eisenberg, Eric) (Entered: 02/18/2025) |

Exhibit  D

Voter Details Screen for VoterLookUp

SKIP TO MAIN CONTENT

Poll Site, Registration, and Mail Ballot Information

**Polling Place Information**

**Early Voting Poll Site**

For Early Voting locations and times in your area, please follow this link through to your County Board of Elections (https://findmypollsite.vote.nyc/) website.

**Election Day Poll Site**

Please click on the following link to find your polling place

https://findmypollsite.vote.nyc/ (https://findmypollsite.vote.nyc/)

**Voter Information**

Name : EISENBERG, ERIC M
Address : 454 WEST 46 STREET 1ES, NEW YORK 10036-1003
Mailing Address (if any) :
Political Party : Democratic
Voter Status : Active

**Voter District Information**

Election District : 51
County Legislative District : 0
Senate District : 47
Assembly District : 75
Congressional District : 12
Town : NEW YORK
Ward :

New Search

Exhibit  1

https://voterlookup.elections.ny.gov

Exhibit  E



Exhibit  F



Exhibit  G



Exhibit  H



Exhibit  I

https://www.arelaw.com/professional/eeisenber



*Intellectual Property Law*

# Eric M. Eisenberg Counsel



Direct    212 336 8194
Main     212-336-8000
Fax       212-336-8001

405 Lexington Avenue
48th Floor
New York, NY 10174

Eric's practice focuses on intellectual property procurement, counseling, and litigation, including with respect to trademark, patent, copyright, false advertising and unfair competition matters. Eric is experienced with technical areas including the computer, mechanical and consumer product fields.

### IN THE PRESS

- **The Trademark Lawyer Features the Arrival of Lawyers and Other Colleagues from Cooper & Dunham**

- **IPWatchdog Notes Arrival of Cooper & Dunham Lawyers to Amster Rothstein & Ebenstein**

view all »

**BAR ADMISSIONS**

- New York
- United States Courts of Appeal for the Federal Circuit
- United States District Court for the Southern District of New York
- United States Patent & Trademark Office

**Education**

- Columbia Law School, J.D., 2008 (Columbia Business Law Review, Harlan Fiske Stone Scholar for each year of attendance)
- Dartmouth College, B.A., 2005 (magna cum laude, Computer Science and Philosophy Double Major)

**Professional Associations & Memberships**

- New York Intellectual Property Law Association (NYIPLA)

**Honors & Awards**

- Selected to Super Lawyers Rising Stars, each year from 2014 through 2021 (Intellectual Property, Intellectual Property Litigation)
- Identified as a "Top Rated Intellectual Property Attorney in New York, NY" by Super Lawyers

**Representative Matters**

- Successful prosecution of domestic trademark and patent portfolios before USPTO. Management of foreign prosecution based on international applications
- Successful negotiation of amicable resolution to UDRP Internet domain name proceeding, which was brought against client by major appliance manufacturer, where client retained the disputed domain name
- *Intermetro Industries v. Enovate Medical* (Successfully obtained finding during IPR of unpatentability of all instituted claims of two patents relating to computer desks. Decision affirmed by Federal Circuit)
- *Adama Makhteshim Ltd. v. Finchimica S.p.A.* (During IPR, successfully obtained finding of unpatentability of all claims at issue, relating to a method of pesticide production, by the Patent Trial and Appeal Board. Decision affirmed by Federal Circuit)
- *SCG Characters LLC v. Telebrands Corp. et al* (Successfully obtained dismissal, on motion to dismiss, of lawsuit for patent infringement)

405 LEXINGTON AVENUE, NEW YORK, NEW YORK 10174  /  212 336 8000  /
WWW.ARELAW.COM

©2007-2023 Amster Rothstein & Ebenstein LLP.    All rights reserved.

f 1

12/26/23, 8:49 PM

Exhibit  J



# New York State Unified Court System

## Attorney Online Services - Search

Skip To: Content | Navigation

**Close**

### Attorney Detail Report *as of 02/04/2025*

| | |
|---|---|
| Registration Number: | 4771804 |
| Name: | ERIC MITCHELL EISENBERG |
| Business Name: | ERIC EISENBERG |
| Business Address: | PO BOX 2452<br>NEW YORK, NY 10108-2452<br>(New York County) |
| Business Phone: | (518) 573-2714 |
| Email: | ERICEIS@GMAIL.COM |
| Date Admitted: | 12/08/2009 |
| Appellate Division Department of Admission: | 1st |
| Law School: | Columbia Law School |
| Registration Status: | Attorney - Currently Registered |
| Next Registration: | Jul 2025 |

### Disciplinary History

*No record of discipline*

 The Detail Report above contains information that has been provided by the attorney listed, with the exception of REGISTRATION STATUS, which is generated from the OCA database. Every effort is made to insure the information in the database is accurate and up-to-date.

The good standing of an attorney and/or any information regarding disciplinary actions must be confirmed with the appropriate Appellate Division Department. Information on how to contact the Appellate Divisions of the Supreme Court in New York is available at www.nycourts.gov/courts.

 Attorney Services

Close

Exhibit K





Exhibit  L

having occurred on October 9, 2024, not on the September 9th date. I also recall the day because of the seriousness of the situation caused by the defendant Eric Eisenberg.

3. I now recall that on Wednesday, October 9, 2024, Ms. Hayes was to be at the club Swing 46 decorating. She called me to say she saw defendant Eisenberg standing on the patio of Swing 46 and staring at her through the club's main window. She told me he continued to linger and watch her as she worked by herself inside. She said she found his conduct unsettling and she became quite upset.

4. When I arrived Eisenberg was there and I asked him to leave, but he refused. Eventually, a Times Square security guard, employed by a private community workforce, showed up and defendant Eisenberg left.

5. At some point I called the club's attorney, Anthony N. Iannarelli Jr., who arrived after Eisenberg had already left. Ms. Hayes gave a written statement as to what happened and signed it in the presence of the attorney.

6. Based upon my review of "date stamped" photos of defendant Eisenberg taken by Sarah Hayes, my recollection tells me without a doubt these events occurred on Wednesday, October 9, 2024. This included Ms. Hayes signing her statement in the presence of the attorney Anthony Iannarelli.

2

7. The dates can be confusing because of frequency that defendant Eisenberg would come and linger outside of the club for no apparent reason. I continued to see defendant through the late fall of 2024. Previous to that time period, the defendant would regularly come by the club lingering and pointing with a handheld device. He continued to do this in spite of an ongoing federal complaint that I brought against him in an effort to get him to stop this behavior.

8. To make it clear, I have had the benefit of reviewing defendant Eisenberg's statement of February 7, 2025. In his statement he claims my attorney Anthony Iannarelli was not present when Sarah Hayes signed her statement. Defendant Eisenberg's statement is false because I observed Ms. Hayes sign the document in my attorney's presence with my own eyes. The month is incorrect, the date was in October rather than September. I believe defendant Eisenberg is lying to hurt my case that I brought against him in my attempt to stop his harassing behavior.

9. I also note that defendant Eisenberg claims he has been traumatized by the lawsuit brought against him on my, and the club's, behalf. Defendant Eisenberg's claim in itself is strange because he continued to reappear at Swing 46—the place that is purported to be his source of trauma--and for a period of hours on that October 9, 2024 date.

I affirm to the truth of the foregoing based upon my personal knowledge, along with information and belief of credible witnesses.

Dated: February 14, 2025

Mohamed John Akhtar
President La Buca, Inc.

Exhibit  M

Paid By  FIRSTBANK FLORIDA

Miami-Dade County, Florida   Paid 11/26/2024   Receipt # EEX-25-000249   $7,574.84

# 2024  Real Estate Property Taxes
### Notice of Ad Valorem Tax and Non-Ad Valorem Assessments
**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

| FOLIO NUMBER | MUNICIPALITY | MILL CODE |
|---|---|---|
| 01-4139-126-2700 | MIAMI | 0101 |

CHRISTINA YU
454 W 46 ST APT 1ES
NEW YORK, NY  10036

Property Address
1300 S MIAMI AVE 1408

Exemptions:

## AD VALOREM TAXES

| TAXING AUTHORITY | ASSESSED VALUE | MILLAGE RATE PER | $1,000 OF TAXABLE VALUE | TAXES LEVIED |
|---|---|---|---|---|
| Miami-Dade School Board | | | | |
| School Board Operating | 388,200 | 5.46800 | 388,200 | 2,122.67 |
| School Board Debt Service | 388,200 | 0.13400 | 388,200 | 52.02 |
| Voted School Operating | 388,200 | 1.00000 | 388,200 | 388.20 |
| State and Other | | | | |
| Florida Inland Navigation District | 384,318 | 0.02880 | 384,318 | 11.07 |
| South Florida Water Management District | 384,318 | 0.09480 | 384,318 | 36.43 |
| Okeechobee Basin | 384,318 | 0.10260 | 384,318 | 39.43 |
| Everglades Construction Project | 384,318 | 0.03270 | 384,318 | 12.57 |
| Childrens Trust Authority | 384,318 | 0.50000 | 384,318 | 192.16 |
| Miami-Dade County | | | | |
| County Wide Operating | 384,318 | 4.57400 | 384,318 | 1,757.87 |
| County Wide Debt Service | 384,318 | 0.42710 | 384,318 | 164.14 |
| Library District | 384,318 | 0.28120 | 384,318 | 108.07 |
| | | | | |
| Municipal Governing Board | | | | |
| Miami Operating | 384,318 | 7.13640 | 384,318 | 2,742.65 |
| Miami Debt Service | 384,318 | 0.25360 | 384,318 | 97.46 |
| Miami Miscellaneous | 384,318 | 0.43120 | 384,318 | 165.72 |

## NON-AD VALOREM ASSESSMENTS

| TAXING AUTHORITY | RATE | FOOTAGE/UNITS | AMOUNT |
|---|---|---|---|
| | | | |

| AMOUNT IF PAID BY (pay only one amount) | | | Combined Taxes and Assessments |
|---|---|---|---|
| Nov 30, 2024 | | | $7,890.46 |
| $0.00 | | | |

**↑ RETAIN FOR YOUR RECORDS ↑**

---

**2024  Real Estate Property Taxes**

**↓ DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT ↓**



01-4139-126-2700
FOLIO NUMBER

1300 S MIAMI AVE 1408
PROPERTY ADDRESS

LEGAL DESCRIPTION
1300 S MIAMI AVENUE CONDO
UNIT 1408
UNDIV 0.00141218%
INT IN COMMON ELEMENTS
OFF REC 28717

Mail your payment, in U.S. Funds from a U.S. bank, and payable to:
MIAMI-DADE OFFICE OF THE TAX COLLECTOR
200 NW 2nd Avenue, Miami, FL 33128

Scan to pay

| PAY ONLY ONE AMOUNT | |
|---|---|
| If Paid By  Please Pay | |
| Nov 30, 2024  $0.00 | |
| | |
| | |
| | |
| | |

CHRISTINA YU
454 W 46 ST APT 1ES
NEW YORK, NY  10036

1000000000000000000141391262700202400000000000000000000005

Exhibit  N



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| HOME | EXEMPTIONS & OTHER | REAL ESTATE | TANGIBLE PERSONAL PROPERTY | PUBLIC RECORDS | ONLINE TOOLS | TAX ROLL ADMINISTRATION | ABOUT US | CONTACT US |

ADDRESS    OWNER NAME    SUBDIVISION NAME    FOLIO

**SEARCH:** Owner Name | 🔍    Back to Search Results

**PROPERTY INFORMATION** ⓘ

**Folio:** 01-4139-126-2700

**Sub-Division:**
1300 S MIAMI AVENUE CONDO

**Property Address**
1300 S MIAMI AVE   UNIT: 1408

**Owner**
CHRISTINA YU

**Mailing Address**
454 W 46 ST APT 1ES
NEW YORK, NY 10036

**PA Primary Zone**
6408 RAPID TRANSIT-HIGH DENSIT

**Primary Land Use**
0407 RESIDENTIAL - TOTAL VALUE : CONDOMINIUM - RESIDENTIAL

| | |
|---|---|
| Beds / Baths /Half | 1 / 1 / 1 |
| Floors | 0 |
| Living Units | 1 |
| Actual Area | |
| Living Area | 649 Sq.Ft |
| Adjusted Area | 649 Sq.Ft |
| Lot Size | 0 Sq.Ft |
| Year Built | 2016 |

🔍 ⊖ ▦ ▢ ↻ ⤴ 🔳 ZOOM   Map View ▾   Layers ▾



SW 13 TH ST \ CORAL WAY

2024 Aerial Photography
60 ft

**Featured Online Tools**

| | | |
|---|---|---|
| Comparable Sales | Glossary | PA Additional Online Tools |
| Property Record Cards | Property Search Help | Property Taxes |
| Report Discrepancies | Report Homestead Fraud | Special Taxing Districts and Other Non-Ad valorem Assessments |
| Tax Comparison | Tax Estimator | TRIM Notice |
| Value Adjustment Board | Tax Visualizer | |

## ASSESSMENT INFORMATION ⓘ

| Year | 2024 | 2023 | 2022 |
|---|---|---|---|
| Land Value | $0 | $0 | $0 |
| Building Value | $0 | $0 | $0 |
| Extra Feature Value | $0 | $0 | $0 |
| Market Value | $368,790 | $349,380 | $283,672 |
| Assessed Value | $368,790 | $349,380 | $262,770 |

## TAXABLE VALUE INFORMATION ⓘ

| Year | 2024 | 2023 | 2022 |
|---|---|---|---|
| **COUNTY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $368,790 | $349,380 | $262,770 |
| **SCHOOL BOARD** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $368,790 | $349,380 | $283,672 |
| **CITY** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $368,790 | $349,380 | $262,770 |
| **REGIONAL** | | | |
| Exemption Value | $0 | $0 | $0 |
| Taxable Value | $368,790 | $349,380 | $262,770 |

## BENEFITS INFORMATION ⓘ

| Benefit | Type | 2024 | 2023 | 2022 |
|---|---|---|---|---|
| Non-Homestead Cap | Assessment Reduction | | | $20,902 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

## FULL LEGAL DESCRIPTION ⓘ

1300 S MIAMI AVENUE CONDO
UNIT 1408
UNDIV 0.00141218%
INT IN COMMON ELEMENTS
OFF REC 28717-2894

## SALES INFORMATION ⓘ

| Previous Sale | Price | OR Book-Page | Qualification Description | Previous Owner 1 |
|---|---|---|---|---|
| 11/23/2022 | $514,000 | 33487-4045 | Qual by exam of deed | PATAGONIA ESTATES LLC |
| 11/14/2016 | $397,900 | 30315-4107 | Qual by exam of deed | PRH 1300 S MIAMI AVENUE LLC |

Exhibit  O



# Voter Information Lookup

Versión en Español
(/es/CheckVoterStatus/Index)

**This site requires JavaScript to be enabled.**

**CHECK YOUR REGISTRATION AND VOTING STATUS**

Check here for your voter registration status. To find your polling place, sample ballot, and vote-by-mail ballot status, check your **Supervisor of Elections'** (https://dos.myflorida.com/elections/for-voters/check-your-voter-status-and-polling-place/voter-precinct-lookup/) website.

Please allow 1-2 business days for newly entered voter registration information to appear on this website.

**ONLINE VOTER REGISTRATION**

Visit **RegistertoVoteFlorida.gov** (https://registertovoteflorida.gov) to submit a new registration or to update your existing record.

 (https://registertovoteflorida.gov/)

Your name and date of birth must be entered as it appears in your registration record to find your information. (*) Indicates required field.

**\* First Name :**

eric

**\* Last Name :**

eisenberg

**\* Birth Date (MM/DD/YYYY):**

07/14/1983

This website is intended for use by a registered voter to determine his or her voter registration and voting status. It is unlawful to knowingly alter another person's voter registration information or to attempt, assist with, or otherwise commit fraud in connection with the right to vote. See §§ 104.011, 104.041, and 104.41, Fla. Stat. For more information, visit our Voter Registration information (http://dos.myflorida.com/elections/for-voters/voter-registration/) webpage.

**\*** ☐ I understand and agree.

Submit   Cancel

**Close your browser when done with your search.**

Please email BVRSHelp@dos.myflorida.com (mailto:BVRSHelp@dos.myflorida.com) for website assistance.



**Ron DeSantis, Governor**
**Cord Byrd, Secretary of State**

**FLORIDA**
★DIVISION OF★
**ELECTIONS**

**Florida Department of State**

Privacy Policy (http://dos.myflorida.com/privacy-policy/)
| Accessibility (http://dos.myflorida.com/accessibility/)
| Site Map (http://dos.myflorida.com/site-map/)
| Communications (http://dos.myflorida.com/communications/)
| Connect (http://dos.myflorida.com/communications/connect/)

R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399-0250

Exhibit  P

(62 of 62), Page 62 of 62 NEW YORK COUNTY CLERK 01/27/2022 03:33 PM 06/06/2025 DktEntry: 97.1, Page 62 of 62 INDEX NO. 150852/2022

NYSCEF DOC. NO. 1                                                          RECEIVED NYSCEF: 01/27/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------------X

                                                    Index No.:

ERIC EISENBERG,

                         Plaintiff,               **VERIFIED COMPLAINT**

        -against-

AMAZON LOGISTICS, INC., "ALPHA CARTING
COMPANY" (name being fictitious as the true identity
is currently unknown) and "BETA CARTING COMPANY"
(name being identity is currently
unknown), BERNARD WILSON, ANTONIO "DOE"
(name being fictitious as the true identity is currently
unknown), KURT "ROE" (name being fictitious as the
true identity is currently unknown),

                         Defendants.

---------------------------------------------------------------------------X

        Plaintiff, ERIC EISENBERG, by his attorneys, the LAW OFFICE OF RICHARD M.

KENNY, complaining of the defendant, alleges the following upon information and belief:

        1.      That at all times herein mentioned, the plaintiff, ERIC EISENBERG, was and still

is a resident of t he County, City and State of New York.

        2.      That at all times herein mentioned, the defendant, AMAZON LOGISTICS INC.,

(hereinafter referred to as "AMAZON"), was and still is a foreign business corporation doing

business within the State of New York, with a principal place of business located in Seattle,

Washington.

        3.      That at all times herein mentioned, the defendant, ALPHA CARTING

COMPANY, (hereinafter referred to as "ALPHA"), was and still is a domestic corporation, duly

existing under and by virtue of the laws of the State of New York.

1