# 24-2370

United States Court of Appeals
for the Second Circuit

MOHAMED JOHN AKHTAR, LA BUCA RESTAURANT, INC., DBA SWING 46 JAZZ AND SUPPER CLUB,

*Plaintiffs-Appellants,*

against

ERIC ADAMS, Mayor of the City of New York, ROHIT T. AGGARWALA, NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, ERIC M. EISENBERG,

*Defendants-Appellees.*

**DECLARATION OF D. ALAN ROSINUS, JR. IN PARTIAL OPPOSITION TO APPELLANTS' MOTION TO WITHDRAW THEIR APPEAL IN PART**

I, D. ALAN ROSINUS, JR., declare under penalty of perjury that the following is true and correct.

1. I am an attorney in the office of Corporation Counsel Muriel Goode-Trufant, the attorney of record for appellees Eric Adams, Rohit T. Aggarwala, and New York City Department of Environmental Protection ("City appellees") in this appeal.

2. I submit this declaration to partially oppose appellants' motion to withdraw this appeal in part (ECF No. 93).

3. Appellants filed this motion in response to this Court's order (ECF No. 93) directing them to either move to withdraw this appeal without prejudice or explain why jurisdiction exists over this appeal. This Court noted that appellants appear to be challenging a district court order that dismissed two of appellants' claims with prejudice and three of their claims without prejudice, and granted leave to replead the latter three claims (*id.*). The Court further noted that appellants were given a deadline by which to replead, and that appellants now appear to have filed a second amended complaint (*id.*; *see also* SDNY ECF Nos. 99, 107).

4. Appellants subsequently made this motion, in which they sought to withdraw their claims against co-appellee Eric M. Eisenberg (ECF No. 97 at 9-10). However, in their motion, appellants state that they are not seeking to withdraw their appeal as to the City appellees (*id.* at 10).

5. The City appellees do not object to appellants' motion to withdraw their appeal against Mr. Eisenberg without prejudice.

That part of the motion is consistent with this Court's order (ECF No. 93).

6. However, appellants have neither moved to dismiss the appeal against the City appellees nor attempted to explain why this Court has jurisdiction over their appeal against the City appellees.

7. Jurisdiction, moreover, appears to be lacking as to appellants' appeal against all parties. As this Court stated in its order, the district court order on appeal dismissed two of appellants' claims with prejudice and dismissed the other three without prejudice with leave to replead, and appellants have now filed an amended pleading (ECF No. 2 at 3; SDNY ECF Nos. 99, 107). As this Court stated in its order, citing *Salmon v. Blesser*, 802 F.3d 249, 252 n.2 (2d Cir. 2015), a "dismissal of a complaint with leave to amend is not a final decision under 28 U.S.C. § 1291 and [is] not immediately appealable" (ECF No. 93).

8. Moreover, even where, as here, the district court order in question dismissed certain claims with prejudice, that order is "non-final" because "the district court granted [the plaintiff] the

opportunity to amend certain claims and, thus, did not conclusively determine all pending claims." *Smurphat v. Hobb*, 882 F. App'x 44, 45 (2d Cir. 2020) (summary order) (citing *Slayton v. Am. Ex. Co.*, 460 F.3d 215, 224 (2d Cir. 2006)).

9. The City appellees therefore respectfully submit that this appeal should be dismissed without prejudice as to all parties, including all City appellees, and respectfully request that this Court issue any additional relief that it deems just and proper.

Dated: Brooklyn, New York
        March 17, 2025

                                  /s/ D. Alan Rosinus, Jr.
                                  D. ALAN ROSINUS, JR.