# Case No. 24-2370

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

| | |
|---|---|
| Mohamed John Akhtar, La Buca Restaurant, Inc., DBA Swing 46 Jazz and Supper Club,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric M. Eisenberg,<br><br>    Defendants - Appellees,<br><br>Jane Does 1-30, John Does 1-30,<br><br>    Defendants. | Declaration of Anthony N. Iannarelli Jr. in Response to the Declaration of the New York City Defendants-Appellees |

    Anthony N. Iannarelli Jr., of full age and the attorney for plaintiffs-appellants herein, declarec and affirms under the penalty of perjury to the following:

  1. I am the attorney for plaintiffs-appellants and I make this Declaration

in Response to the New York City defendant-appellees' (hereinafter City defendants-appellees) position, dated march 17, 2025, that plaintiffs-appellants' appeal, in its entirety, should be dismissed *without* prejudice.

2. While I appreciate the sense of fairness of counsel for the City defendants-appellees, Mr. D. Alan Rosinus, in his position for dismissal without prejudice, it still leaves plaintiffs-appellants in a difficult, if not untenable, position.

3. The district court below dismissed without prejudice the complaint against defendant-appellee Eric M. Eisenberg, (hereinafter defendant-appellee Eisenberg) with leave to amend. Plaintiffs-appellants have filed an amended complaint, but were not able to serve defendant-appellee Eisenberg as most recently as March 17, 2025. And, in spite of multiple attempts to serve, service was only completed after the district court allowed for alternative service by email.

4. As for the City defendants-appellees, the district court dismissed with prejudice on all counts and without leave to amend. That is a final Order for which plaintiffs-appellants' filed a notice of appeal, and have already filed their brief and appendix.

5. The original complaint was filed on July 28, 2023 and it will be

coming close to the two year mark. As the case proceeds against defendant-appellee Eisenberg, most likely more than two years will have transpired before the issues raised concerning City defendants-appellees can be addressed by this Court.

6.  The complaint alleges facts that are tightly intertwined between both defendant-appellee Eisenberg and the City defendants-appellees.  Perhaps if the appeal of dismissal with prejudice can now be decided as to the City defendants-appellees, and if favorable for the plaintiffs-appellants, it would allow for time to have the trial proceed, contemporaneously, in the district court as to both defendant-appellee Eisenberg and the City defendants-appellees.

7.  Of course that is only a suggestion, and the most logical approach would be to leave it to the sound discretion of this Court.

I affirm to the truth of the forgoing and am aware that I can be subject to punishment for any statement knowingly made false.

Dated:  March 31,  2025            /s/  *Anthony N. Iannarelli Jr.*
                                        Anthony N. Iannarelli Jr.
                                        Attorney for Plaintiff-Appellants