UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT
_____
|
MOHAMED JOHN AKHTAR and LA BUCA |
RESTAURANT, INC. DBA SWING 46 JAZZ |
AND SUPPER CLUB, |
            Plaintiffs-Appellants |
|
    -against- | 24-2370
|
ERIC ADAMS, Mayor of the City of New |
York, ROHIT T. AGGARWALA, NEW YORK |
CITY DEPARTMENT OF ENVIRONMENTAL |
PROTECTION, and ERIC M. EISENBERG[1] |
|
           Defendants-Appellees |
|
                and |
|
ERIC I. EISENBERG,[2] JANE DOES 1-30, and |
JOHN DOES 1-30, |
|
            Defendants |
|
_____|

United States Court of Appeals for the Second Circuit
By email: prosecases@ca2.uscourts.gov

**LETTER FROM ERIC M. EISENBERG REGARDING APPARENT BREACHES OF PROFESSIONAL RESPONSIBILITY OBLIGATIONS BY PLAINTIFFS' COUNSEL, WITH RESPECT TO FALSE STATEMENTS IN SECOND CIRCUIT DOCKET ITEMS D.I. 113.1 (MARCH 31, 2025) AND D.I. 116.2 (APRIL 2, 2025)**

---

[1] The undersigned does not necessarily agree that he is properly a "Defendant-Appellee," but includes his name in the above caption in the manner most recently specified by the Court (see 2nd Cir. Docket Entry 68) for the Court's convenience.

[2] Per 2nd Cir. Docket Entry 68, Eric I. Eisenberg (who was named in the original Complaint that is the subject of this appeal) is a "Defendant."

1

To whom it may concern at United States Court of Appeals for the Second Circuit:

I write to this tribunal, pursuant to my duty under Rule 8.3(a), to report apparent violations of the NY Rules of Professional Conduct by Plaintiffs' Counsel, Anthony N. Iannarelli, Jr. that I believe likely raise a substantial question as to Mr. Iannarelli's honesty, trustworthiness, or fitness as a lawyer. False statements made to a tribunal are potentially problematic behavior under the NY Rules of Professional Conduct (2022). *See variously, e.g.*, Rules 3.1, 3.3(a), 3.4(a)(4)/(5).

At the outset, I acknowledge that Mr. Iannarelli has attested before this tribunal to a significant mental and/or physical condition, which it appears, from his description, interferes with his ability to observe and/or process information and navigate computer interfaces. *See e.g.* D.I. 97.1, pages 11-14 of 62, particularly ¶¶ 11, 12, 15. I must recognize that the false statements discussed below might possibly be caused by Iannarelli's condition (as opposed to, for example, dishonesty). However, I nonetheless understand, given that Iannarelli continues to serve as counsel in this case, that Rule 8.3(a) nonetheless compels me to raise the false statement situation to the tribunal's attention, even if it may alternately be caused by a physical and/or mental condition. NY Rules of Professional Conduct, Rule 1.16(b)(2) ("Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when [] the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client").

False Statements by Iannarelli in Second Circuit Docket Item D.I. 113

Mr. Iannarelli states, under penalty of perjury (see preamble), that:

> The district court below dismissed without prejudice the complaint against defendant-appellee Eric M. Eisenberg, (hereinafter defendant-appellee Eisenberg) with leave to amend. . . .

(Second Circuit D.I. 113.1, ¶ 3); and

> As for the City defendants-appellees, the district court dismissed with prejudice on all counts and without leave to amend. That is a final Order . . .

(Second Circuit D.I. 113.1, ¶ 4).

These are both false statements. To the contrary, the District Court held, on August 19, 2024, in clear language not easily misinterpreted, in relevant part, as follows:

JESSICA G. L. CLARKE, United States District Judge:

This case is referred to Magistrate Judge Figueredo for general pretrial purposes and dispositive motions requiring a report and recommendation. ECF No. 40. Defendants Eric Adams, Rohit T. Aggarwala, and the New York City Department Of Environmental Protection (collectively, the "City Defendants") and Defendant Eisenberg both filed motions to dismiss. ECF Nos. 24 and 41. On June 5, 2024, Judge Figueredo recommended that both motions be granted and that Plaintiffs be granted leave to amend Counts II, III, and V of the Complaint. ECF No. 72 ("R&R") at 20. The Court hereby ADOPTS the R&R in its entirety.

. . .

Defendant Eisenberg asks that the Complaint be dismissed with prejudice due to problematic behavior by Plaintiffs and their counsel. ECF Nos. 74 and 84. The Court has previously admonished Plaintiffs for violation of the Court's Individual Rules and deadlines. ECF No. 39. Plaintiffs are warned that further disregard for the Court's Individual Rules and deadlines may result in sanctions, including dismissal with prejudice. However, the R&R appropriately weighed the factors a court should consider when determining if Plaintiffs should be granted leave to replead at this juncture. Plaintiffs shall have **one opportunity** to amend with respect to Counts II, III, and V of the Complaint.

. . .

Thus, the R&R is ADOPTED in its entirety. Counts I and IV of the Complaint are DISMISSED with prejudice. Counts II, III, and V are DISMISSED without prejudice. The deadline for Plaintiffs to file a second amended complaint in compliance with this Order is **September 16, 2024.**

S.D.N.Y. D.I. 85, Order adopting R&R (reproduced in various of the many appendices Plaintiffs submitted to this Court).

That is, the district court below clearly dismissed with prejudice Counts I and IV, (for Violation of Section 1983 and Infliction of Emotional Distress, respectively[3]) without leave to replead, and dismissed without prejudice, and with leave to replead, Counts II, III and V. This is directly contrary to Counsel Iannarelli's sworn statements that with-and-without-prejudice status was on a per-defendant basis (as opposed to a per-count basis).

Iannarelli may (or may not) be clearly misrepresenting the District Court's holding in order to make a stronger argument for finality as against the City defendant-appellees and thus for appellate jurisdiction as against them.

False Statement by Iannarelli in Second Circuit Docket Item D.I. 116.2

At D.I. 116.2, ¶ 2, Iannarelli affirms, again under penalty of perjury (see preamble), that:

> 2. On April 2, 2025, I served plaintiff-appellants' same document to defendant-appellee Eric M. Eisenberg via email @ ericeis@gmail.com & ericnoise@hotmail.com; and

The referenced document is "plaintiffs-appellants' request to file their Response out-of-time to New York City defendant-appellees declaration in Partial Opposition." D.I. 116.2, ¶ 1.

However, I have not yet received a single email from Iannarelli, during the month of April, at these email addresses. It would be a bizarre occurrence if Mr. Iannarelli sent an email from his anilaw2@gmail.com email address and it did not near-instantaneously arrive at either of my email addresses, including one that is also within Google's 'gmail' email system.

Accordingly, it appears that Mr. Iannarelli spoke falsely when he made this claim as to email service.

**Conclusion**

I defer to the Court as to proper handling of the above information, and respectfully submit that I have complied with my misconduct reporting obligations under NY Rules of Professional Conduct, Rule 8.3(a) with respect to the above false or apparently false statements of Iannarelli discussed herein, that appear, including in the context of his continued representation despite his mental and/or physical condition as well as in the context of his repeated failures to follow proper procedures during the instant appeal, to call into question Iannarelli's honesty, trustworthiness, and/or fitness as a lawyer.

---

[3] At least considering these two counts (I and IV) collectively, all defendants were identified. The same holds for counts II, III and V, considered collectively.

| | |
|---|---|
| Dated :<br>April 3, 2025 | Respectfully submitted,<br><br>/s/     *Eric M. Eisenberg*<br>Eric M. Eisenberg<br>(*Pro Se*)<br>1300 S Miami Avenue<br>Unit 1408<br>Miami, FL 33130<br>(646) 801-6705<br>ericeis@gmail.com |

cc (by email): Anthony Nicholas Ianarelli, Jr. - anilaw2@gmail.com (Plaintiffs' Counsel)
David Alan Rosinus, Jr. - nycfedapp@law.nyc.gov; arosinus@law.nyc.gov
Genan Zilkha - gzilkha@law.nyc.gov
Kerri Devine - kdevine@law.nyc.gov
(Counsel for City Defendants)