# 24-2370

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

| | |
|---|---|
| Mohamed John Akhtar, La Buca Restaurant, Inc., DBA Swing 46 Jazz and Supper Club, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric M. Eisenberg, <br><br> Defendants - Appellees, <br><br> Jane Does 1-30, John Does 1-30, <br><br> Defendants. | No. 24-2370 <br><br> Affirmation of Anthony N. Iannarelli Jr., attorney for Plaintiffs appellants in Response in Opposition to defendant-appellee Eric M. Eisenberg's Letter of April 3, 2025 |

Anthony N. Iannarelli Jr., of full age and the attorney for plaintiff-appellants herein, affirms under the penalty of perjury to the following:

1. I am the attorney for plaintiffs-appellants Mohamed John Akhtar

1

and La Buca Restaurant, Inc., DBA Swing 46 Jazz and Supper Club and offer this affirmation in Opposition to defendant-appellee Eric M. Eisenber's letter to the court dated April 3, 2025.

2. It is noteworthy that Mr. Eisenberg has been admonished for making similar meritless filings concerning this case by the district court. See, Order dated March 27, 2025, entered by the Hon. Valerie Figuredo, U.S. Magistrate Judge, attached as Exhibit 1.

3. It is quite ironic that Mr. Eisenberg complains that he never received a document, when he refers to that very same document in his letter of today's date. Because Mr. Eisenberg has complained in the past that he needs supplement service because he could not utilize court's electronic filing, plaintiffs-appellants have served their filings by U.S. Postal Service mail to both his legal address in New York, and his preferred address in Miami, Florida. Additionally, and as a courtesy, he is also sent pleadings to two email addresses.

4. The mailings were sent by regular mail on April 2, 2025, not express mail, so there is no doubt that Mr. Eisenberg could not have come in possession of the document by the United States mail. If for whatever reason Mr. Eisenberg did not receive the document through email, for example, an electronic transmission failure, they have been sent once

2

again by me today, April 3, 2025. In addition to the document Mr. Eisenberg already has in his possession, he will have two more sent today for each of the two email addresses, and he will received an additional two more by regular mail.

    5. More troubling is the fact that Mr. Eisenberg once again makes use of my personal medical information, and after he has been asked several times not to do so. See p. 2, ¶ 3 of the Eisenberg letter of April 3, 2025. I originally released that information to rebut Mr. Eisenberg's allegations that I had engaged in some sort of misconduct over not filing an amended complaint timely as had been directed by the district court. What I explained to this Court is that the filing was timely, it was just that there were numerous modifications made through refiling, but to correct ministerial errors. I also explained that because of a visual impairment, I was granted an accommodation, and I was permitted to refile an amended complaint several times as that accommodation.

    6. When I made that disclosure I did so with the understanding it would not be utilized for any other purpose. And the only reason I did so, was to rebut another of Mr. Eisenberg's many allegations that I engaged in misconduct. I had the right to do so under seal, but I knew that would be opposed and I did not want the issue to become a distraction to the case.

3

But I made it abundantly clear that I was not waving my right to privacy, and my personal medical information was not to be used for any other purpose.

7. Yet Mr. Eisenberg went ahead and used that information in an attempt to have me removed as counsel for plaintiffs in the district court. The district court made a finding that his motion was "meritless." Exhibit 1, pp. 1 & 2. In that Order, the district court also makes reference to Mr. Eisenberg "numerous filings," and it is apparent he was attempting to humiliate me because because of my disability. He was so adamant in attempting to damage my credibility, as he is attempting herein, that he continued unabated, and as the court put it, made "multiple filings in a single day." *id*. at 1.

8. I find it very disturbing that Mr. Eiseberg that would make a statement before this Court suggesting there exists an impediment to representing my clients because of a "...significant mental and/or physical condition..." How dare he make such a statement when there are rules and laws against doing that very thing. He offers an opinion that only a physician would be qualified to make. One has to wonder if he would have said that before the late Hon. Richard C. Casey, a justice who happened to

4

be blind, who served with distinction in the U.S. District Court for the South District of New York.

9. I have never made a request for sanctions against Mr. Eisenberg in neither the district court, nor before this Court. It is not of my business to reform or reign in Mr. Eisenberg, and I only reported to the district court Mr. Eisenberg's conduct when he elevated his harassment to outright threats. And in spite of the district court's admonishments, Mr. Eisenberg continues.

10. I am truly sorry that the Court even has to review this material, but I have no choice but to respond. For any errors I may have made, none were not intentional. I only ask this Court to allow plaintiff-appellants the opportunity to have the merits of their claims adjudicated to finality.

I affirm to the truth of the foregoing and am aware that I can be subject to punishment for any statement knowingly made false.

Dated: April 03, 2025

Anthony N. Iannarelli Jr.
Attorney for Plaintiffs

Exhibit 1. Order of the Hon. Valerie Figueredo, U.S. Magistrate Judge
Dated March 27, 2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                              Plaintiffs,              23-CV-06585 (JGLC) (VF)

            -against-                               **ORDER**

ROHIT AGGARWALA et al.,

                              Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       On March 26, 2025, Defendant Eric M. Eisenberg filed a motion for an extension of time to answer. ECF No. 167. Defendant argues that an extension is warranted for five reasons: (1) Defendant did not request an extension to respond to the original complaint; (2) Plaintiffs exhibited dilatory conduct in filing and serving the amended complaint; (3) Defendant's objection to the Court's order authorizing e-mail service is pending before Judge Clarke; (4) Defendant is "exhausted, largely due to Plaintiffs' conduct"; and (5) Defendant has "time consuming work in the patent space" in his capacity as an attorney. Id. at 1-3. It is within the sole discretion of the Court whether to grant an extension of time. See, e.g., Wood v. Mut. Redevelopment Houses, Inc., No. 22-CV-9493 (AT) (VF), 2024 WL 4164485, at *3 (S.D.N.Y. Sept. 12, 2024) (citing Adu Beniako v. Maimonides Med. Ctr., 8 F. App'x 43, 44 (2d Cir. 2001) (summary order)); see also Winkler-Koch Eng'g Co. v. Universal Oil Prods. Co. (Del.), 79 F. Supp. 1013, 1021 (S.D.N.Y. 1947) (denying request for an extension of time to file answer).

       In the last 26 days—that is, between March 1, 2025, and the date of this order—Defendant has filed 15 letters or motions on the docket. See ECF Nos. 134, 136, 137, 139, 150, 152, 154, 155, 157, 158, 160, 162, 166, 167, 171. On several occasions, Defendant has filed

multiple filings in a single day. See, e.g., ECF No. 154, 155, 157. These filings have ranged from a meritless motion to compel Plaintiffs' counsel to withdraw (see ECF Nos. 136, 152, 157, 161) to letters correcting typos in Plaintiffs' filings and pointing out that Plaintiffs' counsel selected the wrong caption for a letter-motion on the Court's electronic case filing system. See, e.g., ECF No. 154 at 2 (noting that Plaintiffs' counsel mistakenly dated a filing "March 20, 2024"); ECF No. 166 (noting that the document description for Plaintiffs' filing at ECF No. 165 inaccurately indicates the filing is a "letter," when it is actually a "letter-motion"). Moreover, Defendant, who is a practicing attorney, (see, e.g., ECF No. 143 at 32; ECF No. 167 at 3), has unreasonably continued to fight service of the amended complaint despite being plainly aware of the action and attempting to invoke the Court's jurisdiction to seek affirmative relief, in the form of a motions to compel and for sanctions (see ECF No. 162).

Defendant's conduct has unnecessarily multiplied this proceeding. At a minimum, Defendant's myriad filings demonstrate that Defendant has ample time to respond to Plaintiffs' amended complaint by **April 9, 2025**. Defendant's request for a 30-day extension is **DENIED**. The Clerk of Court is directed to terminate the motion at ECF No. 167.

**SO ORDERED.**

DATED:   New York, New York
         March 27, 2025

                                                    _____
                                                    VALERIE FIGUEREDO
                                                    United States Magistrate Judge

2