UNITED STATES COURT OF APPEALS FOR
THE SECOND CIRCUIT
_____
|
MOHAMED JOHN AKHTAR and LA BUCA     |
RESTAURANT, INC. DBA SWING 46 JAZZ  |
AND SUPPER CLUB,                    |
                Plaintiffs-Appellants |
|
-against-                  |   24-2370
|
ERIC ADAMS, Mayor of the City of New |
York, ROHIT T. AGGARWALA, NEW YORK   |
CITY DEPARTMENT OF ENVIRONMENTAL     |
PROTECTION, and ERIC M. EISENBERG[1] |
|
                Defendants-Appellees |
|
and |
|
ERIC I. EISENBERG,[2] JANE DOES 1-30, and |
JOHN DOES 1-30, |
|
                Defendants |
_____|

United States Court of Appeals for the Second Circuit
By email: prosecases@ca2.uscourts.gov

**REPLY LETTER FROM ERIC M. EISENBERG REGARDING APPARENT BREACHES OF PROFESSIONAL RESPONSIBILITY OBLIGATIONS BY PLAINTIFFS' COUNSEL, WITH RESPECT TO FALSE STATEMENTS IN SECOND CIRCUIT DOCKET ITEMS D.I. 113.1 (MARCH 31, 2025) AND D.I. 116.2 (APRIL 2, 2025)**

---

[1] The undersigned does not necessarily agree that he is properly a "Defendant-Appellee," but includes his name in the above caption in the manner most recently specified by the Court (see 2nd Cir. Docket Entry 68) for the Court's convenience.

[2] Per 2nd Cir. Docket Entry 68, Eric I. Eisenberg (who was named in the original Complaint that is the subject of this appeal) is a "Defendant."

1

To whom it may concern at United States Court of Appeals for the Second Circuit:

I submit this letter in reply to Anthony N. Iannarelli, Jr., Esq.'s (hereinafter, "Iannarelli") April 3, 2025 response (2nd Cir. D.I. 118) to my letter of April 3, 2025 (2nd Cir. D.I. 117), which letter I submitted pursuant to my duty under NY Rules of Professional Conduct, Rule 8.3(a), to report apparent violations of the NY Rules of Professional Conduct by Iannarelli that I believed likely raised a substantial question as to Iannarelli's honesty, trustworthiness, or fitness as a lawyer. In particular, my letter focused on false statements at 2nd Cir. D.I. 113.1 and 2nd Cir. D.I. 116.2, by which Iannarelli misrepresented the nature of the district court's dismissal and misrepresented that Iannarelli emailed me a document that he had not emailed me. It was unclear to me whether the false statements were due to dishonesty or Mr. Iannarelli's asserted physical and/or mental condition, and I indicated as much in my letter.

Mr. Iannarelli's April 3, 2025 response shows a remarkable lack of candor to this Court. Rule 3.3(a)(1) of the New York Rules of Professional Conduct (2022) provides, *inter alia*, that "A lawyer shall not knowingly . . . fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Yet, rather than correct the false statements at D.I. 113.1 and D.I. 116.2 that have been squarely brought to his attention as a result of my Rule 8.3(a) letter, or even directly address those statements and their veracity, Iannarelli has attacked my motivations and attempted to distract from the false statements themselves.

At ¶¶ 2, 7 and 9 and Exhibit 1 of his letter, Iannarelli submits and references a March 27, 2025 Order from the Magistrate Judge in the case below, denying my request for extension of time to answer or move with respect to the amended complaint. However, Iannarelli neglects to inform this appellate body that, on April 2, 2025, the Magistrate Judge reopened that order and reversed herself, granting the requested extension of time in part. *See* Exhibit A hereto. Moreover, a magistrate judge clearly cannot control the Second Circuit Court of Appeals' exercise of its own authority to regulate the truthfulness of statements made before it.

At ¶ 3 of his letter, Iannarelli states "It is quite ironic Mr. Eisenberg complains that he never received a document, when he refers to that very same document in his letter of today's date." I did not complain that I never received a document. I brought to this appellate body's attention that Iannarelli falsely swore to having emailed me a document. Indeed, I further clarified to Iannarelli how I obtained the document well prior to him filing his April 3, 2025 response, although Iannarelli neglected to reference this clarification. *See* Exhibit B hereto (including, *inter alia*, 3:00 PM communication: "Dear Mr. Iannarelli, I obtained the documents by going online. I have to constantly check online, at my own time and expense, because you do not serve me as indicated.") Iannarelli also vaguely asserts that "he is also sent pleadings to two email addresses," but declines to directly address whether he sent the particular document at issue to me by email on April 2, 2025 as he swore to.[3] I have repeatedly asked Iannarelli to directly confirm whether or not he sent any emails to me on April 2, 2025, and to forward any

---

3 Iannarelli, instead of directly addressing whether or not he actually sent an April 2, 2025 email as he swore to, goes on to present a carefully worded hypothetical at ¶ 4 of his letter: "If for whatever reason Mr. Eisenberg did not receive the document through email, for example, an electronic transmission failure . . .".

2

allegedly emails he allegedly sent on such date to me, and he has repeatedly dodged the questions and failed to do as requested. *See* Exhibit B and Exhibit C hereto, each of which is a complete email chain between Iannarelli and myself. It is clear that Iannarelli never sent me any April 2, 2025 email.

Beyond this runaround as to the, clearly nonexistent, April 2, 2025 service email, Iannarelli *never even addresses* how he could have so misrepresented the district court's dismissal order.

Iannarelli makes broad, but unexplained, accusations as to my motivations for citing the physical and/or mental condition that Iannarelli himself offered to this Court. Iannarelli states, at ¶ 8 of his letter, "I find it very disturbing," even though such a "physical and/or mental condition" is expressly relevant with respect to his compliance with New York Rule of Professional Conduct (2022) 1.16(b)(2). "How dare he make such a statement when there are rules and laws against doing that very thing" Iannarelli continues, (¶ 8) but declines to cite even one rule or law that would have precluded me from referencing Iannarelli's publicly asserted condition in a Rule 8.3(a) letter as a possible reason (other than simple dishonesty) for why he has been making false statements to this appellate body. Iannarelli is correct that I am not a physician (¶ 8), but neither is Iannarelli, and that fact has not kept Iannarelli from opining on how his condition has interfered with his performance of basic legal tasks. Of course there are individuals who are able to overcome physical and/or mental conditions and serve as excellent jurists and advocates, but what is at issue here is Iannarelli's clearly false statements, and regardless of whether the cause is dishonesty or his condition (or some combination), there is a problem.

At ¶ 9 of his letter, Iannarelli makes the extreme claim that "Mr. Eisenberg . . . elevated his harassment to outright threats," without identifying the harassment or the threat. Of course, I cannot meaningfully respond.

Iannarelli's issues with reporting the truth in sworn filings are perhaps most clearly, and perhaps most sadly, exemplified at ¶ 10 of his letter. Iannarelli states that "For any errors I may have made, **none were not intentional**." (emphasis added) First, Iannarelli is declining to identify the errors that he has made, so that the court and the parties would have the benefit of their correction. *See* Rule 3.3(a)(1) of the New York Rules of Professional Conduct (2022) (requiring correction of false statements). Second, taking Iannarelli's statement literally, it is an admission that *all of Iannarelli's errors were intentional*.

This appellate body and the parties should not have to constantly guess at the accuracy of Iannarelli's sworn statements. Iannarelli's repeated failures to convey the truth in filings he makes, and his refusal to correct his false statements, are inconsistent with not only the fair administration of justice, but also the NY Professional Rules. While Iannarelli is correct that the district court has more-or-less forgiven other of Iannarelli's false statements made in connection with district court proceedings, the role of the Second Circuit is not merely to rubberstamp the district court and follow its lead.

3

Dated :  
April 4, 2025

Respectfully submitted,

/s/     *Eric M. Eisenberg*  
Eric M. Eisenberg  
(*Pro Se*)  
1300 S Miami Avenue  
Unit 1408  
Miami, FL 33130  
(646) 801-6705  
ericeis@gmail.com

cc (by email): Anthony Nicholas Ianarelli, Jr. - anilaw2@gmail.com (Plaintiffs' Counsel)  
David Alan Rosinus, Jr. - nycfedapp@law.nyc.gov; arosinus@law.nyc.gov  
Genan Zilkha - gzilkha@law.nyc.gov  
Kerri Devine - kdevine@law.nyc.gov  
(Counsel for City Defendants)

4

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. d/b/a SWING 46 JAZZ
AND SUPPER CLUB,

                              Plaintiffs

-against-

ERIC M. EISENBERG and JOHN AND JANE
DOES ONE THROUGH THIRTY,

                              Defendants

_____

23-CV-6585 (JGLC) (VF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: 4/2/2025

The relief requested herein is GRANTED in part. Defendant is directed to respond to the amended complaint by **April 23, 2025**. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 177.

**ERIC M. EISENBERG'S LETTER MOTION TO REOPEN ORDER REGARDING REQUEST FOR 30-DAY EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT**

Dear Magistrate Judge Figueredo,

    I write to respectfully request that Your Honor reopen your denial of my request for a 30-day extension of time to respond to the Amended Complaint, especially in light of new developments.

    Initially, I note that I have been in an extremely distraught emotional state ever since Your Honor decided to take no action with respect to Plaintiffs physically hitting me on the sidewalk in front of Swing 46, or to protect me from such harm in the future. As you may know, I suffer PTSD as a result of a group assault on my person, which likewise occurred on the sidewalk, and the Court's indifference to this situation has, given my condition, made me even more deeply fearful for my physical safety. After learning of Your Honor's decision, I began frantically working on 72(a) objections to seek the protection from physical violence that Your Honor refused me. *See* D.I. 171. Given my panic, I was unable to sleep until well after 4:00 A.M. last night. In this state, I am very much concerned about my ability to prepare proper paperwork by April 9th, especially if I am to attend to other professional obligations. I would also expect that denial of a first request for extension of time to answer or move is extremely rare, and would kindly ask that Your Honor carefully think about the reasons for your decision.

    I am sorry that Your Honor takes exception to my, admittedly numerous, attempts to comply with my mandatory obligations under NY Rule of Professional Conduct 8.3(a) by reporting what I perceive as misconduct to this tribunal. It is my understanding that making false representations to the Court or other parties, and representing a client while having a serious mental and/or physical condition that materially impairs basic tasks such as accurately reporting information to the Court, runs afoul of the Professional Rules and must be reported. I tried to be exhaustive as to false statements and inaccuracies by Plaintiffs' Counsel, as I believed they were

1

relevant to evaluating what appeared to me to be misconduct. I understand that Your Honor may have a different position as to what should be reported, and I appreciate that Your Honor has spent significant time reviewing the filings. I spent significant time making the filings, and tried to be as detailed and thorough as possible. I respectfully disagree as to whether any of them were meritless, even though Your Honor may have issued denials. For example, with respect to D.I. 157, Your Honor appears not to have even provided any specific explanation for denying that motion, involving specific false statements made by counsel for Plaintiffs as to public availability of my birth date in government records. See NY Rule of Professional Responsibility 4.1 (regarding false statements to third parties). In any event, again, my understanding was I was affirmatively required by Rule 8.3(a) to make the filings, *e.g.* when I found that Plaintiff's counsel was making false statements.

      I also believe that I am entitled to present arguments, technical or otherwise, regarding improper service, especially the meritorious ones that this Court has on plural occasions previously agreed with, as to both the original and the amended complaint. While I understand that Your Honor and I currently disagree as to the propriety of email service under these circumstances, a matter awaiting further review, I do not believe our disagreements on certain aspects of the law to be a reason to force me to answer or move on such a tight timeline, especially given my other professional obligations, the numerous extensions granted to other litigants in this proceeding, and my current emotional state and fear, whether or not rational, given my PTSD condition, of further attacks from plaintiffs.

Dated (and executed in):                          Respectfully submitted,
March 27, 2025 (Miami, Florida)

                                              s/     *Eric Eisenberg*
                                              ERIC M. EISENBERG
                                              (646) 801-6705
                                              1300 South Miami Avenue
                                              Unit 1408
                                              Miami, FL 33130
                                              ericeis@gmail.com

cc: all parties on ECF

# Exhibit B

# Gmail

Eric Eisenberg <ericeis@gmail.com>

## Motion with Affirmation of Service

**Eric Eisenberg** <ericeis@gmail.com>  Thu, Apr 3, 2025 at 8:15 PM
To: Anthony Iannarelli <anilaw2@gmail.com>

Please answer my question. Did you email me on April 2, 2025 or not?

> On Thu, Apr 3, 2025 at 8:12 PM Anthony Iannarelli <anilaw2@gmail.com> wrote:
> Dear Mr. Eisenberg, Read my response to your letter.  Anthony Iannarelli
>
>> On Thu, Apr 3, 2025 at 6:32 PM Eric Eisenberg <ericeis@gmail.com> wrote:
>> Dear Mr. Iannarelli,
>>
>> Before I respond to your below email, can you please confirm you did not send me any emails on April 1st or 2nd?
>>
>>> On Thu, Apr 3, 2025 at 6:22 PM Anthony Iannarelli <anilaw2@gmail.com> wrote:
>>> Dear Mr. Eisenberg,  Are you now admitting that you have access to, and utilize, the Court's electronic filing?   The Circuit Court asked me to use the U.S. Mail because you claimed you could not use, or have access to, electronic filing.   How would you like to be served pleadings for the 2nd Circuit?  Thank you. Anthony Iannarelli
>>>
>>>> On Thu, Apr 3, 2025 at 5:49 PM Eric Eisenberg <ericeis@gmail.com> wrote:
>>>> I am also taking the below response from you as your admission that you did not send me any emails on April 1 or April 2, 2025.
>>>>
>>>> If I misunderstood and you did actually send me any emails on those dates, please let me know, and please forward same to me.
>>>>
>>>>> On Thu, Apr 3, 2025 at 5:27 PM Eric Eisenberg <ericeis@gmail.com> wrote:
>>>>> If you are so concerned about defamation and libel, perhaps you should stop spreading lies about me touching your clients' speaker and windows.
>>>>>
>>>>> I will take the below as your attempt to scare me away from reporting your misconduct to the tribunal.
>>>>>
>>>>>> On Thu, Apr 3, 2025 at 5:21 PM Anthony Iannarelli <anilaw2@gmail.com> wrote:
>>>>>>     Mr. Eisenberg,  I have told you a number of times now that you may not disclose my personal medical information for any reason.  Yet, when I read your letter of today's date to the 2nd Circuit, you do that very thing that you have been told not to do. Further, you offer an opinion on my abilities as an attorney for which you hold none of the proper credentials.  You tried this in the district court and you were admonished for doing so.
>>>>>>     You are a lawyer, so I trust you are familiar with libel and defamation law. I am going to ask you once again to refrain from this intentional, wrongful behavior.  Anthony Iannarelli, Esq.
>>>>>>
>>>>>>> On Thu, Apr 3, 2025 at 3:00 PM Eric Eisenberg <ericeis@gmail.com> wrote:
>>>>>>> Dear Mr. Iannarelli,
>>>>>>>
>>>>>>> I obtained the documents by going online. I have to constantly check online, at my own time and expense, because you do not serve me as indicated.
>>>>>>>
>>>>>>> You have not previously emailed me this month, aside from your email below.
>>>>>>>
>>>>>>> Please forward me any alleged emails that you claim to have made to me earlier this month.
>>>>>>>
>>>>>>> Best,
>>>>>>> Eric
>>>>>>>
>>>>>>>> On Thu, Apr 3, 2025 at 2:56 PM Anthony Iannarelli <anilaw2@gmail.com> wrote:
>>>>>>>> Dear Mr. Eisenberg,  If  for some unknown reason you did not receive the attached yesterday, here are the documents..   Obviously, you received them,  because you responded today, April 3, 2025, to the very same document you claim you did not have in your possession.

> > I believe the district court has already rendered an observation as to your meritless filings. See Order dated March 27, 2025.   If you didn't get the Order, or forgot about it, you can find it at ECF 174.
> >
> > Anthony Iannarelli
> > --
> > Anthony N. Iannarelli Jr.
> > Attorney at Law
> > 201-236-1838
> > anilaw2@gmail.com
>
> --
> Anthony N. Iannarelli Jr.
> Attorney at Law
> 201-236-1838
> anilaw2@gmail.com
>
> --
> Anthony N. Iannarelli Jr.
> Attorney at Law
> 201-236-1838
> anilaw2@gmail.com

--
Anthony N. Iannarelli Jr.
Attorney at Law
201-236-1838
anilaw2@gmail.com

# Exhibit C



Eric Eisenberg <ericeis@gmail.com>

## Response in Opposition to Eric Eisenberg's letter of 4/3/2025

**Eric Eisenberg** <ericeis@gmail.com>  Thu, Apr 3, 2025 at 6:40 PM
To: Anthony Iannarelli <anilaw2@gmail.com>
Cc: Eric Eisenberg <ericnoise@hotmail.com>

> Did you send me an email on April 2, 2025?
>
> If so, please forward it to me, as I did not receive any such email.
>
> On Thu, Apr 3, 2025 at 6:30 PM Anthony Iannarelli <anilaw2@gmail.com> wrote:
>> Dear Mr. Eisenberg, Since you claim you have not received the email of April 2, 2025, I am going to ask that you send confirmation that you received this one, and the one I sent you earlier today.  Recall plaintiffs-appellants had no duty to serve you by email for the 2nd Circuit filings, it would be helpful if you would acknowledge receipt.
>> Anthony Iannarelli, Attorney for plaintiffs-appellants
>>
>> --
>> Anthony N. Iannarelli Jr.
>> Attorney at Law
>> 201-236-1838
>> anilaw2@gmail.com